IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

Ritu Bhambhani, M.D.

    Plaintiff(s)

vs.                                                      Civil Action No.   RDB-19-0355

Innovative Health Solutions, Inc., et al.

    Defendant(s)

\*\*\*\*\*\*

**JOINT SCHEDULING ORDER**

This scheduling order is being entered pursuant to Local Rule 103.9.  Any inquiries concerning the schedule should be directed to my chambers, not to the Clerk's Office.  **The schedule will not be changed except for good cause.**

Counsel for Plaintiff Ritu Bhambhani, M.D. ("Plaintiff") and Defendant Innovative Health Solutions, Inc. ("IHS") have met and conferred about the Court's initial scheduling order and, pursuant to the e-mail direction from Chambers dated July 31, 2020, Plaintiff and IHS respectfully submit this Proposed Joint Scheduling Order for the Court's consideration.  The schedule set forth below is a bifurcated schedule, with class discovery proceeding prior to merits discovery.

No party consents to proceeding before a Magistrate Judge at this time.  Pursuant to Local Rule 104.1, the Plaintiff and IHS have agreed that there shall be no limit on the number of requests for production served.  Requests for admission (other than requests propounded for the purpose of establishing the authenticity of documents or the fact that documents constitute business records) shall be limited so that each party may serve up to 45 requests on any other party.  In other words, by way of example, Plaintiff may serve up to 45 non-authentication/non-business record requests on IHS, and another 45 on another defendant that may appear in the case.

This case is subject to electronic filing.  Please familiarize yourself with the procedures for electronic filing available at: www.mdd.uscourts.gov.  You must use the electronic filing system for filing documents with the Clerk and sending case related correspondence to chambers.  **When you electronically file a document that, including attachments, is 15 pages or longer, you also must provide a paper copy of the document and a paper copy of the notice of electronic filing.**  The paper copy should be sent to the Clerk's Office, not directly to my chambers.

I.  DEADLINES

A.  Class Discovery

| | |
|---|---|
| August 28, 2020: | Plaintiff to file an Amended Complaint, with the consent of IHS.  IHS otherwise preserves all of its pleading defenses under the Civil Rules. |
| September 1, 2020: | Joint request for early settlement/ADR conference (This request will not postpone discovery unless otherwise ordered.) |
| September 1, 2020 | Deadline for conference about discovery of electronically stored information.  (If either or both parties intend to take such discovery, before the conference counsel should review the Principles for the Discovery of Electronically Stored Information in Civil Cases prepared by a Joint bench/bar committee published on the court's website.) |
| September 1, 2020: | Submission of a Confidentiality Order for the Court's approval. |
| September 18, 2020: | IHS shall answer, move against, or otherwise respond to the Amended Complaint; other defendants that have not yet been served or made an appearance in the case shall answer, move, or otherwise respond to the Amended Complaint in accordance with the time period established by Civil Rule 12 or subsequent order of the Court. |
| November 17, 2020: | Moving for joinder of additional parties and further amendment of pleadings. |
| January 18, 2021: | Plaintiff's Rule 26(a)(2) disclosures. |
| March 19, 2021: | Defendant's Rule 26(a)(2) disclosures. |
| May 18, 2021: | Plaintiff's rebuttal Rule 26(a)(2) disclosures. |
| June 1, 2021: | Rule 26(e)(2) supplementation of disclosures and responses. |

| | |
|---|---|
| July 17, 2021: | Discovery deadline; submission of status report. |
| August 16, 2021: | Plaintiffs' Motion for Class Certification. |

B.  Merits Discovery

| | |
|---|---|
| 120 days from class decision: | Plaintiffs' Rule 26(a)(2) expert disclosure regarding named plaintiffs only. |
| 45 days from Plaintiffs' expert disclosure: | Defendants' Rule 26(a)(2) expert disclosure regarding named plaintiffs only. |
| 45 days from Defendants' expert disclosure: | Plaintiffs' Rule 26(a)(2) rebuttal expert disclosure. |
| 45 days from Plaintiffs' rebuttal expert disclosure: | Discovery cut-off date. |
| 60 days after discovery cut-off date: | Dispositive motions . |

## II.  DISCOVERY

Initial Disclosures

This is an action in which Fed. R. Civ. P. 26(a)(1) disclosures need not be made.

Discovery Conference

This action is exempted from the requirements of Fed. R. Civ. P. 26(d)(1) and from Fed. R. Civ. P. 26(f).  However, you are encouraged to confer with one another immediately in order to: (a) identify the issue(s), (b) set a discovery plan, (c) determine if the case can be resolved before your clients incur further litigation expense, (d) discuss any issues about preserving discoverable information, and (e) establish a cordial professional relationship among yourselves.

