IN THE UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

| | |
|---|---|
| RITU BHAMBHANI, M.D. and SUDHIR RAO, M.D. *on behalf of themselves and on behalf of all others similarly situated*, <br><br> *Plaintiffs*, <br><br> - v. - <br><br> INNOVATIVE HEALTH SOLUTIONS, INC., et al., <br><br> *Defendants*. | Civil Action No. 1:19-cv-00355-RDB |

**PLAINTIFFS' UNOPPOSED MOTION FOR
A LIMITED EXTENSION OF SCHEDULING ORDER DEADLINES**

Plaintiffs Dr. Ritu Bhambhani, M.D. and Dr. Sudhir Rao, M.D. (the "Plaintiffs"), on behalf of themselves and the putative class, by and through their undersigned counsel, respectfully request that the Court grant a limited extension of scheduling order deadlines (ECF No. 43), as set forth in the attached proposed order, pursuant to Fed. R. Civ. P. 16(b)(4). In support of this motion, Plaintiffs state as follows:

1. Pursuant to Fed. R. Civ. P. 16(b) and Local Rule 103.9(b), the Court set an Initial Scheduling Order on July 21, 2021 (ECF No. 41). After submission of a joint letter regarding this Order, the Court entered the operative Joint Scheduling Order on August 10, 2021 (ECF No. 43).

2. Under the current schedule, class discovery in this matter is set to close on July 17, 2021, with a status report due at that time. *Id.* The deadline for requests for Plaintiffs' Motion for Class Certification is currently due August 16, 2020. *Id.*

3. Under Fed. R. Civ. P. 16(b)(4) a scheduling order "may be modified only for good cause and with the judge's consent." The Joint Scheduling Order itself also reiterates this rule

stating: "The schedule will not be changed except for good cause." *See Potomac Elec. Power Co. v. Electric Motor Supply, Inc.*, 190 F.R.D. 372, 375 (D. Md. 1999)

4. "Properly construed, 'good cause' means that scheduling deadlines cannot be met despite a party's diligent efforts." *Dilmar Oil Company, Inc. v. Federated Mutual Insurance Company*, 986 F. Supp. 959, 980 (D.S.C. 1997), *aff'd by unpublished opinion*, 129 F.3d 116 (4th Cir. 1997) (quoting authority). "Carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief." *Potomac Elec. Power Co.*, 190 F.R.D. at 375 (*citing Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 610 (9th Cir. 1992)). "Indeed, a judge's scheduling order 'is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril.'" *Id.* (*quoting Gestetner Corp. v. Case Equipment Co.*, 108 F.R.D. 138, 141 (D. Me. 1985)).

5. Since the inception of this case, the parties who have appeared have diligently conducted discovery by producing tens of thousands of pages of written material, answering interrogatories, and working through various discovery disputes, all without having to seek the Court's intervention to date.

6. Despite counsel and *pro se* party efforts to complete discovery prior to the current deadline, additional time is needed for the following reasons:

  a. All parties have not yet taken depositions in light of extenuating circumstances caused by the spread of COVID-19. Issues related to the pandemic were particularly germane in this case as both individual plaintiffs are medical professionals, whose livelihoods have been turned upside down over the last year.

  b. Plaintiffs, Defendants Innovative Heath Solutions Inc. ("Defendant HIS"), DragonSlayer Strategies LLC ("Defendant DragonSlayer"), and Joy Long ("Defendant Long") have exchanged written discovery and are working to resolve remaining disputes concerning same without Court intervention.

  c. Plaintiffs' Third Amended Complaint (ECF No. 97), containing new facts

        and information, was only recently deemed filed on May 21, 2021 (ECF No. 97).

    d.    Defendant Innovative Health Care Solutions LLC ("Defendant IHCS") has not yet been served with the Third Amended Complaint, as Plaintiffs only recently ascertained the true identify and address of IHCS. *Id.* Plaintiffs are diligently attempting to perfect service on Defendant IHCS (*See* ECF No.'s 99, 101, 104, and 108).

    e.    Plaintiffs and Defendant IHCS have not yet had a meaningful opportunity to conduct discovery with respect to Defendant IHCS's alleged liability to Plaintiffs and information pertinent to class certification, including but not limited to the scope and breadth of any agency relationship between IHCS and IHS, or perhaps the lack thereof.

    f.    Defendant Ryan Kuhlman's ("Defendant Kuhlman") Motion to Dismiss the Third Amended Complaint (ECF No. 102) was filed on June 4, 2021 and has not yet been adjudicated. However, Plaintiffs timely opposed that motion on June 17, 2021 (ECF No. 107).

    g.    Defendant Kuhlman has not yet responded to Plaintiffs' discovery requests with respect to his alleged liability to Plaintiffs and information pertinent to class certification and continues to refuse based on the pendency of his Rule 12 motion. The parties continue to meet and confer on this issue and remain hopeful they can resolve it without Court intervention, particularly with Defendant Acclivity Medical LLC ("Defendant Acclivity") now appearing in the case.

    h.    Defendant Acclivity's Motion to Set Aside Default (ECF No. 95) was granted on May 21, 2021. Subsequently, Defendant Acclivity only recently filed its Answer to Plaintiffs' Third Amended Complaint (ECF No. 106) on June 11, 2021.

    i.    Plaintiffs and Defendant Acclivity have not yet had a meaningful opportunity to exchange written discovery requests or conduct discovery with respect to Defendant Acclivity's alleged liability to Plaintiffs and information pertinent to class certification. However, Plaintiffs and Defendant Acclivity have recently met and conferred regarding imminently commencing such discovery and doing so within the confines of this proposed extension.

