# IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| RITU BHAMBHANI, M.D. and SUDHIR RAO, M.D. *on behalf of themselves and on behalf of all others similarly situated*, | : : : : | Civil Action No. 1:19-cv-00355-LKG |
| *Plaintiffs*, | : : | |
| - v. - | : : | |
| INNOVATIVE HEALTH SOLUTIONS, INC., et al., | : : : | |
| *Defendants*. | : : | |

## PLAINTIFFS' UNOPPOSED MOTION FOR A LIMITED EXTENSION OF SCHEDULING ORDER DEADLINES AND INTERIM STATUS REPORT

Plaintiffs Dr. Ritu Bhambhani, M.D. ("Dr. Bhambhani")  and Dr. Sudhir Rao, M.D. ("Dr. Rao") (collectively, the "Plaintiffs"), on behalf of themselves and the putative class, by and through their undersigned counsel, respectfully request that the Court grant a limited extension of scheduling order deadlines (ECF Nos. 43 and 111), as set forth in the attached proposed order, pursuant to Fed. R. Civ. P. 16(b)(4). In support of this motion, Plaintiffs state as follows:

1.      Pursuant to Fed. R. Civ. P. 16(b) and Local Rule 103.9(b), the Court set an Initial Scheduling Order on July 21, 2020 (ECF No. 41). After submission of a joint letter regarding this Order, the Court entered the operative Revised Joint Scheduling Order on August 10, 2020 (ECF No. 43).

2.      Under the revised schedule, class discovery in this matter was set to close on July 17, 2021, with a status report due at that time. *Id.* The deadline for requests for Plaintiffs' Motion for Class Certification was originally due August 16, 2021. *Id.*

3.      On June 23, 2021, Plaintiffs filed an unopposed Motion for Extension of Time of

Scheduling Order Deadlines (ECF No. 109).

4.      On June 25, 2021, the Court granted Plaintiff's Motion, thereby extending (1) the Discovery Deadline and the date for submission of Status Reports from July 17, 2021, to October 22, 2021; and (2) Plaintiffs' Motion for Class Certification from August 16, 2021, to November 19, 2021.

5.      Under Fed. R. Civ. P. 16(b)(4) a scheduling order "may be modified only for good cause and with the judge's consent." The Joint Scheduling Order itself also reiterates this rule stating: "The schedule will not be changed except for good cause." *See Potomac Elec. Power Co. v. Electric Motor Supply, Inc.*, 190 F.R.D. 372, 375 (D. Md. 1999).

6.      "Properly construed, 'good cause' means that scheduling deadlines cannot be met despite a party's diligent efforts." *Dilmar Oil Company, Inc. v. Federated Mutual Insurance Company*, 986 F. Supp. 959, 980 (D.S.C. 1997), *aff'd by unpublished opinion*, 129 F.3d 116 (4th Cir. 1997) (quoting authority). "Carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief." *Potomac Elec. Power Co.*, 190 F.R.D. at 375 (*citing Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 610 (9th Cir. 1992)). "Indeed, a judge's scheduling order 'is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril.'" *Id.* (*quoting Gestetner Corp. v. Case Equipment Co.*, 108 F.R.D. 138, 141 (D. Me. 1985)).

7.      Since the inception of this case, the parties who have appeared have diligently conducted discovery by producing tens of thousands of pages of written material, answering interrogatories, and working through various discovery disputes, all without having to seek the Court's intervention to date.

8.      Despite counsel and *pro se* party efforts to complete discovery prior to the current

deadline, additional time is needed for the following reasons:

a.   While the parties have scheduled and completed multiple depositions, including the depositions of Plaintiff Rao, Defendant Long, Plaintiffs' expert Mike Miscoe, and Defendant IHS's expert Kristina Kahan, multiple additional depositions need to be scheduled and completed before Plaintiffs' Motion for Class Certification can be filed.

b.   The parties have already agreed to the following deposition dates, which need to be conducted after the October 22 deadline to complete class-related discovery due to the schedules of the deponents, counsel, and the parties: Plaintiff Bhambhani (10/26), Defendant IHS (November 8 and 9).

