IN THE UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

| | |
|---|---|
| RITU BHAMBHANI, M.D. and SUDHIR RAO, M.D. *on behalf of themselves and on behalf of all others similarly situated*, <br><br> *Plaintiffs*, <br><br> - v. - <br><br> INNOVATIVE HEALTH SOLUTIONS, INC., et al., <br><br> *Defendants*. | Civil Action No. 1:19-cv-00355-LKG |

**PLAINTIFFS' UNOPPOSED MOTION FOR A LIMITED EXTENSION OF SCHEDULING ORDER DEADLINES AND INTERIM STATUS REPORT**

Plaintiffs Dr. Ritu Bhambhani, M.D. ("Dr. Bhambhani") and Dr. Sudhir Rao, M.D. ("Dr. Rao") (collectively, the "Plaintiffs"), on behalf of themselves and the putative class, by and through their undersigned counsel, respectfully request that the Court grant a limited extension of current scheduling order deadlines (ECF Nos. 41 and 121), as set forth in the attached proposed order, pursuant to Fed. R. Civ. P. 16(b)(4). In support of this motion, Plaintiffs state as follows:

1. Pursuant to Fed. R. Civ. P. 16(b) and Local Rule 103.9(b), the Court set an Initial Scheduling Order on July 21, 2020 (ECF No. 41). After the parties' submission of a joint letter regarding this Order, the Court entered the operative Revised Joint Scheduling Order on August 10, 2020 (ECF No. 43).

2. Under the revised schedule, class discovery in this matter was set to close on July 17, 2021, with an interim status report to the Court also due at that time. *Id.* The deadline for Plaintiffs' motion for class certification was then originally set for August 16, 2021. *Id.*

3. On June 23, 2021, Plaintiffs filed an unopposed Motion for Extension of Time of

Scheduling Order Deadlines (ECF No. 109).

4. On June 25, 2021, the Court granted Plaintiff's Motion, thereby extending (1) the class discovery deadline and the date for submission of an interim status report from July 17, 2021, to October 22, 2021; and (2) Plaintiffs' motion for class certification from August 16, 2021, to November 19, 2021.

5. On October 20, 2021, Plaintiffs filed an unopposed Motion for a Limited Extension of Scheduling Order Deadlines and Interim Status Report (ECF No. 120).

6. On October 25, 2021, the Court granted Plaintiff's Motion, thereby extending (1) the class discovery deadline and the date for submission of an interim status report from October 22, 2021 to December 21, 2021; and (2) Plaintiffs' Motion for Class Certification from November 19, 2021, to January 18, 2022 (ECF No. 121).

7. Under Fed. R. Civ. P. 16(b)(4) a scheduling order "may be modified only for good cause and with the judge's consent." The Joint Scheduling Order itself also reiterates this rule stating: "The schedule will not be changed except for good cause." *See Potomac Elec. Power Co. v. Electric Motor Supply, Inc.*, 190 F.R.D. 372, 375 (D. Md. 1999).

8. "Properly construed, 'good cause' means that scheduling deadlines cannot be met despite a party's diligent efforts." *Dilmar Oil Company, Inc. v. Federated Mutual Insurance Company*, 986 F. Supp. 959, 980 (D.S.C. 1997), *aff'd by unpublished opinion*, 129 F.3d 116 (4th Cir. 1997) (quoting authority). "Carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief." *Potomac Elec. Power Co.*, 190 F.R.D. at 375 (*citing Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 610 (9th Cir. 1992)). "Indeed, a judge's scheduling order 'is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril.'" *Id.* (*quoting Gestetner Corp. v. Case Equipment Co.*, 108 F.R.D. 138, 141 (D. Me. 1985)).

9.  Since the inception of this case, the parties have diligently worked towards completed class discovery (including overlapping merits issues) by producing tens of thousands of pages of documents, answering interrogatories, responding to requests for admission conducting five fact depositions and two expert depositions; all the while working through various discovery disputes without having to seek the Court's intervention.

10. Despite parties' good faith efforts to complete class discovery prior to the now twice-adjourned deadline, additional time is needed.

11. Of utmost significance is the recent discovery of an external USB hard-drive in the possession of Defendants Acclivity Medical LLC and Ryan Kuhlman (the "Acclivity Defendants"), which appears to contain responsive documents.

12. After the Court's August 3, 2021, order denying Mr. Kuhlman's motion to dismiss (ECF No. 118), the Acclivity Defendants responded to Plaintiffs written discovery requests in late September.[1] In those responses, the Acclivity Defendants repeatedly referenced an apparent "computer failure" in 2019 whereby certain potentially responsive documents were lost.

