IN THE UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

| | |
|---|---|
| RITU BHAMBHANI, M.D. and SUDHIR RAO, M.D. *on behalf of themselves and on behalf of all others similarly situated*, | : : : : : Civil Action No. 1:19-cv-00355-LKG |
| *Plaintiffs*, | : : |
| - v. - | : : |
| INNOVATIVE HEALTH SOLUTIONS, INC., et al., | : : : |
| *Defendants*. | : : |

**PLAINTIFFS' UNOPPOSED MOTION FOR A LIMITED EXTENSION OF SCHEDULING ORDER DEADLINES AND INTERIM STATUS REPORT**

Plaintiffs Dr. Ritu Bhambhani, M.D. ("Dr. Bhambhani") and Dr. Sudhir Rao, M.D. ("Dr. Rao") (collectively, the "Plaintiffs"), on behalf of themselves and the putative class, by and through their undersigned counsel, respectfully request that the Court grant a limited extension of current scheduling order deadlines (ECF Nos. 41 and 121), as set forth in the attached proposed order, pursuant to Fed. R. Civ. P. 16(b)(4). In support of this motion, Plaintiffs state as follows:

1. Pursuant to Fed. R. Civ. P. 16(b) and Local Rule 103.9(b), the Court set an Initial Scheduling Order on July 21, 2020 (ECF No. 41). After the parties' submission of a joint letter regarding this Order, the Court entered the operative Revised Joint Scheduling Order on August 10, 2020 (ECF No. 43).

2. Under the revised schedule, class discovery in this matter was set to close on July 17, 2021, with an interim status report to the Court also due at that time. *Id.* The deadline for Plaintiffs' motion for class certification was then originally set for August 16, 2021. *Id.*

3. On June 23, 2021, Plaintiffs filed an unopposed Motion for Extension of Time of

Scheduling Order Deadlines (ECF No. 109).

4. On June 25, 2021, the Court granted Plaintiff's Motion, thereby extending (1) the class discovery deadline and the date for submission of an interim status report from July 17, 2021, to October 22, 2021; and (2) Plaintiffs' motion for class certification from August 16, 2021, to November 19, 2021.

5. On October 20, 2021, Plaintiffs filed a second unopposed Motion for a Limited Extension of Scheduling Order Deadlines and Interim Status Report (ECF No. 120).

6. On October 25, 2021, the Court granted Plaintiff's Motion, thereby extending (1) the class discovery deadline and the date for submission of an interim status report from October 22, 2021 to December 21, 2021; and (2) Plaintiffs' Motion for Class Certification from November 19, 2021, to January 18, 2022 (ECF No. 121).

7. On December 17, 2021, Plaintiffs filed a third unopposed Motion for a Limited Extension of Scheduling Order Deadlines and Interim Status Report (ECF No. 122).

8. On December 20, 2021, the Court granted Plaintiff's Motion, thereby extending (1) the class discovery deadline and the date for submission of an interim status report from December 21, 2021 to February 19, 2022; and (2) Plaintiffs' Motion for Class Certification from January 18, 2022 to March 19, 2022 (ECF No. 123).

9. Under Fed. R. Civ. P. 16(b)(4) a scheduling order "may be modified only for good cause and with the judge's consent." The Joint Scheduling Order itself also reiterates this rule stating: "The schedule will not be changed except for good cause." *See Potomac Elec. Power Co. v. Electric Motor Supply, Inc.*, 190 F.R.D. 372, 375 (D. Md. 1999).

10. "Properly construed, 'good cause' means that scheduling deadlines cannot be met despite a party's diligent efforts." *Dilmar Oil Company, Inc. v. Federated Mutual Insurance Company*, 986 F. Supp. 959, 980 (D.S.C. 1997), *aff'd by unpublished opinion*, 129 F.3d 116 (4th

Cir. 1997) (quoting authority). "Carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief." *Potomac Elec. Power Co.*, 190 F.R.D. at 375 (*citing Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 610 (9th Cir. 1992)). "Indeed, a judge's scheduling order 'is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril.'" *Id.* (*quoting Gestetner Corp. v. Case Equipment Co.*, 108 F.R.D. 138, 141 (D. Me. 1985)).

