Leardi
Decl.
Exhibit 6

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| RITU BHAMBHANI, M.D., and SUDHIR RAO, M.D., *on behalf of themselves and all others similarly situated*, <br><br>     Plaintiffs, <br><br>        v. <br><br> INNOVATIVE HEALTH SOLUTIONS, INC., et al., <br><br>     Defendants. | Case No.: 1:19-cv-00355-RDB |

## DR. BHAMBHANI'S SUPPLEMENTAL ANSWERS AND OBJECTIONS TO IHS'S FIRST SET OF INTERROGATORIES

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, Plaintiff Ritu Bhambhani, M.D. ("Dr. Bhambhani") by and through counsel, serves these Supplemental Answers and Objections to the First Set of Interrogatories (the "Interrogatories") served by Defendant Innovative Health Solutions, Inc. ("IHS").

## GENERAL OBJECTIONS AND ASSUMPTIONS

The following general objections and assumptions apply to, and are hereby incorporated by reference into, every response to each individual Interrogatory.

1. In responding hereto, Dr. Bhambhani does not waive or otherwise limit: (1) her right to object on the grounds of relevance, materiality, competence, privilege, immunity from disclosure, admissibility, or any other proper ground, to the use of any such information, for any purpose, in whole or in part, in any subsequent stage or proceeding in this action or any other action; and (2) her right to object on any and all grounds, at any time, to any other procedures involving or relating to the subject matter of the Interrogatories.

1

2.      Dr. Bhambhani hereby responds to the Interrogatories and makes her responses and/or objections available to IHS and its attorneys for the purpose of this action, and for no other purpose.

3.      Dr. Bhambhani has exercised reasonable due diligence in responding to the Interrogatories pursuant to the Federal Rules of Civil Procedure and local rules of the District of Maryland. Nonetheless, Dr. Bhambhani reserves the right to amend her responses when and if additional requested information becomes known to her. Dr. Bhambhani further reserves the right to assert any applicable objections to the disclosure of any such additional information.

4.      Dr. Bhambhani objects to the Interrogatories to the extent that they are overly broad, unduly burdensome, and oppressive.

5.      Dr. Bhambhani objects to the Interrogatories to the extent that they are vague, ambiguous, and/or incomprehensible and therefore requires Dr. Bhambhani to engage in conjecture as to the meaning of any number of the Interrogatories.

6.      Dr. Bhambhani objects to the Interrogatories to the extent that they seek information that is neither relevant to the subject matter of this litigation, nor reasonably calculated to lead to the discovery of any relevant evidence.

7.      Dr. Bhambhani objects to the Interrogatories to the extent that they seek information and/or documents protected from disclosure by the attorney/client privilege, the work product privilege, the critical self-evaluative privilege, and/or any other privilege recognized by law. To the extent privileged information and/or documents protected from disclosure are provided by Dr. Bhambhani, in whole or in part, such action by Dr. Bhambhani is without prejudice to and is not a waiver of any subsequent assertion of privilege by Dr. Bhambhani as to the documents and/or information produced or identified.

8.      Dr. Bhambhani objects to the Interrogatories to the extent that they seek information and/or documents consisting of, or containing, confidential and/or proprietary business information or trade secrets.

9.      Dr. Bhambhani objects to the Interrogatories to the extent that they seek information and/or documents that are outside the scope of her possession, custody, or control.

10.      Dr. Bhambhani objects to the Interrogatories to the extent that they seek documents that already are in IHS's possession.

11.      Dr. Bhambhani objects to the Interrogatories to the extent that they seek information and/or documents that bear no logical or material relation to the facts here in issue.

12.      Dr. Bhambhani objects to the Interrogatories to the extent that they exceed the scope of permissible discovery and they seek to impose burdens and obligations upon Dr. Bhambhani beyond those contemplated by law.

13.      Dr. Bhambhani objects to the Interrogatories to the extent that they seek information and/or documents that are not proportional and/or relevant to the needs of the case.

## RESPONSES AND SPECIFIC OBJECTIONS

1.      Identify each employee, advisor, or consultant from whom you obtained advice or recommendations regarding which billing code to use for your requests for payments for neurostimulation devices.