Procedure

All the provisions of Local Rule 104 apply, including the following:

    a.    All discovery requests must be served in time to assure that they are

3

answered before the discovery deadline. An extension of the deadline will not be granted because of unanswered discovery requests.

b.   The existence of a discovery dispute as to one matter does not justify delay in taking any other discovery. The filing of a motion to compel or a motion for a protective order will not result in a general extension of the discovery deadline.

c.   No discovery materials, including Rule 26(a)(1) and Rule 26(a)(2) disclosures, should be filed with the court.

d.   Motions to compel shall be filed in accordance with Local Rule 104.8 and applicable CM/ECF procedures.

e.   Please be familiar with the Discovery Guidelines of this Court which are Appendix A to the Local Rules. Appendix D contains guidelines for form discovery requests and confidentiality orders that may be helpful to you.

Deposition Hours

Plaintiff and IHS have met and conferred on the number of deposition hours with respect to fact witnesses. Preliminarily, the parties have agreed that each side shall be afforded 70 hours of deposition (10 depositions for each side at 7 hours per deposition) for class discovery purposes. If class certification is granted, the parties further agree that each side will be afforded 35 hours of depositions (5 depositions for each side at 7 hours per deposition) for post-class discovery. If class certification is denied, each side shall be afforded 14 hours of depositions (2 depositions per side at 7 hours per deposition) for post-class discovery. If there are two or more parties on a particular side, they must share the deposition time allotted to their side unless upon your request I otherwise rule. Any colloquy engaged in by counsel shall be counted against his/her client's deposition time. The parties may extend these deposition times upon agreement. This limitation on the total number of depositions does not apply to a party's ability to depose another party's expert witness(es).

### III.  STATUS REPORT

The parties shall file on the day of the discovery deadline a status report covering the following matters:

a.   Whether discovery has been completed;

b.   Whether any motions are pending;

c.   Whether any party intends to file a dispositive pretrial motion;

d.   Whether the case is to be tried jury or non-jury and the anticipated length of trial;

  e. A certification that the parties have met to conduct serious settlement negotiations; and the date, time and place of the meeting and the names of all persons participating therein;

  f. Whether each party believes it would be helpful to refer this case to another judge of this court for a settlement or other ADR conference, either before or after the resolution of any dispositive pretrial motion;

  g. Whether all parties consent, pursuant to 28 U.S.C. § 636(c), to have a U.S. Magistrate Judge conduct all further proceedings in this case, either before or after the resolution of any dispositive pretrial motion, including trial (jury or non-jury) and entry of final judgment.

  h. Any other matter which you believe should be brought to the court's attention.

## IV.  DISPOSITIVE PRETRIAL MOTIONS

If more than one party intends to file a summary judgment motion, the provisions of Local Rule 105.2.c apply.

After motions and responses thereto have been filed, I will advise you if a hearing is to be scheduled.

## V.  STATUS AND PRETRIAL CONFERENCES

I will set a scheduling conference after the status report has been filed, unless that report indicates that one or more of you intends to file a dispositive pretrial motion.  In the latter event I will not set a scheduling conference until after I have ruled upon the motion (or the dispositive pretrial motion deadline passes without the anticipated motion being filed).

At the scheduling conference:

  a. I will set a deadline for submitting the pretrial order, motions in limine, proposed voir dire questions and proposed jury instructions;

  b. I will set a pretrial conference date and a trial date; and

  c. I will ask you whether a settlement or other ADR conference with a judicial officer would be useful, and whether all parties would consent to trial (jury or non-jury) before a U.S. Magistrate Judge.  **Please confer with your client about these matters before the conference so that you are in a position to respond.**

## VI. ATTORNEYS' FEES

In any case where attorneys' fees may be sought by the prevailing party, counsel must be familiar with the provisions of Local Rule 109.2 and the Rules and Guidelines for Determining Attorneys' Fees in Certain Cases which are Appendix B to the Local Rules.

## VII.  COMPLIANCE WITH LOCAL RULES AND CM/ECF PROCEDURES

The court will demand compliance with the Local Rules and CM/ECF procedures. If you need to obtain a copy of the Local Rules or the CM/ECF procedures, they are available on our website at www.mdd.uscourts.gov.

## VIII.  COMPLIANCE WITH PRIVACY PROTECTION RULE

Counsel are reminded that the Federal Rules of Civil Procedure were amended, effective December 1, 2007, with the addition of a new Rule 5.2 which has detailed requirements requiring the redaction of filings with this court that contain an individual's social security number, tax payer identification number, or birth date, the name of an individual known to be a minor, or a financial account number. It is essential that counsel comply with this rule and with the revised version of the Judicial Conference Privacy Policy adopted in March 2008. For further information on the Judicial Conference Privacy Policy see:
http://www.mdd.uscourts.gov/news/news/privacy_memo.pdf.


Date:  August 10, 2020                    /s/
                                          Richard D. Bennett
                                          United States District Judge


2944379.2