7.    In light of the foregoing, there is good cause for a modest, approximately ninety-day extension of time to allow the completion of all depositions and to conduct discovery with those parties who were recently served and/or have dispositive motions pending. *See* Fed. R. Civ.

P. 16(b)(4). To those ends, Plaintiffs' respectfully request a limited, ninety-day extension of the scheduling order deadlines, as follows:

| Event | Current Deadline | New Deadline |
|---|---|---|
| Discovery Deadline; Submission of Status Report | July 17, 2021 | October 22, 2021 |
| Plaintiffs' Motion for Class Certification | August 16, 2021 | November 19, 2021 |

8. Defendants IHS, Kuhlman, and Acclivity, through Counsel, and *pro se* parties DragonSlayer and Joy Long have conferred regarding this motion, and they do not oppose the relief Plaintiffs request. Because Plaintiffs are still attempting to serve Defendant IHCS, and Default was entered against Coleman Certified Medical Billing & Consultant, LLC ("Defendant Coleman") and a motion to vacate same was not filed, these two Defendants were the only Defendants who were not consulted regarding this request.

9. This is the first request for an extension by the parties.

10. There is no prejudice to any party if the requested extensions are granted since Defendants IHS, Kuhlman, Acclivity, DragonSlayer, and Long have agreed to not oppose Plaintiffs' request for a limited extension of the Discovery Deadline, Submission of Status Reports deadline, and Plaintiff's Motion for Class Certification filing deadline.

11. A proposed Order is submitted with this motion.

12. For all of the foregoing reasons, Plaintiffs respectfully requests that the Court grant Plaintiffs' Unopposed Motion for Limited Extension of Scheduling Order Deadlines.

Dated:  June 23, 2021			Respectfully submitted,

                                                      BUTTACI LEARDI & WERNER LLC

By: /s/ *Elizabeth A. Rice*
John W. Leardi (admitted *pro hac vice*)
Elizabeth A. Rice, Bar No. 20426
Frank X. Wukovits (admitted *pro hac vice*)
212 Carnegie Center, Suite 202
Princeton, NJ 08540
609-799-5150

Ugo Colella, Bar. No. 17443
John J. Zefutie (admitted *pro hac vice*)
COLELLA ZEFUTIE LLC
4200 Wisconsin Avenue NW #106-305
Washington, DC 20016
202-920-0880

Robert A. Gaumont (Bar No. 26302)
GORDON FEINBLATT LLC
233 E. Redwood Street
Baltimore, MD 21202
(410) 576-4007

*Attorneys for Plaintiffs Ritu Bhambhani M.D., Sudhir Rao M.D., and the Putative Class*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I caused a true and correct copy of the foregoing Plaintiffs' Unopposed Motion for a Limited Extension of Scheduling Order Deadlines was served by electronic means through the Court's ECF system and by email on June 23, 2021, on all counsel of record as follows:

>Joel I. Sher, Bar No. 00719
>Paul Mark Sandler, Bar No. 00145
>Eric R. Harlan, Bar No. 23492
>SHAPIRO SHER GUINOT & SANDLER
>250 West Pratt Street, Suite 2000
>Baltimore, MD 21201
>(410) 385-4277
>jis@shapirosher.com
>pms@shapirosher.com
>erh@shapirosher.com
>
>Jeffrey R. Teeters (admitted *pro hac vice*)
>WOOD + LAMPING
>600 Vine Street, Suite 2500
>Cincinnati, OH 45202
>(513) 852-6050
>JRTeeters@woodlamping.com
>
>*Attorneys for Defendant*
>*Innovative Health Solutions, Inc.*
>
>Marshall N. Perkins, Bar No. 25514
>Joseph Mallon, Bar No. 22878
>MALLON, LLC
>Attorneys at Law
>300 E. Lombard Street, Suite 815
>Baltimore, MD 21202
>(410) 727-7887
>mperkins@mallonllc.com
>jmallon@mallonllc.com
>
>*Attorneys for Defendants*
>*Ryan Kuhlman & Acclivity Medical LLC*

I HEREBY CERTIFY that a true and correct copy of the foregoing Plaintiffs' Unopposed Motion for a Limited Extension of Scheduling Order Deadlines was served by electronic means

by email on June 23, 2021, on *pro se* parties DragonSlayer Strategies, LLC, and Joy Long as follows:

>Joy Long
>2329 East 500 North
>Greenfield, IN 46140
>joylong0727@gmail.com
>
>*Pro Se Defendants*
>*DragonSlayer Strategies, LLC and Joy Long*

I HEREBY CERTIFY that a true and correct copy of the foregoing Plaintiffs' Unopposed Motion for a Limited Extension of Scheduling Order Deadlines was served by United States Priority Mail on June 23, 2021, on Innovative Health Care Solutions, LLC as follows:

>Innovative Health Care Solutions, LLC
>C/O Robin Campbell
>215 Depot Ave
>Delray Beach, FL 33444

/s/ *Elizabeth A. Rice*