c.   The parties are working to schedule the deposition of Defendant Kuhlman, which was originally scheduled for October 14, but adjourned as Plaintiffs and Defendants Acclivity/Kuhlman continue to meet and confer on several issues related to Acclivity's and Mr. Kuhlman's responses to written discovery and the corresponding document productions. The parties continue to work cooperatively through those issues and anticipate being able to reschedule Mr. Kuhlman's deposition for late November.

d.   Defendant IHCS was finally served with the Third Amended Complaint on August 2 but has not had counsel enter an appearance or served a responsive pleading. Plaintiffs have not, however, moved for default as they have been in continued discussions with IHCS's owner, Robin Campbell, regarding an amicable resolution of the claims asserted by Plaintiffs as to IHCS. Those discussions remain ongoing.

e.   Plaintiffs continue to engage two former associates of IHCS, Robert A. "Bobby" Smith and Kristen Brannon, with respect to outstanding third-party subpoenas that were served almost a year ago. Discussions with Ms. Brannon and Mr. Smith's counsel remain ongoing, but we do anticipate scheduling depositions with one or both parties shortly.

f.   In addition to the foregoing, Elizabeth Rice, who was principally responsible for coordinating discovery on behalf of Plaintiffs left private practice in late September to join the New Jersey Office of Attorney Ethics. While Plaintiffs have been able to delegate all of Mr. Rice's responsibilities to other attorneys, the transition has caused delays on several fronts, most notably issues associated with third-party discovery.

9.   In addition to the foregoing update on the status of class-related discovery, the following updates address the items set forth in Section III of the Court's August 10, 2020 Scheduling Order (Dkt.) (the "Original Scheduling Order"):

a.      Other than this motion, there are no other motions pending currently.

b.      With respect to dispositive motions: (i) Defendants IHS anticipates filing motions for summary judgment related to the claims of both Plaintiff Bhambhani and Rao based upon discovery to date; and (ii) Plaintiffs are unable to determine whether or not they intend to file a dispositive motion until such time as their forthcoming motion for class certification is adjudicated by the Court, as that ruling is very likely to significantly impact the claims and defenses asserted by the parties

c.      With respect to whether the case is to be tried jury or non-jury and the anticipated length of trial, the parties agree that the matter is presently in the class discovery/class certification stage, the parties will report as to the anticipated length of trial following the close of merits discovery, which shall commence upon the adjudication of Plaintiffs' class certification motion as contemplated by the Original Scheduling Order.

d.      With respect to prior settlement discussions, Plaintiffs and Defendant Innovative Health Solutions, Inc. participated in mediation before the Honorable Beth P. Gesner on January 21, 2021.  The mediation was conducted virtually, and was attended by Plaintiffs Bhambhani and Rao, and their counsel John W. Leardi, Elizabeth Rice, john J. Zefutie, Jr., and by Brian Carrico, CEO of Defendant Innovative Health Solutions, Inc., and its counsel, Jeffrey R. Teeters and Eric R. Harlan.

e.      With respect to future settlement discussions, the parties agree that a subsequent mediation would be most efficient if it were to remain with the

Honorable Beth P. Gessner, assuming her schedule permits. Defendant IHS believes that such a mediation should be after resolution of its anticipated motions for summary judgment, while Plaintiffs believe that it could be worthwhile to schedule an additional mediation session after the Court's decision on class certification, regardless of the outcome.

      f.     The parties do not consent to have a U.S. Magistrate Judge conduct all further proceedings in this case, either before or after the resolution of any dispositive pretrial motion, including trial (jury or non-jury) and entry of final judgment.

10.    Considering the foregoing, there is good cause for a modest, approximately sixty-day extension of time to allow the completion of all remaining depositions and to complete third-party discovery. *See* Fed. R. Civ. P. 16(b)(4). To those ends, Plaintiffs' respectfully request a limited, sixty-day extension of the scheduling order deadlines, as follows:

| Event | Current Deadline | New Deadline |
|---|---|---|
| Discovery Deadline; Submission of Status Report | October 22, 2021 | December 21, 2021 |
| Plaintiffs' Motion for Class Certification | November 19, 2021 | January 18, 2022 |

11.    The parties have conferred regarding this motion, and the Defendants do not oppose the relief Plaintiffs request.

12.    This is the Plaintiffs' second request for an extension.

13.    There is no prejudice to any party if the requested extensions are granted since Defendants IHS, Kuhlman, Acclivity, DragonSlayer, Long, and IHS have agreed to not oppose

Plaintiffs' request for a limited extension of the Discovery Deadline, Submission of Status Reports deadline, and Plaintiff's Motion for Class Certification filing deadline.