13. After exchanging several letters and conducting several meet and confers among counsel on this and other related discovery matters, the Acclivity Defendants disclosed to Plaintiffs on November 11 that Mr. Kuhlman was also in the possession of an external USB drive that he used to back-up data from "a server" that he previously had access to.

14. This, of course, prompted a series of further discussions among counsel with respect to: (i) why the existence of this USB drive had not been disclosed earlier; (ii) why the

---

[1] Plaintiff's written discovery requests were originally propounded on Mr. Kuhlman in December 2020, but the parties agreed to hold them in abeyance pending resolution of Mr. Kuhlman's Rule 12 motion. As to Acclivity Medical, default was entered against Acclivity Medical on March 9, 2021 (ECF. No. 86), which was then set aside upon on May 21, 2021 (ECF No. 98). Plaintiffs' written discovery requests, which were virtually identical to those originally propounded upon Mr. Kuhlman, were served on Acclivity Medical in early July 2021.

Acclivity Defendants previously believed any data on the USB was not accessible; (iii) what if anything could be done in terms of engaging an IT professional to determine what if any data may be recoverable from the USB drive; and (iv) if any data is recoverable, what steps would be taken to preserve that data, and then search for responsive documents therein.

15. These discussions among Plaintiffs and the Acclivity Defendants are ongoing. But the Acclivity Defendants most recent communication on the topic on December 15 indicates the USB drive has been provided to an external IT vendor located in Baltimore, who "has made a forensic image of the hard drive and is in the process of indexing the available data."

16. Once that process is complete, the parties will need to further meet and confer on, *inter alia*: (i) what data is available on the drive; (ii) what format that data is in; (iii) what search terms should be employed to search that data for responsive documents.

17. Assuming there are positive hits for such searches, the Acclivity Defendants will need time to review for privilege, index, and produce; while Plaintiffs will then need adequate time to review those documents. Unfortunately, how long any of this will take, which will be driven by what data exists on the USB drive, remains uncertain. But this needs to play out before Plaintiffs can be expected to take Mr. Kuhlman's deposition, which at this time is the last remaining outstanding fact deposition relative to class discovery.

18. Based on the way the parties have diligently worked through these issues over the course of the last two months, we are hopeful that a modest 60-day extension of class discovery and class certification motion filing deadlines will suffice.

19. There are no more than a handful of other items, as well, including: (i) some potential follow-up based on the recent depositions of Dr. Bhambhani and two representatives of Defendant IHS; and (ii) continued discussions with two former associates of IHCS, Robert A. "Bobby" Smith and Kristen Brannon, with respect to outstanding third-party subpoenas.

Discussions relative to these items remain ongoing, and most certainly can and will be complete within the extension sought herein unless something truly unexpected occurs.

20.  In addition to the foregoing update on the status of class-related discovery, the following updates address the items set forth in Section III of the Court's August 10, 2020 Scheduling Order (Dkt.) (the "Original Scheduling Order"):

   a.  Other than this motion, there are no other motions pending currently.

   b.  With respect to dispositive motions: (i) Defendants IHS anticipates filing motions for summary judgment related to the claims of both Plaintiff Bhambhani and Rao based upon discovery to date; and (ii) Plaintiffs are unable to determine whether or not they intend to file a dispositive motion until such time as their forthcoming motion for class certification is adjudicated by the Court, as that ruling is very likely to significantly impact the claims and defenses asserted by the parties

   c.  With respect to whether the case is to be tried jury or non-jury and the anticipated length of trial, the parties agree that the matter is presently in the class discovery/class certification stage, the parties will report as to the anticipated length of trial following the close of merits discovery, which shall commence upon the adjudication of Plaintiffs' class certification motion as contemplated by the Original Scheduling Order.

   d.  With respect to prior settlement discussions, Plaintiffs and Defendant IHS participated in mediation before the Honorable Beth P. Gesner on January 21, 2021. The mediation was conducted virtually, and was attended by Plaintiffs Bhambhani and Rao, and their counsel John W. Leardi, Elizabeth Rice, john J. Zefutie, Jr., and by Brian Carrico, CEO of Defendant

        Innovative Health Solutions, Inc., and its counsel, Jeffrey R. Teeters and Eric R. Harlan.

    e.    With respect to future settlement discussions, the parties agree that a subsequent mediation would be most efficient if it were to remain with the Honorable Beth P. Gessner, assuming her schedule permits. Defendant IHS believes that such a mediation should be after resolution of its anticipated motions for summary judgment, while Plaintiffs believe that it could be worthwhile to schedule an additional mediation session after the Court's decision on class certification, regardless of the outcome.

    f.    The parties do not consent to have a U.S. Magistrate Judge conduct all further proceedings in this case, either before or after the resolution of any dispositive pretrial motion, including trial (jury or non-jury) and entry of final judgment.