11. Since the inception of this case, the parties have diligently worked towards completed class discovery (including overlapping merits issues) by producing tens of thousands of pages of documents, answering interrogatories, responding to requests for admission conducting five fact depositions and two expert depositions; all the while working through various discovery disputes without having to seek the Court's intervention.

12. Despite parties' good faith efforts to complete class discovery prior to the now thrice-adjourned deadline, additional time is needed.

13. Of utmost continued significance is the ongoing discussions by and among counsel with respect to an external USB hard-drive in the possession of Defendants Acclivity Medical LLC and Ryan Kuhlman (the "Acclivity Defendants"), which appears to contain responsive documents.

14. As noted in Plaintiffs' prior motion to extend, after the Court's August 3, 2021, order denying Mr. Kuhlman's motion to dismiss (ECF No. 118), the Acclivity Defendants responded to Plaintiffs written discovery requests in late September.[1] In those responses, the

---

[1] Plaintiff's written discovery requests were originally propounded on Mr. Kuhlman in December 2020, but the parties agreed to hold them in abeyance pending resolution of Mr. Kuhlman's Rule 12 motion. As to Acclivity Medical, default was entered against Acclivity Medical on March 9, 2021 (ECF. No. 86), which was then set aside upon on May 21, 2021 (ECF No. 98). Plaintiffs' written discovery requests, which were virtually identical to those originally propounded upon Mr. Kuhlman, were served on Acclivity Medical in early July 2021.

Acclivity Defendants repeatedly referenced an apparent "computer failure" in 2019 whereby certain potentially responsive documents were lost.

15. After exchanging several letters and conducting several meet and confers among counsel on this and other related discovery matters, the Acclivity Defendants disclosed to Plaintiffs on November 11 that Mr. Kuhlman was also in the possession of an external USB drive that he used to back-up data from "a server" that he previously had access to.

16. This, of course, prompted a series of further discussions among counsel with respect to: (i) why the existence of this USB drive had not been disclosed earlier; (ii) why the Acclivity Defendants previously believed any data on the USB was not accessible; (iii) what if anything could be done in terms of engaging an IT professional to determine what if any data may be recoverable from the USB drive; and (iv) if any data is recoverable, what steps would be taken to preserve that data, and then search for responsive documents therein.

17. Discussions by and among Plaintiffs and the Acclivity Defendants are ongoing. Since, Plaintiff's prior motion to extend was granted (ECF 123), the Acclivity Defendants provided the USB hard drive to an external IT vendor located in Cincinnati, who made a forensic image of the hard drive and is indexed the available data.

18. Since then, the parties have been negotiating on the search terms to be employed by the vendor and how the costs of the vendor's services shall be borne.

19. On January 3, 2022, the Acclivity Defendants provided Plaintiffs with a summary of the vendor's findings and confirmed that the USB drive contained 1,200 "hard copy files" and three "MBOX" files. In that same correspondence, the Acclivity Defendants asked Plaintiffs to provide a list of search terms to be employed by the vendor to search the USB drive, and further demanded that Plaintiffs bear the costs of any such searches.

20. Unfortunately, just one week later, the attorney principally coordinating discovery

4

for Plaintiffs unexpectedly resigned. His withdrawal from the case was filed the next day, January 11, 2022 (ECF 124).

21. On January 12, the undersigned and counsel for the Acclivity Defendants held a meet and confer wherein Plaintiffs offered to undertake the searches themselves (and thus bearing the entire cost of the project) using my firm's internal e-discovery platform. The offer was contingent upon the Acclivity Defendants, of course, first screening the files for any potentially privileged emails.

22. On January 13, counsel for Acclivity rejected our offer, and requested that we forward search terms and a proposal on costs.

23. On January 27, Plaintiffs sent the Acclivity Defendants a proposed ESI stipulation, containing the same search terms employed by other parties to the litigation in searching for responsive documents. Plaintiffs further agreed to split the costs of the vendor, subject to being able to speak to the vendor about costs, search methods, and production formats. Notably, it took two weeks to put the proposed stipulation together largely because the management of e-discovery functions in the case needed to be transferred from Mr. Wukovits, whose withdrawal was noted above, to Ms. Allocca, who was admitted *pro hac vice* previously but had not been actively fully-engaged in the day-to-day of discovery in this matter yet.