**RESPONSE:**

In addition to her general objections noted above, Dr. Bhambhani objects to this Interrogatory because (i) it is overly broad, unduly burdensome, and oppressive in that it imposes burdens and/or expenses on Dr. Bhambhani that are not proportional to the needs of the case; and (ii) it seeks information irrelevant to the claims at issue, to the extent it seeks information for

neurostimulation devices other than IHS's neurostimulation device. Moreover, pursuant to Rule 33(d), the answer to this Interrogatory may be determined by examining business records that Dr. Bhambhani will produce in this action, and the burden of deriving or ascertaining the answer will be substantially the same for both parties. In addition, the answer to this Interrogatory may be determined by examining, auditing, compiling, abstracting, or summarizing IHS's own business records, many of which it has not yet produced, and the burden of deriving or ascertaining the answer will be substantially the same for either party, if not substantially easier for IHS.

Subject to the foregoing objections, Dr. Bhambhani communicated with Brian Carrico, Ryan Kuhlman, Robert A. "Bobby" Smith, and Kristen Brannon; all of whom were *de facto* agents of IHS, regarding coding reimbursement claims for dispensing IHS's neurostimulation device.

Dr. Bhambhani reserves the right to supplement this response during the continued course of discovery.

**SUPPLEMENTAL RESPONSE:**

In addition to her general objections and specific objections noted above, Dr. Bhambhani objects to this Interrogatory because the phrase "neurostimulation devices(s)" is vague and ambiguous to the extent it refers to any device other than the Neuro-Stim System ("NSS"); as such, Dr. Bhambhani's response to this Interrogatory is therefore limited to the NSS device. Dr. Bhambhani's initial response used the phrase "communication" rather than "advice or recommendations" because the phrase "advice or recommendations" is vague and ambiguous.

Subject to the foregoing objections, Dr. Bhambhani directs IHS to PLFS0008194-PLFS0008360;  PLFS0008475-PLFS0008504;  PLFS0008640-PLFS0008646;  PLFS0008649-PLFS0008654;  PLFS0008771-PLFS0008775;  PLFS0008778-PLFS0008814;  PLFS0008932-PLFS0008933;  PLFS0008936-PLFS0008939;  PLFS0010544-PLFS0010553;  PLFS0017317-

PLFS0017341;  PLFS0019324-PLFS0019822,  PLFS0019839-PLFS0019879,  P LFS0019987-

PLFS0019995; PLFS0020003- PLFS0020004; PLFS0020161- PLFS0020182; PLFS0020222-

PLFS0020229;  PLFS0020382-PLFS0020452;  PLFS0021012-PLFS0021209;  PLFS0021857-

PLFS0021863; PLFS0022224-PLFS0022225; PLFS0023207-PLFS0023226; and PLFS0023951-

PLFS0024116. Further, Dr. Bhambhani states that she is the single member and owner of both

Box Hill Surgery Center, LLC and Ritu Bhambhani LLC since each entity's inception. Dr.

Bhambhani is also gathering a list of all employees, officers, directors, and agents of each entity

between January 1, 2011 to present which will be provided to all Defendants by supplemental

narrative response.

Dr. Bhambhani reserves the right to further supplement this response during the continued

course of discovery.

2.      Identify each employee, officer, director, and/or owner of Innovative Health

Solutions with whom you, Ritu Bhambhani LLC, and/or Box Hill Surgery Center LLC have

communicated related to the billing, coding, or reimbursement for neurostimulation devices.

**RESPONSE:**

In addition to her general objections noted above, Dr. Bhambhani objects to this

Interrogatory because pursuant to Rule 33(d), the answer to this Interrogatory may be determined

by examining business records that Dr. Bhambhani will produce in this action, and the burden of

deriving or ascertaining the answer will be substantially the same for both parties. In addition, the

answer to this Interrogatory may be determined by examining, auditing, compiling, abstracting, or

summarizing IHS's own business records, many of which it has not yet produced, and the burden

of deriving or ascertaining the answer will be substantially the same for either party, if not

substantially easier for IHS.

Subject to the foregoing objections, Dr. Bhambhani directs IHS to her response to Interrogatory No. 1 above.

Dr. Bhambhani reserves the right to supplement this response during the continued course of discovery.