14.     A proposed Order is submitted with this motion.

15.     For all the foregoing reasons, Plaintiffs respectfully requests that the Court grant Plaintiffs' Unopposed Motion for Limited Extension of Scheduling Order Deadlines.


Dated: October 20, 2021                    Respectfully submitted,

                                           BUTTACI LEARDI & WERNER LLC

                                           By: /s/ *John W. Leardi*
                                           John W. Leardi (admitted *pro hac vice*)
                                           Frank X. Wukovits (admitted *pro hac vice*)
                                           212 Carnegie Center, Suite 202
                                           Princeton, NJ 08540
                                           609-799-5150

                                           Ugo Colella, Bar. No. 17443
                                           John J. Zefutie (admitted *pro hac vice*)
                                           COLELLA ZEFUTIE LLC
                                           4200 Wisconsin Avenue NW #106-305
                                           Washington, DC 20016
                                           202-920-0880

                                           Robert A. Gaumont (Bar No. 26302)
                                           GORDON FEINBLATT LLC
                                           233 E. Redwood Street
                                           Baltimore, MD 21202
                                           (410) 576-4007

                                           *Attorneys for Plaintiffs Ritu Bhambhani M.D.,*
                                           *Sudhir Rao M.D., and the Putative Class*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I caused a true and correct copy of the foregoing Plaintiffs'

Unopposed Motion for a Limited Extension of Scheduling Order Deadlines was served by

electronic means through the Court's ECF system and by email on October 20, 2021, on all counsel

of record as follows:

> Joel I. Sher, Bar No. 00719
> Paul Mark Sandler, Bar No. 00145
> Eric R. Harlan, Bar No. 23492
> SHAPIRO SHER GUINOT & SANDLER
> 250 West Pratt Street, Suite 2000
> Baltimore, MD 21201
> (410) 385-4277
> jis@shapirosher.com
> pms@shapirosher.com
> erh@shapirosher.com
>
> Jeffrey R. Teeters (admitted *pro hac vice*)
> WOOD + LAMPING
> 600 Vine Street, Suite 2500
> Cincinnati, OH 45202
> (513) 852-6050
> JRTeeters@woodlamping.com
>
> *Attorneys for Defendant*
> *Innovative Health Solutions, Inc.*
>
> Marshall N. Perkins, Bar No. 25514
> Joseph Mallon, Bar No. 22878
> MALLON, LLC
> Attorneys at Law
> 300 E. Lombard Street, Suite 815
> Baltimore, MD 21202
> (410) 727-7887
> mperkins@mallonllc.com
> jmallon@mallonllc.com
>
> *Attorneys for Defendants*
> *Ryan Kuhlman & Acclivity Medical LLC*

I HEREBY CERTIFY that a true and correct copy of the foregoing Plaintiffs' Unopposed

Motion for a Limited Extension of Scheduling Order Deadlines was served by electronic means

by email on October 20, 2021, on *pro se* parties DragonSlayer Strategies, LLC, and Joy Long as follows:

> Joy Long
> 2329 East 500 North
> Greenfield, IN 46140
> joylong0727@gmail.com
>
> *Pro Se Defendants*
> *DragonSlayer Strategies, LLC and Joy Long*

I HEREBY CERTIFY that a true and correct copy of the foregoing Plaintiffs' Unopposed Motion for a Limited Extension of Scheduling Order Deadlines was served by United States Priority Mail on October 20, 2021, on Innovative Health Care Solutions, LLC as follows:

> Innovative Health Care Solutions, LLC
> c/o Robin Campbell
> 215 Depot Ave
> Delray Beach, FL 33444

/s/ *John W. Leardi*