21.    Considering the foregoing, there is good cause for a 60-day extension of time to complete class discovery. *See* Fed. R. Civ. P. 16(b)(4). To those ends, Plaintiffs' respectfully request a limited, sixty-day extension of the scheduling order deadlines, as follows:

| Event | Current Deadline | New Deadline |
|---|---|---|
| Discovery Deadline; Submission of Status Report | December 21, 2021 | February 19, 2022 |
| Plaintiffs' Motion for Class Certification | January 18, 2022 | March 19, 2022 |

22.    The parties have conferred regarding this motion, and: (i) Defendants IHS and Ms. Long/Dragonslayer do not oppose this motion; and (ii) the Acclivity Defendants consent to the "relief requested herein," but do want us to note for the Court that "the characterization of factual

6

matters stated in this Motion is Plaintiffs.'"

23. This is the Plaintiffs' third request for an extension.

24. There is no prejudice to any party if the requested extensions are granted since Defendants have all either consented to or indicated they shall not oppose Plaintiffs' request for a limited extension of the class discovery deadline, submission of post-class discovery status report deadline, and Plaintiff's motion for class certification filing deadline.

25. A proposed Order is submitted with this motion.

26. For all the foregoing reasons, Plaintiffs respectfully requests that the Court grant Plaintiffs' Unopposed Motion for Limited Extension of Scheduling Order Deadlines.


Dated: December 17, 2021            Respectfully submitted,

                                    BUTTACI LEARDI & WERNER LLC

                                    By: /s/ *John W. Leardi*
                                    John W. Leardi (admitted *pro hac vice*)
                                    Frank X. Wukovits (admitted *pro hac vice*)
                                    212 Carnegie Center, Suite 202
                                    Princeton, NJ 08540
                                    609-799-5150

                                    Ugo Colella, Bar. No. 17443
                                    John J. Zefutie (admitted *pro hac vice*)
                                    COLELLA ZEFUTIE LLC
                                    4200 Wisconsin Avenue NW #106-305
                                    Washington, DC 20016
                                    202-920-0880

                                    Robert A. Gaumont (Bar No. 26302)
                                    GORDON FEINBLATT LLC
                                    233 E. Redwood Street
                                    Baltimore, MD 21202
                                    (410) 576-4007

                                    *Attorneys for Plaintiffs*
                                    *Ritu Bhambhani, M.D.*
                                    *and Sudhir Rao, M.D.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I caused a true and correct copy of the foregoing Plaintiffs' Unopposed Motion for a Limited Extension of Scheduling Order Deadlines was served by electronic means through the Court's ECF system and by email on December 17, 2021, on all counsel of record as follows:

>Joel I. Sher, Bar No. 00719
>Paul Mark Sandler, Bar No. 00145
>Eric R. Harlan, Bar No. 23492
>SHAPIRO SHER GUINOT & SANDLER
>250 West Pratt Street, Suite 2000
>Baltimore, MD 21201
>(410) 385-4277
>jis@shapirosher.com
>pms@shapirosher.com
>erh@shapirosher.com
>
>Jeffrey R. Teeters (admitted *pro hac vice*)
>WOOD + LAMPING
>600 Vine Street, Suite 2500
>Cincinnati, OH 45202
>(513) 852-6050
>JRTeeters@woodlamping.com
>
>*Attorneys for Defendant*
>*Innovative Health Solutions, Inc.*
>
>Marshall N. Perkins, Bar No. 25514
>Joseph Mallon, Bar No. 22878
>MALLON, LLC
>Attorneys at Law
>300 E. Lombard Street, Suite 815
>Baltimore, MD 21202
>(410) 727-7887
>mperkins@mallonllc.com
>jmallon@mallonllc.com
>
>*Attorneys for Defendants*
>*Ryan Kuhlman & Acclivity Medical LLC*

I HEREBY CERTIFY that a true and correct copy of the foregoing Plaintiffs' Unopposed Motion for a Limited Extension of Scheduling Order Deadlines was served by electronic means

by email on December 17, 2021, on *pro se* parties DragonSlayer Strategies, LLC, and Joy Long as follows:

>Joy Long
>2329 East 500 North
>Greenfield, IN 46140
>joylong0727@gmail.com
>
>*Pro Se Defendants*
>*DragonSlayer Strategies, LLC and Joy Long*

I HEREBY CERTIFY that a true and correct copy of the foregoing Plaintiffs' Unopposed Motion for a Limited Extension of Scheduling Order Deadlines was served by United States Priority Mail on December 17, 2021, on Innovative Health Care Solutions, LLC as follows:

>Innovative Health Care Solutions, LLC
>c/o Robin Campbell
>215 Depot Ave
>Delray Beach, FL 33444

/s/ *John W. Leardi*

9