24. On February 1, the Acclivity Defendants objected to the proposed search terms as overly broad.

25. The parties thereafter exchanged several emails and conducted a telephonic meet and confer on February 9, wherein the Acclivity Defendants agreed to instruct its vendor to run the proposed search terms set forth in the stipulation Plaintiffs provided on January 27, and to thereafter provide a "hit report," at which time the parties agreed to discuss any terms that appear to have resulted in a substantial number of false positive hits.

26. On February 10, counsel for the Acclivity Defendants indicated that the vendor had begun running the searches.

27. On February 15, counsel for the Acclivity Defendants provided the Search Report, and conveyed an offer to perform a privilege review of search terms "with 300 or less hits and produce the non-privileged discoverable materials for those search term categories from that column."

28. Because there are several plainly relevant search terms with more than 300 hits, and because no such "hit limitation" was imposed on any other party's obligation to provide responsive documents, further meet and confers will be necessary to resolve the issue. But based on the tenor of the discussions over the last month, we remain hopeful that any remaining issues can be resolved amicably without seeking further intervention from the Court.

29. This request for an extension of the current discovery deadline set forth below is requested to permit the parties to complete their discussions regarding the USB drive, to permit the Acclivity Defendants to supplement their prior document productions accordingly, and to permit Plaintiffs sufficient time to review these documents and to schedule and take Mr. Kuhlman's deposition, which is the last remaining fact deposition relative to class discovery.

30. Based on the way the parties have diligently worked through these issues over the course of the last several months, we are hopeful that a modest 60-day extension of class discovery and class certification motion filing deadlines will suffice.

31. In addition to the foregoing update on the status of class-related discovery, the following updates address the items set forth in Section III of the Court's August 10, 2020 Scheduling Order (ECF No. 43) (the "Original Scheduling Order"):

    a. Other than this motion, Defendant IHS moved for Summary Judgment on February 11, 2022.

b. With respect to additional dispositive motions: Plaintiffs are unable to determine whether they intend to file a dispositive motion until such time as their forthcoming motion for class certification is adjudicated by the Court, as that ruling is very likely to significantly impact the claims and defenses asserted by the parties

c. With respect to whether the case is to be tried jury or non-jury and the anticipated length of trial, the Plaintiffs have demanded a jury trial. The matter is presently in the class discovery/class certification stage, and the parties will report as to the anticipated length of trial following the close of merits discovery, which shall commence upon the adjudication of Plaintiffs' class certification motion as contemplated by the Original Scheduling Order.

d. With respect to prior settlement discussions, Plaintiffs and Defendant IHS participated in mediation before the Honorable Beth P. Gesner on January 21, 2021. The mediation was conducted virtually, and was attended by Plaintiffs Bhambhani and Rao, and their counsel John W. Leardi, Elizabeth Rice, John J. Zefutie, Jr., and by Brian Carrico, CEO of Defendant Innovative Health Solutions, Inc., and its counsel, Jeffrey R. Teeters and Eric R. Harlan.

e. With respect to future settlement discussions, the parties agree that a subsequent mediation would be most efficient if it were to remain with the Honorable Beth P. Gessner, assuming her schedule permits. Defendant IHS believes that such a mediation should be after resolution of its motion for summary judgment, while Plaintiffs believe that it could be worthwhile

7

<>

        to schedule an additional mediation session after the Court's decision on class certification, regardless of the outcome.

    f.    The parties do not consent to have a U.S. Magistrate Judge conduct all further proceedings in this case, either before or after the resolution of any dispositive pretrial motion, including trial (jury or non-jury) and entry of final judgment.

32.    Considering the foregoing, there is good cause for a 60-day extension of time to complete class discovery. *See* Fed. R. Civ. P. 16(b)(4). To those ends, Plaintiffs' respectfully request a limited, sixty-day extension of the scheduling order deadlines, as follows:

| Event | Current Deadline | New Deadline |
| --- | --- | --- |
| Discovery Deadline; Submission of Status Report | February 19, 2022 | April 15, 2022 |
| Plaintiffs' Motion for Class Certification | March 19, 2022 | May 20, 2022 |

33.    The parties have conferred regarding this motion, and: (i) Defendants IHS and Ms. Long/Dragonslayer do not oppose this motion; and (ii) the Acclivity Defendants consent to the relief requested herein but do want us to note for the Court that the characterization of factual matters stated in this Motion is Plaintiffs.