3.       For the period January 1, 2015 through the present, identify each employee, officer, director, owner, agent, vendor, or contractor of you, Ritu Bhambhani LLC, and/or Box Hill Surgery Center LLC, who was responsible for submitting payment or reimbursement requests to health insurance payors, including Medicare and Medicaid, for neurostimulation devices.

**RESPONSE**:

In addition to her general objections noted above, Dr. Bhambhani objects to this Interrogatory because it seeks information irrelevant to the claims at issue. Moreover, pursuant to Rule 33(d), the answer to this Interrogatory may be determined by examining business records that Dr. Bhambhani will produce in this action, and the burden of deriving or ascertaining the answer will be substantially the same for both parties. In addition, the answer to this Interrogatory may be determined by examining, auditing, compiling, abstracting, or summarizing IHS's own business records, many of which it has not yet produced, and the burden of deriving or ascertaining the answer will be substantially the same for either party, if not substantially easier for IHS.

Subject to the foregoing objections, Kristina Marcum ("Ms. Marcum"), the Office Manager for Dr. Bhambhani and her practice entities was responsible for overseeing the submission of payment and reimbursement requests to health insurance payors, including Medicare and Medicaid, for neurostimulation devices. Additionally, under the terms of the so-called "Full Service" program offered by IHS and/or its agents Acclivity Medical, LLC ("Acclivity") and Innovative Healthcare Solutions, LLC ("IHCS"), Dr. Bhambhani outsourced these services.

Dr. Bhambhani reserves the right to supplement this response during the continued course of discovery.

4.      For the period January 1, 2015 through the present, identify each employee, officer, director, owner, agent, vendor, or contractor of you, Ritu Bhambhani LLC, and/or Box Hill Surgery Center LLC who was responsible for designating a billing code for you to be paid or reimbursed by health insurance payors, including Medicare and Medicaid, for the neurostimulation devices.

**RESPONSE:**

In addition to her general objections noted above, Dr. Bhambhani objects to this Interrogatory because it seeks information irrelevant to the claims at issue. Moreover, pursuant to Rule 33(d), the answer to this Interrogatory may be determined by examining business records that Dr. Bhambhani will produce in this action, and the burden of deriving or ascertaining the answer will be substantially the same for both parties. In addition, the answer to this Interrogatory may be determined by examining, auditing, compiling, abstracting, or summarizing IHS's own business records, many of which it has not yet produced, and the burden of deriving or ascertaining the answer will be substantially the same for either party, if not substantially easier for IHS.

Subject to the foregoing objections, Dr. Bhambhani directs IHS to her response to Interrogatories No. 1 and 3 above.

Dr. Bhambhani reserves the right to supplement this response during the continued course of discovery.

5.      Identify each of your employees, officers, directors, owners, and/or agents of you, Ritu Bhambhani LLC, and/or Box Hill Surgery Center LLC who had access to the Centers for Medicare & Medicaid Services' Healthcare Common Procedure Coding System from January 1,

2015 through the present.

**RESPONSE**:

In addition to her general objections noted above, Dr. Bhambhani objects to this Interrogatory because it seeks information irrelevant to the claims at issue. Moreover, pursuant to Rule 33(d), the answer to this Interrogatory may be determined by examining business records that Dr. Bhambhani will produce in this action, and the burden of deriving or ascertaining the answer will be substantially the same for both parties. In addition, the answer to this Interrogatory may be determined by examining, auditing, compiling, abstracting, or summarizing IHS's own business records, many of which it has not yet produced, and the burden of deriving or ascertaining the answer will be substantially the same for either party, if not substantially easier for IHS.

Subject to the foregoing objections, Dr. Bhambhani directs IHS to her response to Interrogatories No. 1 and 3 above.

Dr. Bhambhani reserves the right to supplement this response during the continued course of discovery.

6.      Identify each employee, officer, director, owner, and/or agent of you, Ritu Bhambhani LLC, and/or Box Hill Surgery Center LLC who communicated with Joy Long and/or DragonSlayer related to the neurostimulation device at issue in this case.

**RESPONSE**:

Subject to the foregoing objections, neither Dr. Bhambhani nor any representative of her practice entities communicated with Joy Long or DragonSlayer at any time.