34.    This is the Plaintiffs' fourth request for an extension.

35.    There is no prejudice to any party if the requested extensions are granted since Defendants have all either consented to or indicated they shall not oppose Plaintiffs' request for a limited extension of the class discovery deadline, submission of post-class discovery status report deadline, and Plaintiff's motion for class certification filing deadline.

36.    A proposed Order is submitted with this motion.

37.    For all the foregoing reasons, Plaintiffs respectfully requests that the Court grant Plaintiffs' Unopposed Motion for Limited Extension of Scheduling Order Deadlines.

Dated: February 16, 2022

Respectfully submitted,

BUTTACI LEARDI & WERNER LLC

By: /s/ *John W. Leardi*
John W. Leardi (admitted *pro hac vice)*
Nicole P. Allocca (admitted *pro hac vice)*
212 Carnegie Center, Suite 202
Princeton, NJ 08540
609-799-5150

Ugo Colella (Bar. No. 17443)
John J. Zefutie (admitted *pro hac vice*)
COLELLA ZEFUTIE LLC
4200 Wisconsin Avenue NW #106-305
Washington, DC 20016
202-920-0880

Robert A. Gaumont (Bar No. 26302)
GORDON FEINBLATT LLC
233 E. Redwood Street
Baltimore, MD 21202
(410) 576-4007

*Attorneys for Plaintiffs*
*Ritu Bhambhani, M.D.*
*and Sudhir Rao, M.D.*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that I caused a true and correct copy of the foregoing Plaintiffs' Unopposed Motion for a Limited Extension of Scheduling Order Deadlines was served by electronic means through the Court's ECF system and by email on February 16, 2022, on all counsel of record as follows:

>Joel I. Sher, Bar No. 00719
>Paul Mark Sandler, Bar No. 00145
>Eric R. Harlan, Bar No. 23492
>SHAPIRO SHER GUINOT & SANDLER
>250 West Pratt Street, Suite 2000
>Baltimore, MD 21201
>(410) 385-4277
>jis@shapirosher.com
>pms@shapirosher.com
>erh@shapirosher.com
>
>Jeffrey R. Teeters (admitted *pro hac vice*)
>WOOD + LAMPING
>600 Vine Street, Suite 2500
>Cincinnati, OH 45202
>(513) 852-6050
>JRTeeters@woodlamping.com
>
>*Attorneys for Defendant*
>*Innovative Health Solutions, Inc.*
>
>Marshall N. Perkins, Bar No. 25514
>Joseph Mallon, Bar No. 22878
>MALLON, LLC
>Attorneys at Law
>300 E. Lombard Street, Suite 815
>Baltimore, MD 21202
>(410) 727-7887
>mperkins@mallonllc.com
>jmallon@mallonllc.com
>
>*Attorneys for Defendants*
>*Ryan Kuhlman & Acclivity Medical LLC*

I HEREBY CERTIFY that a true and correct copy of the foregoing Plaintiffs' Unopposed Motion for a Limited Extension of Scheduling Order Deadlines was served by electronic means

by email on February 16, 2022, on *pro se* parties DragonSlayer Strategies, LLC, and Joy Long as follows:

>Joy Long
>2329 East 500 North
>Greenfield, IN 46140
>joylong0727@gmail.com
>
>*Pro Se Defendants*
>*DragonSlayer Strategies, LLC and Joy Long*

I HEREBY CERTIFY that a true and correct copy of the foregoing Plaintiffs' Unopposed Motion for a Limited Extension of Scheduling Order Deadlines was served by United States Priority Mail on February 16, 2022, on Innovative Health Care Solutions, LLC as follows:

>Innovative Health Care Solutions, LLC
>c/o Robin Campbell
>215 Depot Ave
>Delray Beach, FL 33444

/s/ *John W. Leardi*