Dr. Bhambhani reserves the right to supplement this response during the continued course of discovery.

7.      Identify each employee, officer, director, owner, and/or agent of you, Ritu

Bhambhani LLC, and/or Box Hill Surgery Center LLC who communicated with IHCS related to the neurostimulation devices.

**RESPONSE:**

In addition to her general objections noted above, Dr. Bhambhani objects to this Interrogatory because pursuant to Rule 33(d), the answer to this Interrogatory may be determined by examining business records that Dr. Bhambhani will produce in this action, and the burden of deriving or ascertaining the answer will be substantially the same for both parties. In addition, the answer to this Interrogatory may be determined by examining, auditing, compiling, abstracting, or summarizing IHS's own business records, many of which it has not yet produced, and the burden of deriving or ascertaining the answer will be substantially the same for either party, if not substantially easier for IHS.

Subject to the foregoing objections, Dr. Bhambhani was the primary contact for her practice entities with each of the Defendants and their respective agents.

Dr. Bhambhani reserves the right to supplement this response during the continued course of discovery.

**SUPPLEMENTAL RESPONSE:**

Subject to the foregoing objections, Dr. Bhambhani directs IHS to PLFS0008194-PLFS0008360; PLFS0008482-PLFS0008504; PLFS0008640-PLFS0008646; PLFS0008651-PLFS0008652; PLFS0008772-PLFS0008775; PLFS0008778-PLFS0008814; PLFS0008932-PLFS0008933; PLFS0008936-PLFS0008939; PLFS0019324-PLFS0019822, PLFS0019839-PLFS0019879, P LFS0019987-PLFS0019995; PLFS0020003- PLFS0020004; PLFS0020161-PLFS0020182; PLFS0020217-PLFS0020229; PLFS0020382-PLFS0020452; PLFS0021012-PLFS0021209; PLFS0023207-PLFS0023226; and PLFS0023951-PLFS0024116.

Dr. Bhambhani reserves the right to further supplement this response during the continued course of discovery.

8.      Identify each employee, officer, director, owner, and/or agent of you, Ritu Bhambhani LLC, and/or Box Hill Surgery Center LLC who communicated with Ryan Kuhlman and/or Acclivity related to the neurostimulation devices.

**RESPONSE:**

In addition to her general objections noted above, Dr. Bhambhani objects to this Interrogatory because pursuant to Rule 33(d), the answer to this Interrogatory may be determined by examining business records that Dr. Bhambhani will produce in this action, and the burden of deriving or ascertaining the answer will be substantially the same for both parties. In addition, the answer to this Interrogatory may be determined by examining, auditing, compiling, abstracting, or summarizing IHS's own business records, many of which it has not yet produced, and the burden of deriving or ascertaining the answer will be substantially the same for either party, if not substantially easier for IHS.

Subject to the foregoing objections, Dr. Bhambhani directs IHS to her response to Interrogatory No. 7 above.

Dr. Bhambhani reserves the right to supplement this response during the continued course of discovery.

**SUPPLEMENTAL RESPONSE:**

Subject to the foregoing objections, Dr. Bhambhani directs IHS to her supplemental response to Interrogatory No. 7 above and to PLFS0008475-PLFS0008481; PLFS0008649-PLFS0008650;  PLFS0008653-PLFS0008654;  PLFS0008715-PLFS0008717;  PLFS0008771; PLFS0010544-PLFS0010553;   PLFS0019522-PLFS0019523;   PLFS0019738-PLFS0019740;

PLFS0019789-PLFS0019790;  PLFS0019864;  PLFS0020222-PLFS0020226;  PLFS0020227-PLFS0020229;  PLFS0021126-PLFS0021127;  PLFS0021857-PLFS0021863;  PLFS0022224-PLFS0022225;PLFS0023955-PLFS0023957;   PLFS0023966-PLFS0023967;   PLFS0023990-PLFS0023993; and PLFS0024000.

Dr. Bhambhani reserves the right to further supplement this response during the continued course of discovery.

9.      Identify each employee, officer, director, owner, and/or agent of you, Ritu Bhambhani LLC, and/or Box Hill Surgery Center LLC who communicated with Kimberly Coleman and/or Coleman Certified Medical Billing related to the neurostimulation device at issue in this case.

**RESPONSE:**

Subject to the foregoing objections, neither Dr. Bhambhani nor any representative of her practice entities communicated with Kimberly Coleman and/or Coleman Certified Medical Billing at any time.

Dr. Bhambhani reserves the right to supplement this response during the continued course of discovery.

10.     Identify each employee, officer, director, owner, and/or agent of you, Ritu Bhambhani LLC and/or Box Hill Surgery Center LLC who communicated with Matthew Miller related to the neurostimulation devices.

**RESPONSE:**

Subject to the foregoing objections, neither Dr. Bhambhani nor any representative of her practice entities communicated with Matthew Miller at any time.

Dr. Bhambhani reserves the right to supplement this response during the continued course

of discovery.

11.    Identify the dollar amount that each insurance payor has recouped from you with respect to the neurostimulation devices.

**RESPONSE:**

In addition to her general objections noted above, Dr. Bhambhani objects to this Interrogatory because pursuant to Rule 33(d), the answer to this Interrogatory may be determined by examining business records that Dr. Bhambhani will produce in this action, and the burden of deriving or ascertaining the answer will be substantially the same for both parties.

Subject to the foregoing objections, Dr. Bhambhani will respond to this Interrogatory by producing non-objectionable, non-privileged, responsive documents that have not previously been produced, that relate to the allegations set forth in this matter and which are identified by a reasonable, good-faith search of documents in Dr. Bhambhani's possession, custody, or control, if any exist. Upon the completion of Dr. Bhambhani's document production, she will provide the bates numbers of documents responsive to this Interrogatory. If, however, no responsive documents are identified and provided, Dr. Bhambhani will provide a narrative response.

Dr. Bhambhani reserves the right to supplement this response during the continued course of discovery.

**SUPPLEMENTAL RESPONSE:**

Subject to the foregoing objections, Dr. Bhambhani directs IHS to PLFS0000001-PLFS0008193; PLFS0016775-PLFS0016906; PLFS0016957-PLFS0016985; and PLFS0016988-PLFS0017316. Dr. Bhambhani is also gathering updated reports regarding the dollar amount that each insurance payor has recouped to date which will be provided to all Defendants by supplemental production. Both Ritu Bhambhani LLC and Box Hill Surgery Center LLC

maintained a different electronic medical record database program in approximate 2015-2016 than is use today which may result in multiple kinds of reports for that information. Further, a number of the Ritu Bhambhani LLC and Box Hill Surgery Center LLC claims for IHS' NSS device, as indicated the pleadings and records Plaintiffs have produced to date, were processed, and billed by Acclivity on behalf of Ritu Bhambhani LLC and Box Hill Surgery Center LLC such that certain records are solely in Acclivity and/or Ryan Kuhlman's possession, custody, or control.

Dr. Bhambhani reserves the right to further supplement this response during the continued course of discovery.

12.     Identify any calculation you use to estimate or establish the damages that you seek to recover in this lawsuit.

**RESPONSE:**

In addition to her general objections noted above, Dr. Bhambhani objects to this Interrogatory because pursuant to Rule 33(d), the answer to this Interrogatory may be determined by examining business records that Dr. Bhambhani will produce in this action, and the burden of deriving or ascertaining the answer will be substantially the same for both parties.

Subject to the foregoing objections, Dr. Bhambhani will respond to this Interrogatory by producing non-objectionable, non-privileged, responsive documents that have not previously been produced, that relate to the allegations set forth in this matter and which are identified by a reasonable, good-faith search of documents in Dr. Bhambhani's possession, custody, or control, if any exist. Upon the completion of Dr. Bhambhani's document production, she will provide the bates numbers of documents responsive to this Interrogatory. If, however, no responsive documents are identified and provided, Dr. Bhambhani will provide a narrative response.

Dr. Bhambhani reserves the right to supplement this response during the continued course

of discovery.

**SUPPLEMENTAL RESPONSE:**

Subject to the foregoing objections, Dr. Bhambhani directs IHS to her supplemental response to Interrogatory No. 11 above.

Dr. Bhambhani reserves the right to further supplement this response during the continued course of discovery.

13.     Identify the amount of money that has been offset from other claims payable to Ritu Bhambhani LLC and/or Box Hill Surgery Center LLC as alleged in Paragraph 53 of the Second Amended Complaint.

**RESPONSE:**

In addition to her general objections noted above, Dr. Bhambhani objects to this Interrogatory because it seeks information irrelevant to the claims at issue. Moreover, pursuant to Rule 33(d), the answer to this Interrogatory may be determined by examining business records that Dr. Bhambhani will produce in this action, and the burden of deriving or ascertaining the answer will be substantially the same for both parties.

Subject to the foregoing objections, Dr. Bhambhani will respond to this Interrogatory by producing non-objectionable, non-privileged, responsive documents that have not previously been produced, that relate to the allegations set forth in this matter and which are identified by a reasonable, good-faith search of documents in Dr. Bhambhani's possession, custody, or control, if any exist. Upon the completion of Dr. Bhambhani's document production, she will provide the bates numbers of documents responsive to this Interrogatory. If, however, no responsive documents are identified and provided, Dr. Bhambhani will provide a narrative response.

Dr. Bhambhani reserves the right to supplement this response during the continued course

of discovery.

**SUPPLEMENTAL RESPONSE:**

Subject to the foregoing objections, Dr. Bhambhani directs IHS to her supplemental response to Interrogatory No. 11 above.

Dr. Bhambhani reserves the right to further supplement this response during the continued course of discovery.

14.     Identify each of the "in excess of 100 persons" described in paragraph 88 of the Second Amended Complaint.

**RESPONSE:**

In addition to her general objections noted above, Dr. Bhambhani objects to this Interrogatory because it is a "contention" interrogatory, which purports to require Dr. Bhambhani to provide information that supports, refutes, relates to, or otherwise involves specific contentions in her complaint or IHS's answer or responses to other discovery, to which no response is required or appropriate until after fact discovery has been completed. Moreover, pursuant to Rule 33(d), the answer to this Interrogatory may be determined by examining, auditing, compiling, abstracting, or summarizing IHS's own business records, many of which it has not yet produced, and the burden of deriving or ascertaining the answer will be substantially the same for either party, if not substantially easier for IHS.

Dr. Bhambhani reserves the right to supplement this response during the continued course of discovery.

**SUPPLEMENTAL RESPONSE:**

Subject to the foregoing objections, pursuant to Rule 33(d), Dr. Bhambhani directs IHS to its own records IHSMD 437-813.

Dr. Bhambhani reserves the right to further supplement this response during the continued course of discovery.

15.     Identify each employee, officer, director, and/or owner of you, Ritu Bhambhani LLC, and/or Box Hill Surgery Center LLC who reviewed the "PowerPoint" presentation (attached as Exhibit 2 to the Second Amended Complaint) prior to purchasing any neurostimulation devices.

**<u>RESPONSE</u>:**

Subject to the foregoing objections, Dr. Bhambhani and Ms. Marcum reviewed the "PowerPoint" presentation (attached as Exhibit 2 to the Second Amended Complaint) before Dr. Bhambhani purchased any of IHS's neurostimulation devices.

Dr. Bhambhani reserves the right to supplement this response during the continued course of discovery.

16.     Identify each employee, officer, director, and/or owner of you, Ritu Bhambhani LLC, and/or Box Hill Surgery Center LLC who reviewed the FDA 510(k) Clearance Letter K140530 (attached as Exhibit 1 to the Second Amended Complaint) prior to purchasing any neurostimulation devices.

**<u>RESPONSE</u>:**

Subject to the foregoing objections, Dr. Bhambhani and Ms. Marcum reviewed FDA 510(k) Clearance Letter K140530 (attached as Exhibit 1 to the Second Amended Complaint) before Dr. Bhambhani purchased any of IHS's neurostimulation devices.

Dr. Bhambhani reserves the right to supplement this response during the continued course of discovery.

17.     Identify each person with knowledge of facts that support your allegations that the defendants in this action conspired in the alleged "NSS Coding Scheme."

**RESPONSE**:

In addition to her general objections noted above, Dr. Bhambhani objects to this Interrogatory because pursuant to Rule 33(d), the answer to this Interrogatory may be determined by examining, auditing, compiling, abstracting, or summarizing IHS's own business records, many of which it has not yet produced, and the burden of deriving or ascertaining the answer will be substantially the same for either party, if not substantially easier for IHS.

Subject to the foregoing objections, Dr. Bhambhani directs IHS to her response to Interrogatories No. 1 and 3 above.

Dr. Bhambhani reserves the right to supplement this response during the continued course of discovery.

18.    With respect to the "Science Video" described in Exhibit 5 to the 2nd Amended Complaint, identify each statement in that video that refers to billing, CPT billing codes, or reimbursement rates to be used for neurostimulation devices.

**RESPONSE:**

In addition to her general objections noted above, Dr. Bhambhani objects to this Interrogatory because it is a "contention" interrogatory, which purports to require Dr. Bhambhani to provide information that supports, refutes, relates to, or otherwise involves specific contentions in her complaint or IHS's answer or responses to other discovery, to which no response is required or appropriate until after fact discovery has been completed. Moreover, pursuant to Rule 33(d), the answer to this Interrogatory may be determined by examining, auditing, compiling, abstracting, or summarizing IHS's own business records, many of which it has not yet produced, and the burden of deriving or ascertaining the answer will be substantially the same for either party, if not substantially easier for IHS.

Subject to the foregoing objections, the "Science Video" described in Exhibit 5 to the 2nd Amended Complaint speaks for itself.

Dr. Bhambhani reserves the right to supplement this response during the continued course of discovery.

**SUPPLEMENTAL RESPONSE:**

Subject to the foregoing objections, Dr. Bhambhani directs IHS to PLFS0008194-PLFS0008304; PLFS0016908-PLFS0016956; PLFS0019324-PLFS0019359; PLFS0021020-PLFS0021056; PLFS0021155-PLFS0021191; and PLFS0080389-PLFS0080437.

Dr. Bhambhani reserves the right to further supplement this response during the continued course of discovery.

19.    With respect to the EAD Training Video and Dorsal Video described in Exhibit 9 to the Second Amended Complaint, identify each statement in those videos that refer to billing, CPT billing codes, or reimbursement rates to be used for neurostimulation devices.

**RESPONSE:**

In addition to her general objections noted above, Dr. Bhambhani objects to this Interrogatory because it is a "contention" interrogatory, which purports to require Dr. Bhambhani to provide information that supports, refutes, relates to, or otherwise involves specific contentions in her complaint or IHS's answer or responses to other discovery, to which no response is required or appropriate until after fact discovery has been completed. Moreover, pursuant to Rule 33(d), the answer to this Interrogatory may be determined by examining, auditing, compiling, abstracting, or summarizing IHS's own business records, many of which it has not yet produced, and the burden of deriving or ascertaining the answer will be substantially the same for either party, if not substantially easier for IHS.

Subject to the foregoing objections, the EAD Training Video and Dorsal Video described in Exhibit 9 to the Second Amended Complaint speaks for itself.

Dr. Bhambhani reserves the right to supplement this response during the continued course of discovery.

**SUPPLEMENTAL RESPONSE**:

Subject to the foregoing objections, Dr. Bhambhani directs IHS to PLFS0008417-PLFS0008418; PLFS0008474; PLFS0016908-PLFS0016956; PLFS0019461; PLFS0021070; and PLFS0080389-PLFS0080437.

Dr. Bhambhani reserves the right to further supplement this response during the continued course of discovery.

20.     State whether any of the damages that you seek in this case relate to your purchase of a "P-STIM" device.

**RESPONSE**:

Subject to the foregoing objections, Dr. Bhambhani is not seeking damages on behalf of herself and/or on behalf of the putative class for purchases and/or dispensing of the "P-STIM" device.

Dr. Bhambhani reserves the right to supplement this response during the continued course of discovery.

21.     Identify each person who saw or heard the statements attributed to Brian Carrico as described in Paragraph 31, 32, and 34 of the Second Amended Complaint.

**RESPONSE**:

In addition to her general objections noted above, Dr. Bhambhani objects to this Interrogatory because pursuant to Rule 33(d), the answer to this Interrogatory may be determined

by examining, auditing, compiling, abstracting, or summarizing IHS's own business records, many of which it has not yet produced, and the burden of deriving or ascertaining the answer will be substantially the same for either party, if not substantially easier for IHS.

Dr. Bhambhani reserves the right to supplement this response during the continued course of discovery.

**SUPPLEMENTAL RESPONSE:**

Subject to the foregoing objections, Dr. Bhambhani directs IHS to PLFS0016907-PLFS0016909.

Dr. Bhambhani reserves the right to further supplement this response during the continued course of discovery.

22.    Identify each commercial insurance provider and/or workers compensation insurance provider to whom you submitted requests for payment or reimbursement for the use of Innovative Health Solutions' neurostimulation device.

**RESPONSE:**

In addition to her general objections noted above, Dr. Bhambhani objects to this Interrogatory because pursuant to Rule 33(d), the answer to this Interrogatory may be determined by examining business records that Dr. Bhambhani will produce in this action, and the burden of deriving or ascertaining the answer will be substantially the same for both parties.

Subject to the foregoing objections, Dr. Bhambhani will respond to this Interrogatory by producing non-objectionable, non-privileged, responsive documents that have not previously been produced, that relate to the allegations set forth in this matter and which are identified by a reasonable, good-faith search of documents in Dr. Bhambhani's possession, custody, or control, if any exist. Upon the completion of Dr. Bhambhani's document production, she will provide the

bates numbers of documents responsive to this Interrogatory. If, however, no responsive documents are identified and provided, Dr. Bhambhani will provide a narrative response.

Dr. Bhambhani reserves the right to supplement this response during the continued course of discovery.

**SUPPLEMENTAL RESPONSE:**

Subject to the foregoing objections, Dr. Bhambhani directs IHS to her supplemental response to Interrogatory 11 above.

Dr. Rao reserves the right to further supplement this response during the continued course of discovery.

23.    Identify all communications related to neurostimulation between you and Tomahawk Medical and/or Dixon Medical related to billing, coding, or reimbursement for neurostimulation devices.

**RESPONSE:**

Subject to the foregoing objections, neither Dr. Bhambhani nor any representative of her practice entities communicated with Tomahawk Medical and/or Dixon Medical at any time.

Dr. Bhambhani reserves the right to supplement this response during the continued course of discovery.

Dated: April 21, 2021

Respectfully submitted,

s/ *Elizabeth A. Rice*

Ugo Colella (Bar. No. 17443)
COLELLA ZEFUTIE, LLC
1300 I Street, N.W., Suite 400E
Washington, D.C. 20005
(202) 920-0880

John J. Zefutie, Jr. (admitted *pro hac vice*)
COLELLA ZEFUTIE, LLC
116 Village Boulevard, Suite 200
Princeton, NJ 08540
(202) 920-0880

John W. Leardi (admitted *pro hac vice*)
Paul D. Werner (admitted *pro hac vice*)
Elizabeth A. Rice (Bar. No. 20426)
Nicole P. Allocca (admitted *pro hac vice*)
Frank X. Wukovits (admitted *pro hac vice*)
BUTTACI LEARDI & WERNER LLC
212 Carnegie Center, Suite 202
Princeton, New Jersey 08540
(609) 799-5150

## **CERTIFICATE OF SERVICE**

I certify that I caused the foregoing document to be served via electronic mail on all counsel for the parties on April 21, 2021. I certify under penalty of perjury that the foregoing is true and correct.

*s/ Elizabeth A Rice*
Elizabeth A Rice

## **CERTIFICATION**

I hereby certify that the foregoing responses and supplemental responses to Defendant Innovative Health Solutions, Inc.'s First Set of Interrogatories are true to the best of my knowledge and recollection. I am aware that if any of the foregoing statements are willfully false, I am subject to punishment.

Dated: April 21, 2021

Ritu Bhambhani, M.D.

24

## <u>CERTIFICATION OF FACSIMILE GENUINENESS</u>

I hereby certify that the above certification attached hereto contains a facsimile copy of the original signature of Ritu Bhambhani, M.D. who has acknowledged the genuineness of her signature. Further, a copy of said Certification with the original signatures affixed will be filed if requested by the Court.

*s/ Elizabeth A Rice*
Elizabeth A Rice
