Leardi Decl. Exhibit 7

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| |
|---|
| RITU BHAMBHANI, M.D., and SUDHIR RAO, M.D., *on behalf of themselves and all others similarly situated*, |
| Plaintiffs, |
| v. |
| INNOVATIVE HEALTH SOLUTIONS, INC., et al., |
| Defendants. |

Case No.: 1:19-cv-00355-RDB

**DR. RAO'S SUPPLEMENTAL ANSWERS AND OBJECTIONS TO**
**IHS'S FIRST SET OF INTERROGATORIES**

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, Plaintiff Sudhir Rao, M.D. ("Dr. Rao") by and through counsel, serves these Supplemental Answers and Objections to the First Set of Interrogatories (the "Interrogatories") served by Defendant Innovative Health Solutions, Inc. ("IHS").

**GENERAL OBJECTIONS AND ASSUMPTIONS**

The following general objections and assumptions apply to, and are hereby incorporated by reference into, every response to each individual Interrogatory.

1.      In responding hereto, Dr. Rao does not waive or otherwise limit: (1) his right to object on the grounds of relevance, materiality, competence, privilege, immunity from disclosure, admissibility, or any other proper ground, to the use of any such information, for any purpose, in whole or in part, in any subsequent stage or proceeding in this action or any other action; and (2) his right to object on any and all grounds, at any time, to any other procedures involving or relating to the subject matter of the Interrogatories.

1

2.      Dr. Rao hereby responds to the Interrogatories and makes his responses and/or objections available to IHS and its attorneys for the purpose of this action, and for no other purpose.

3.      Dr. Rao has exercised reasonable due diligence in responding to the Interrogatories pursuant to the Federal Rules of Civil Procedure and local rules of the District of Maryland. Nonetheless, Dr. Rao reserves the right to amend his responses when and if additional requested information becomes known to him. Dr. Rao further reserves the right to assert any applicable objections to the disclosure of any such additional information.

4.      Dr. Rao objects to these requests to the extent that they are overly broad, unduly burdensome, and oppressive.

5.      Dr. Rao objects to the Interrogatories to the extent that they are vague, ambiguous, and/or incomprehensible and therefore requires Dr.  Rao to engage in conjecture as to the meaning of any number of the Interrogatories.

6.      Dr. Rao objects to the Interrogatories to the extent that they seek information that is neither relevant to the subject matter of this litigation, nor reasonably calculated to lead to the discovery of any relevant evidence.

7.      Dr. Rao objects to the Interrogatories to the extent that they seek information and/or documents protected from disclosure by the attorney/client privilege, the work product privilege, the critical self-evaluative privilege, and/or any other privilege recognized by law. To the extent privileged information and/or documents protected from disclosure are provided by Dr. Rao, in whole or in part, such action by Dr. Rao is without prejudice to and is not a waiver of any subsequent assertion of privilege by Dr. Rao as to the documents and/or information produced or identified.

8.      Dr. Rao objects to the Interrogatories to the extent that they seek information and/or

documents consisting of, or containing, confidential and/or proprietary business information or trade secrets.

9.      Dr. Rao documents that are outside the scope of his possession, custody, or control.

10.     Dr. Rao objects to the Interrogatories to the extent that they seek documents that already are in IHS's possession.

11.     Dr. Rao objects to the Interrogatories to the extent that they seek information and/or documents that bear no logical or material relation to the facts here in issue.

12.     Dr. Rao objects to the Interrogatories to the extent that they exceed the scope of permissible discovery and they seek to impose burdens and obligations upon Dr. Rao beyond those contemplated by law.

13.     Dr. Rao objects to the Interrogatories to the extent that they seek information and/or documents that are not proportional and/or relevant to the needs of the case.

**RESPONSES AND SPECIFIC OBJECTIONS**

1.      Identify each employee, advisor, or consultant from whom you obtained advice or recommendations regarding which billing code to use for your requests for payments for neurostimulation devices.

**RESPONSE:**

In addition to his general objections noted above, Dr. Rao objects to this Interrogatory because (i) it is overly broad, unduly burdensome, and oppressive in that it imposes burdens and/or expenses on Dr. Rao that are not proportional to the needs of the case; and (ii) it seeks information irrelevant to the claims at issue, to the extent it seeks information for neurostimulation devices other than IHS's neurostimulation device. Moreover, pursuant to Rule 33(d), the answer to this Interrogatory may be determined by examining business records that Dr. Rao will produce in this

action, and the burden of deriving or ascertaining the answer will be substantially the same for both parties. In addition, the answer to this Interrogatory may be determined by examining, auditing, compiling, abstracting, or summarizing IHS's own business records, many of which it has not yet produced, and the burden of deriving or ascertaining the answer will be substantially the same for either party, if not substantially easier for IHS.

Subject to the foregoing objections, Dr. Rao and/or Ginny Goldbach, Chief Financial Officer for Radiance Surgery Center, ("Ms. Goldbach") on behalf of Dr. Rao communicated with Matter Miller, Ryan Kuhlman, Joy Long, and Kimberly Coleman; all of whom were *de facto* agents of IHS, regarding coding reimbursement claims for dispensing IHS's neurostimulation device.

Dr. Rao reserves the right to supplement this response during the continued course of discovery.

**<u>SUPPLEMENTAL RESPONSE</u>:**

In addition to his general objections and specific objections noted above, Dr. Rao objects to this Interrogatory because the phrase "neurostimulation devices(s)" is vague and ambiguous to the extent it refers to any device other than the Neuro-Stim System ("NSS"); as such, Dr. Rao's response to this Interrogatory is therefore limited to the NSS device. Dr. Rao's initial response used the phrase "communication" rather than "advice or recommendations" because the phrase "advice or recommendations" is vague and ambiguous.

Subject to the foregoing objections, Dr. Rao, Ginny Goldbach, and/or Camila Lopez ("Ms. Lopez") communicated with IHS, Joy Long, DragonSlayer, Matter Miller, Ryan Kuhlman, Joy Long, Kimberly Coleman, and/or Acclivity regarding coding reimbursement claims for dispensing IHS's neurostimulation device. Dr. Rao is also gathering a list of all employees, officers, directors, and agents of each entity between January 1, 2011 to present which will be provided to all

Defendants by supplemental narrative response. Dr. Rao also directs IHS to PLFS0010518-PLFS0010590;  PLFS0043162-PLFS0043221;  PLFS0043269-PLFS0043300;  PLFS0043456-PLFS0043490;  PLFS0043551-PLFS0043634;  PLFS0043689-PLFS0043689;  PLFS0043765-PLFS0043778;  PLFS0043799-PLFS0043800;  PLFS0044019-PLFS0044028;  PLFS0044090-PLFS0044104;  PLFS0044208-PLFS0044209;  PLFS0044380-PLFS0044384;  PLFS0044396-PLFS0044396;  PLFS0044403-PLFS0044406;  PLFS0044421-PLFS0044431;  PLFS0045177;  PLFS0045188-PLFS0045189;  PLFS0045201;  PLFS0045220;  PLFS0045232-PLFS0045237;  PLFS0045256-PLFS0045262;  PLFS0045276;  PLFS0045287-PLFS0045288;  PLFS0045525-PLFS0045529;  PLFS0045541;  PLFS0045548;  PLFS0056593-PLFS0056600;  PLFS0056612;  PLFS0056619;  PLFS0056621-PLFS0056625;  PLFS0056637;  PLFS0056644;  PLFS0056646;  PLFS0056657-PLFS0056658;  PLFS0056670;  PLFS0056689;  PLFS0056701-PLFS0056704;  PLFS0056715-PLFS0056716;   PLFS0056728-PLFS0056730;   PLFS0056744-PLFS0056745;  PLFS0056764-PLFS0056795;   PLFS0056843-PLFS0056873;   PLFS0058390-PLFS0058454;  PLFS0058929-PLFS0058932;   PLFS0058984-PLFS0058993;   PLFS0062968-PLFS0062969;  PLFS0063681-PLFS0063684;   PLFS0063699-PLFS0063731;   PLFS0063762-PLFS0063765;  PLFS0063775-PLFS0064330;   PLFS0064353-PLFS0064364;   PLFS0064839-PLFS0064925;  PLFS0064973-PLFS0065016;   PLFS0065074-PLFS0065078;   PLFS0065085-PLFS0065384;  PLFS0065455-PLFS0065515;   PLFS0065572-PLFS0065576;   PLFS0065714-PLFS0065717;  PLFS0065757-PLFS0065788;   PLFS0066540-PLFS0066550;   PLFS0066875-PLFS0066877;  PLFS0066983-PLFS0066984;  PLFS0067455;  PLFS0071379;  PLFS0071399;  PLFS0071400-PLFS0071401;  PLFS0071460-PLFS0071582;  PLFS0071730-PLFS0071732;  PLFS0071740-PLFS0071773;  PLFS0072024-PLFS0072073;  PLFS0072113;  PLFS0072165;  PLFS0072336-PLFS0072681;  PLFS0072692-PLFS0072693;  PLFS0072708-PLFS0072732;  PLFS0072802;

PLFS0072869-PLFS0072877;  PLFS0073036-PLFS0073047;  PLFS0074428;  PLFS0075148-
PLFS0075280;  PLFS0075293-PLFS0075384;  PLFS0075393-PLFS0075394;  PLFS0075402-
PLFS0075409;  PLFS0075412-PLFS0075413;  PLFS0075763;  PLFS0075790-PLFS0075806;
PLFS0075825-PLFS0075858;  PLFS0075967-PLFS0075978;  PLFS0075982;  PLFS0075990;
PLFS0076014-PLFS0076026;   PLFS0076725-PLFS0076727;   PLFS0076734-PLFS0076775;
PLFS0076783-PLFS0076888;  PLFS0076916;  PLFS0076921;  PLFS0076923-PLFS0076938;
PLFS0076943-PLFS0076983;   PLFS0077690-PLFS0077714;   PLFS0079377-PLFS0079378;
PLFS0079385  PLFS0079408;  PLFS0079434-PLFS0079439;  PLFS0079769  PLFS0079770;
PLFS0079792-PLFS0080179;  PLFS0080251-PLFS0080253;  PLFS0080262;  PLFS0080265;
PLFS0080321;  PLFS0080347-PLFS0080845;  PLFS0080925-PLFS0081048;  PLFS0081061-
PLFS0081071;  PLFS0081093-PLFS0081958;  PLFS0082037-PLFS0082044;  PLFS0082107-
PLFS0082122;   PLFS0082352-PLFS0082479;   PLFS010544-PLFS010553;   PLFS0140599-
PLFS0140936;  PLFS0140956-PLFS0140968;  PLFS0141097-PLFS0141099;  PLFS0141144-
PLFS0141161;  PLFS0141224-PLFS0141225;  PLFS0141288-PLFS0141316;  PLFS0141366-
PLFS0141369;  PLFS0141373- PLFS0141374;  PLFS0141385-PLFS0141391;  PLFS0141404-
PLFS0141409;  PLFS0141412-PLFS0141439;  PLFS0141489-PLFS0141551;  PLFS0141576-
PLFS0141610;  PLFS0141632-PLFS0141678;  PLFS0141760;  PLFS0141939-PLFS0141955;
PLFS0141973;  PLFS0141988-PLFS0141997;  PLFS0142005-PLFS0142014;  PLFS0142042-
PLFS0142275; PLFS0142308-PLFS0142317; PLFS0142339-PLFS0142340; and PLFS0151542-
PLFS0151544. Further, Dr. Rao states that he is the sole member and owner of SimCare LLC since
the entity's inception. Dr. Rao also states that he is the sole member and owner of Pain and Spine
Specialists of Maryland, LLC since the entity's inception. Dr. Rao also states that he, Christopher
Manning, Derrick Fluhme, Gregory Habib, and Damon Combs are the members and owners of

Radiance – A Private Outpatient Surgery Center, LLC since the entity's inception. Dr. Rao also states that he, Suhas Badarinath, and Priya Venkataraman-Rao are the members and owners of Elkridge Surgery Center since inception. Finally, Dr. Rao also states that he and Rishi Bhatnagar are the members and owners of Gemini ASC-Elkridge since the entity's inception. Dr. Rao is also gathering a list of all employees, officers, directors, and agents of each entity between January 1, 2011 to present which will be provided to all Defendants by supplemental narrative response.

Dr. Rao reserves the right to further supplement this response during the continued course of discovery.

2.      Identify each employee, officer, director, and/or owner of Innovative Health Solutions with whom you have communicated related to the billing, coding, or reimbursement for neurostimulation devices.

**RESPONSE:**

In addition to his general objections noted above, Dr. Rao objects to this Interrogatory because pursuant to Rule 33(d), the answer to this Interrogatory may be determined by examining business records that Dr. Rao will produce in this action, and the burden of deriving or ascertaining the answer will be substantially the same for both parties. In addition, the answer to this Interrogatory may be determined by examining, auditing, compiling, abstracting, or summarizing IHS's own business records, many of which it has not yet produced, and the burden of deriving or ascertaining the answer will be substantially the same for either party, if not substantially easier for IHS.

Subject to the foregoing objections, Dr. Rao directs IHS to his response to Interrogatory No. 1 above.

Dr. Rao reserves the right to supplement this response during the continued course of

discovery.

3.      Identify each employee, officer, director, and/or owner of Innovative Health Solutions with whom SimCare LLC, Pain and Spine Specialists of Maryland, LLC, Radiance Surgery Center, Elkridge Surgery Center, and/or Gemini ASC-Elkridge communicated related to the billing, coding, or reimbursement for neurostimulation devices.

**RESPONSE:**

In addition to his general objections noted above, Dr. Rao objects to this Interrogatory because pursuant to Rule 33(d), the answer to this Interrogatory may be determined by examining business records that Dr. Rao will produce in this action, and the burden of deriving or ascertaining the answer will be substantially the same for both parties. In addition, the answer to this Interrogatory may be determined by examining, auditing, compiling, abstracting, or summarizing IHS's own business records, many of which it has not yet produced, and the burden of deriving or ascertaining the answer will be substantially the same for either party, if not substantially easier for IHS.

Subject to the foregoing objections, Dr. Rao directs IHS to his response to Interrogatory No. 1 above.

Dr. Rao reserves the right to supplement this response during the continued course of discovery.

4.      For the period January 1, 2015 through the present, identify each employee, officer, director, owner, agent, vendor, or contractor of you, SimCare LLC, Pain and Spine Specialists of Maryland, LLC, Radiance Surgery Center, Elkridge Surgery Center, and/or Gemini ASC-Elkridge who was responsible for submitting requests for payment or reimbursement to health insurance payors, including Medicare and Medicaid, for neurostimulation devices.

**RESPONSE:**

In addition to his general objections noted above, Dr. Rao objects to this Interrogatory because it seeks information irrelevant to the claims at issue. Moreover, pursuant to Rule 33(d), the answer to this Interrogatory may be determined by examining business records that Dr. Rao will produce in this action, and the burden of deriving or ascertaining the answer will be substantially the same for both parties. In addition, the answer to this Interrogatory may be determined by examining, auditing, compiling, abstracting, or summarizing IHS's own business records, many of which it has not yet produced, and the burden of deriving or ascertaining the answer will be substantially the same for either party, if not substantially easier for IHS.

Subject to the foregoing objections, Ms. Goldbach, Katie Finkbeiner ("Ms. Finkbeiner"), and Camila Lopez ("Ms. Lopez") was responsible for overseeing the submission of payment and reimbursement requests to health insurance payors, including Medicare and Medicaid, for neurostimulation devices.

Dr. Rao reserves the right to supplement this response during the continued course of discovery.

5.      For the period January 1, 2015 through the present, identify each employee, officer, director, owner, agent, vendor, or contractor of you, SimCare LLC, Pain and Spine Specialists of Maryland, LLC, Radiance Surgery Center, Elkridge Surgery Center, and/or Gemini ASC-Elkridge who was responsible for designating a billing code for you to be paid or reimbursed by health insurance payors, including Medicare and Medicaid, for neurostimulation devices.

**RESPONSE:**

In addition to his general objections noted above, Dr. Rao objects to this Interrogatory because it seeks information irrelevant to the claims at issue. Moreover, pursuant to Rule 33(d),

the answer to this Interrogatory may be determined by examining business records that Dr. Rao will produce in this action, and the burden of deriving or ascertaining the answer will be substantially the same for both parties. In addition, the answer to this Interrogatory may be determined by examining, auditing, compiling, abstracting, or summarizing IHS's own business records, many of which it has not yet produced, and the burden of deriving or ascertaining the answer will be substantially the same for either party, if not substantially easier for IHS.

Subject to the foregoing objections, Dr. Rao directs IHS to his response to Interrogatory No. 4 above.

Dr. Rao reserves the right to supplement this response during the continued course of discovery.

6.      Identify each of your employees, officers, directors, owners, and/or agents of you, SimCare LLC, Pain and Spine Specialists of Maryland, LLC, Radiance Surgery Center, Elkridge Surgery Center, and/or Gemini ASC-Elkridge who had access to the Center for Medicare and Medicaid Services' Healthcare Common Procedure Coding System from January 1, 2015 through the present.

**<u>RESPONSE</u>:**

In addition to his general objections noted above, Dr. Rao objects to this Interrogatory because it seeks information irrelevant to the claims at issue. Moreover, pursuant to Rule 33(d), the answer to this Interrogatory may be determined by examining business records that Dr. Rao will produce in this action, and the burden of deriving or ascertaining the answer will be substantially the same for both parties. In addition, the answer to this Interrogatory may be determined by examining, auditing, compiling, abstracting, or summarizing IHS's own business records, many of which it has not yet produced, and the burden of deriving or ascertaining the

answer will be substantially the same for either party, if not substantially easier for IHS.

Subject to the foregoing objections, Dr. Rao directs IHS to his response to Interrogatories No. 4 and 5 above.

Dr. Rao reserves the right to supplement this response during the continued course of discovery.

7.  Identify each employee, officer, director, owner, and/or agent of you, SimCare LLC, Pain and Spine Specialists of Maryland, LLC, Radiance Surgery Center, Elkridge Surgery Center, and/or Gemini ASC-Elkridge who communicated with Joy Long and/or DragonSlayer related to neurostimulation devices.

**RESPONSE:**

Subject to the foregoing objections, Dr. Rao provides that during the relevant period, Ms. Goldbach communicated with Joy Long and/or DragonSlayer related to neurostimulation devices.

Dr. Rao reserves the right to supplement this response during the continued course of discovery.

**SUPPLEMENTAL RESPONSE:**

Subject to the foregoing objections, Dr. Rao directs IHS to PLFS0043541; PLFS0043566; PLFS0043589; PLFS0045177-PLFS0045178; PLFS0045235; PLFS0045276; PLFS0056646-PLFS0056647; PLFS0056704; PLFS0056844-PLFS0056853; PLFS0072682; and PLFS0072705-PLFS0072707.

Dr. Rao reserves the right to further supplement this response during the continued course of discovery.

8.  Identify each employee, officer, director, owner, and/or agent of you, SimCare LLC, Pain and Spine Specialists of Maryland, LLC, Radiance Surgery Center, Elkridge Surgery

Center, and/or Gemini ASC-Elkridge who communicated with IHCS related to neurostimulation devices.

**RESPONSE:**

Subject to and without waiving the foregoing objections, Plaintiff Dr. Rao states that neither Dr. Rao, SimCare LLC; Pain and Spine Specialists of Maryland, LLC; Radiance Surgery Center; Elkridge Surgery Center; nor Gemini ASC-Elkridge communicated with Defendant IHCS at any time.

Dr. Rao reserves the right to supplement this response during the continued course of discovery.

9.     Identify each employee, officer, director, owner, and/or agent of you, SimCare LLC, Pain and Spine Specialists of Maryland, LLC, Radiance Surgery Center, Elkridge Surgery Center, and/or Gemini ASC-Elkridge who communicated with Ryan Kuhlman and/or Acclivity related to the neurostimulation device at issue in this case.

**RESPONSE:**

In addition to his general objections noted above, Dr. Rao objects to this Interrogatory because pursuant to Rule 33(d), the answer to this Interrogatory may be determined by examining business records that Dr. Rao will produce in this action, and the burden of deriving or ascertaining the answer will be substantially the same for both parties. In addition, the answer to this Interrogatory may be determined by examining, auditing, compiling, abstracting, or summarizing IHS's own business records, many of which it has not yet produced, and the burden of deriving or ascertaining the answer will be substantially the same for either party, if not substantially easier for IHS.

Dr. Rao reserves the right to supplement this response during the continued course of

discovery.

**SUPPLEMENTAL RESPONSE:**

Subject to the foregoing objections, Dr. Rao, Ginny Goldbach, and/or Camila Lopez communicated with, Ryan Kuhlman and/or Acclivity regarding IHS's neurostimulation device. Dr. Rao also directs IHS to PLFS0043280-PLFS0043291; PLFS0056772-PLFS0056784; PLFS0056857-PLFS0056871; PLFS010544-PLFS010553; PLFS0140669-PLFS0140673; and PLFS0151542- PLFS0151544.

Dr. Rao reserves the right to further supplement this response during the continued course of discovery.

10.      Identify each employee, officer, director, owner, and/or agent of you, SimCare LLC, Pain and Spine Specialists of Maryland, LLC, Radiance Surgery Center, Elkridge Surgery Center, and/or Gemini ASC-Elkridge who communicated with Kimberly Coleman and/or Coleman Certified Medical Billing related to neurostimulation devices.

**RESPONSE:**

In addition to his general objections noted above, Dr. Rao objects to this Interrogatory because pursuant to Rule 33(d), the answer to this Interrogatory may be determined by examining business records that Dr. Rao will produce in this action, and the burden of deriving or ascertaining the answer will be substantially the same for both parties. In addition, the answer to this Interrogatory may be determined by examining, auditing, compiling, abstracting, or summarizing IHS's own business records, many of which it has not yet produced, and the burden of deriving or ascertaining the answer will be substantially the same for either party, if not substantially easier for IHS.

Subject to the foregoing objections, Dr. Rao and Ms. Goldbach were the primary contacts

for Dr. Rao's practice entities with Kimberly Coleman and/or Coleman Certified Medical Billing related to neurostimulation devices.

Dr. Rao reserves the right to supplement this response during the continued course of discovery.

**SUPPLEMENTAL RESPONSE:**

Subject to the foregoing objections, Dr. Rao directs IHS to PLFS0044208-PLFS0044209; PLFS0044406; PLFS0044421-PLFS0044430; PLFS0045220; PLFS0056689; PLFS0079377; PLFS0080321; PLFS0080527; PLFS0080530; PLFS0080773-PLFS0080774; PLFS0080838-PLFS0080840; PLFS0081080; PLFS0082037-PLFS0082044; PLFS0082108-PLFS0082110; PLFS0082123-PLFS0082124; PLFS0082356; PLFS0140967-PLFS0140968; PLFS0141093-PLFS0141096; and PLFS0141443.

Dr. Rao reserves the right to further supplement this response during the continued course of discovery.

11.    Identify each employee, officer, director, owner, and/or agent of you, SimCare LLC, Pain and Spine Specialists of Maryland, LLC, Radiance Surgery Center, Elkridge Surgery Center, and/or Gemini ASC-Elkridge who communicated with Matthew Miller related to neurostimulation devices.

**RESPONSE:**

In addition to his general objections noted above, Dr. Rao objects to this Interrogatory because pursuant to Rule 33(d), the answer to this Interrogatory may be determined by examining business records that Dr. Rao will produce in this action, and the burden of deriving or ascertaining the answer will be substantially the same for both parties. In addition, the answer to this Interrogatory may be determined by examining, auditing, compiling, abstracting, or summarizing

IHS's own business records, many of which it has not yet produced, and the burden of deriving or ascertaining the answer will be substantially the same for either party, if not substantially easier for IHS.

Subject to the foregoing objections, Dr. Rao and Ms. Goldbach were the primary contact for Dr. Rao's practice entities with Matthew Miller related to neurostimulation devices.

Dr. Rao reserves the right to supplement this response during the continued course of discovery.

**SUPPLEMENTAL RESPONSE:**

Subject to the foregoing objections, Dr. Rao directs IHS to PLFS0040622; PLFS0043162-PLFS0043163; PLFS0043191; PLFS0043219; PLFS0043269-PLFS0043271; PLFS0043273-PLFS0043277; PLFS0043280-PLFS0043289; PLFS0043293-PLFS0043294; PLFS0043296; PLFS0043299; PLFS0043460; PLFS0043488; PLFS0043541; PLFS0043564-PLFS0043566; PLFS0043589; PLFS0043612-PLFS0043615; PLFS0043619; PLFS0043623; PLFS0043631-PLFS0043634; PLFS0043689; PLFS0043766; PLFS0043768-PLFS0043800; PLFS0044208-PLFS0044209; PLFS0044406; PLFS0044421-PLFS0044431; PLFS0045178; PLFS0045201; PLFS0045220; PLFS0045232-PLFS0045233; PLFS0056647; PLFS0056670; PLFS0056689; PLFS0056701-PLFS0056702; PLFS0056769-PLFS0056770; PLFS0056772-PLFS0056781; PLFS0056785-PLFS0056786; PLFS0056789-PLFS0056791; PLFS0056793-PLFS0056793; PLFS0056854; PLFS0056857-PLFS0056858; PLFS0056872-PLFS0056873; PLFS0058391; PLFS0058419-PLFS0058420; PLFS0058423-PLFS0058425; PLFS0063681-PLFS0063684; PLFS0063699-PLFS0063700; PLFS0063805; PLFS0063918; PLFS0065350; PLFS0066541-PLFS0066542; PLFS0066547-PLFS0066550; PLFS0071379; PLFS0071400-PLFS0071401; PLFS0071460-PLFS0071467; PLFS0071471-PLFS0071472; PLFS0071483-PLFS0071493;

PLFS0071499-PLFS0071527;  PLFS0071532;  PLFS0071568-PLFS0071579;  PLFS0071716;

PLFS0071730;  PLFS0071768-PLFS0071769;  PLFS0071770-PLFS0071772;  PLFS0071784-

PLFS0071799;  PLFS0071816;  PLFS0071841-PLFS0071846;  PLFS0071865;  PLFS0071884-

PLFS0071887;  PLFS0071905;  PLFS0071926-PLFS0071928;  PLFS0071932-PLFS0071937;

PLFS0071988;  PLFS0072017-PLFS0072023;  PLFS0072165;  PLFS0072297-PLFS0072298;

PLFS0072326-PLFS0072336;  PLFS0072429;  PLFS0072433;  PLFS0072519;  PLFS0072642-

PLFS0072646;  PLFS0072675-PLFS0072682;  PLFS0072705-PLFS0072723;  PLFS0072732;

PLFS0072862;  PLFS0072869-PLFS0072875;  PLFS0073036-PLFS0073047;  PLFS0074428-

PLFS0074430;  PLFS0075148-PLFS0075155;  PLFS0075264-PLFS0075265;  PLFS0075293;

PLFS0075328;  PLFS0075343-PLFS0075344;  PLFS0075351;  PLFS0075382-PLFS0075384;

PLFS0075393-PLFS0075394;  PLFS0075412-PLFS0075413;  PLFS0075762;  PLFS0076767;

PLFS0076774-PLFS0076775;  PLFS0076783-PLFS0076810;  PLFS0076916;  PLFS0079377-

PLFS0079378;  PLFS0079792;  PLFS0080321;  PLFS0080324-PLFS0080325;  PLFS0080332-

PLFS0080333;  PLFS0080336-PLFS0080344;  PLFS0080535-PLFS0080536;  PLFS0080947;

PLFS0080949;  PLFS0080955;  PLFS0081053;  PLFS0081072;  PLFS0081080-PLFS0081084;

PLFS0082037-PLFS0082044;   PLFS0082108-PLFS0082109;   PLFS0082471-PLFS0082472;

PLFS0140599-PLFS0140600;   PLFS0140651-PLFS0140652;   PLFS0140655-PLFS0140657;

PLFS0140669;  PLFS0140673;  PLFS0140684;  PLFS0140692;  PLFS0140697;  PLFS0140702-

PLFS0140706;  PLFS0140711-PLFS0140714;  PLFS0140763-PLFS0140764;  PLFS0140771-

PLFS0140778;  PLFS0140781-PLFS0140790;  PLFS0140795-PLFS0140820;  PLFS0140844-

PLFS0140860;  PLFS0140864;  PLFS0140869;  PLFS0140871;  PLFS0140874;  PLFS0140892;

PLFS0140967-PLFS0140968;  PLFS0141147-PLFS0141149;  PLFS0141152;  PLFS0141293;

PLFS0141298;  PLFS0141300;  PLFS0141306-PLFS0141309;  PLFS0141316;  PLFS0141363-

PLFS0141365;  PLFS0141373-PLFS0141374;  PLFS0141386-PLFS0141391;  PLFS0141404-PLFS0141409;  PLFS0141442;  PLFS0141448-PLFS0141450;  PLFS0141480;  PLFS0141483; PLFS0141486-PLFS0141487;  PLFS0141511;  PLFS0141513;  PLFS0141518-PLFS0141520; PLFS0141535;  PLFS0141547;  PLFS0141549;  PLFS0141600;  PLFS0141602-PLFS0141603; PLFS0141611;  PLFS0141627;  PLFS0141631;  PLFS0141634-PLFS0141635;  PLFS0141939-PLFS0141955;  PLFS0141988-PLFS0141997; PLFS0142005-PLFS0142014; and PLFS0142042-PLFS0142275.

Dr. Rao reserves the right to further supplement this response during the continued course of discovery.

12.     With respect to the neurostimulation devices at issue in this case, identify the dollar amount that each insurance payor has recouped from you with respect to the neurostimulation devices.

**RESPONSE:**

In addition to his general objections noted above, Dr. Rao objects to this Interrogatory because pursuant to Rule 33(d), the answer to this Interrogatory may be determined by examining business records that Dr. Rao will produce in this action, and the burden of deriving or ascertaining the answer will be substantially the same for both parties.

Subject to the foregoing objections, Dr. Rao will respond to this Interrogatory by producing non-objectionable, non-privileged, responsive documents that have not previously been produced, that relate to the allegations set forth in this matter and which are identified by a reasonable, good-faith search of documents in Rao's possession, custody, or control, if any exist. Upon the completion of Dr. Rao's document production, he will provide the bates numbers of documents responsive to this Interrogatory. If, however, no responsive documents are identified and provided,

Dr. Rao will provide a narrative response.

Dr. Rao reserves the right to supplement this response during the continued course of discovery.

**SUPPLEMENTAL RESPONSE:**

Subject to the foregoing objections, Dr. Rao directs IHS to PLFS0008958-PLFS0010517; and PLFS0010591-PLFS0016774. Dr. Rao is also gathering updated reports regarding the dollar amount that each insurance payor has recouped to date which will be provided to all Defendants by supplemental production.

Dr. Rao reserves the right to further supplement this response during the continued course of discovery.

13.    Identify each person with knowledge of the "difficulties" you experienced as alleged in Paragraph 59 of the Second Amended Complaint.

**RESPONSE:**

In addition to his general objections noted above, Dr. Rao objects to this Interrogatory because pursuant to Rule 33(d), the answer to this Interrogatory may be determined by examining business records that Dr. Rao will produce in this action, and the burden of deriving or ascertaining the answer will be substantially the same for both parties.

Subject to the foregoing objections, Dr. Rao will respond to this Interrogatory by producing non-objectionable, non-privileged, responsive documents that have not previously been produced, that relate to the allegations set forth in this matter and which are identified by a reasonable, good-faith search of documents in Rao's possession, custody, or control, if any exist. Upon the completion of Dr. Rao's document production, he will provide the bates numbers of documents responsive to this Interrogatory. If, however, no responsive documents are identified and provided,

Dr. Rao will provide a narrative response.

Dr. Rao reserves the right to supplement this response during the continued course of discovery.

**SUPPLEMENTAL RESPONSE:**

Subject to the foregoing objections, Dr. Rao directs IHS to his supplemental response to Interrogatory 12 above and to PLFS0010591-PLFS0010690.

Dr. Rao reserves the right to further supplement this response during the continued course of discovery.

14.     Identify any calculation you use to estimate or establish the damages that you seek to recover in this lawsuit.

**RESPONSE:**

In addition to his general objections noted above, Dr. Rao objects to this Interrogatory because pursuant to Rule 33(d), the answer to this Interrogatory may be determined by examining business records that Dr. Rao will produce in this action, and the burden of deriving or ascertaining the answer will be substantially the same for both parties.

Subject to the foregoing objections, Dr. Rao will respond to this Interrogatory by producing non-objectionable, non-privileged, responsive documents that have not previously been produced, that relate to the allegations set forth in this matter and which are identified by a reasonable, good-faith search of documents in Dr. Rao's possession, custody, or control, if any exist. Upon the completion of Dr. Rao's document production, he will provide the bates numbers of documents responsive to this Interrogatory. If, however, no responsive documents are identified and provided, Dr. Rao will provide a narrative response.

Dr. Rao reserves the right to supplement this response during the continued course of

discovery.

**SUPPLEMENTAL RESPONSE:**

Subject to the foregoing objections, Dr. Rao directs IHS to his supplemental response to Interrogatory 12 and 13 above.

Dr. Rao reserves the right to further supplement this response during the continued course of discovery.

15.     With reference to the allegations contained in Paragraph 59 of the Second Amended Complaint, identify the payers that inquired to you and the substance of their inquiries regarding the "use and billing of NSS."

**RESPONSE:**

In addition to his general objections noted above, Dr. Rao objects to this Interrogatory because pursuant to Rule 33(d), the answer to this Interrogatory may be determined by examining business records that Dr. Rao will produce in this action, and the burden of deriving or ascertaining the answer will be substantially the same for both parties.

Subject to the foregoing objections, Dr. Rao directs IHS to his response to Interrogatory No. 12.

Dr. Rao reserves the right to supplement this response during the continued course of discovery.

**SUPPLEMENTAL RESPONSE:**

Subject to the foregoing objections, Dr. Rao directs IHS to his supplemental response to Interrogatory 12 and 13 above.

Dr. Rao reserves the right to further supplement this response during the continued course of discovery.

16.     Identify the dollar amount that has been offset from other claims payable to SimCare and to PASS MD as alleged in Paragraph 67 of the Second Amended Complaint.

**RESPONSE:**

In addition to his general objections noted above, Dr. Rao objects to this Interrogatory because it seeks information irrelevant to the claims at issue. Moreover, pursuant to Rule 33(d), the answer to this Interrogatory may be determined by examining business records that Dr. Rao will produce in this action, and the burden of deriving or ascertaining the answer will be substantially the same for both parties.

Subject to the foregoing objections, Dr. Rao will respond to this Interrogatory by producing non-objectionable, non-privileged, responsive documents that have not previously been produced, that relate to the allegations set forth in this matter and which are identified by a reasonable, good-faith search of documents in Dr. Rao's possession, custody, or control, if any exist. Upon the completion of Dr. Rao's document production, he will provide the bates numbers of documents responsive to this Interrogatory. If, however, no responsive documents are identified and provided, Dr. Rao will provide a narrative response.

Dr. Rao reserves the right to supplement this response during the continued course of discovery.

**SUPPLEMENTAL RESPONSE:**

Subject to the foregoing objections, Dr. Rao directs IHS to his supplemental response to Interrogatory 12 and 13 above.

Dr. Rao reserves the right to further supplement this response during the continued course of discovery.

17.     Identify each of the "in excess of 100 persons" described in paragraph 88 of the

Second Amended Complaint.

**RESPONSE**:

In addition to his general objections noted above, Dr. Rao objects to this Interrogatory because it is a "contention" interrogatory, which purports to require Dr. Rao to provide information that supports, refutes, relates to, or otherwise involves specific contentions in his complaint or IHS's answer or responses to other discovery, to which no response is required or appropriate until after fact discovery has been completed. Moreover, pursuant to Rule 33(d), the answer to this Interrogatory may be determined by examining, auditing, compiling, abstracting, or summarizing IHS's own business records, many of which it has not yet produced, and the burden of deriving or ascertaining the answer will be substantially the same for either party, if not substantially easier for IHS.

Dr. Rao reserves the right to supplement this response during the continued course of discovery.

**SUPPLEMENTAL RESPONSE:**

Subject to the foregoing objections, pursuant to Rule 33(d), Dr. Rao directs IHS to its own records IHSMD 437-813.

Dr. Rao reserves the right to further supplement this response during the continued course of discovery.

18.     Identify each employee, officer, director, and/or owner of you, SimCare LLC, Pain and Spine Specialists of Maryland, LLC, Radiance Surgery Center, Elkridge Surgery Center, and/or Gemini ASC-Elkridge who reviewed the "PowerPoint" presentation (attached as Exhibit 2 to the Second Amended Complaint) prior to purchasing any of neurostimulation devices.

**RESPONSE:**

Subject to the foregoing objections, Ms. Goldbach, Ms. Finkbeiner, and Ms. Lopez reviewed the "PowerPoint" presentation (attached as Exhibit 2 to the Second Amended Complaint) before Dr. Rao purchased any of IHS's neurostimulation devices.

Dr. Rao reserves the right to supplement this response during the continued course of discovery.

19.    Identify each employee, officer, director, and/or owner of you, SimCare LLC, Pain and Spine Specialists of Maryland, LLC, Radiance Surgery Center, Elkridge Surgery Center, and/or Gemini ASC-Elkridge who reviewed the FDA 510(k) Clearance Letter K140530 (attached as Exhibit 1 to the Second Amended Complaint) prior to purchasing any of neurostimulation devices.

**RESPONSE:**

Subject to the foregoing objections, Ms. Goldbach, Ms. Finkbeiner, and Ms. Lopez reviewed FDA 510(k) Clearance Letter K140530 (attached as Exhibit 1 to the Second Amended Complaint) before Dr. Rao purchased any of IHS's neurostimulation devices.

Dr. Rao reserves the right to supplement this response during the continued course of discovery.

20.    Identify each person with knowledge of facts that support your allegations that the defendants in this action conspired in the alleged "NSS Coding Scheme."

**RESPONSE:**

In addition to his general objections noted above, Dr. Rao objects to this Interrogatory because pursuant to Rule 33(d), the answer to this Interrogatory may be determined by examining, auditing, compiling, abstracting, or summarizing IHS's own business records, many of which it

has not yet produced, and the burden of deriving or ascertaining the answer will be substantially the same for either party, if not substantially easier for IHS.

Subject to the foregoing objections, Dr. Rao directs IHS to his response to Interrogatories No. 1 and 4 above.

Dr. Rao reserves the right to supplement this response during the continued course of discovery.

21.     State whether any of the damages that you seek in this case relate to your purchase of a "P-STIM" device.

**RESPONSE:**

Subject to the foregoing objections, Dr. Rao is not seeking damages on behalf of himself and/or on behalf of the putative class for purchases and/or dispensing of the "P-STIM" device.

Dr. Rao reserves the right to supplement this response during the continued course of discovery.

22.     Identify each person who saw or heard the statements attributed to Brian Carrico as described in Paragraph 31, 32, and 34 of the Second Amended Complaint.

**RESPONSE:**

In addition to his general objections noted above, Dr. Rao objects to this Interrogatory because pursuant to Rule 33(d), the answer to this Interrogatory may be determined by examining, auditing, compiling, abstracting, or summarizing IHS's own business records, many of which it has not yet produced, and the burden of deriving or ascertaining the answer will be substantially the same for either party, if not substantially easier for IHS.

Dr. Rao reserves the right to supplement this response during the continued course of discovery.

**SUPPLEMENTAL RESPONSE:**

Subject to the foregoing objections, Dr. Rao directs IHS to PLFS0016907-PLFS0016909.

Dr. Rao reserves the right to further supplement this response during the continued course of discovery.

23.     Identify all documents related to the neurostimulation device that you allege were provided by Innovative Health Solutions to IHCS, Acclivity, Tomahawk Medical, Dixon Medical, DragonSlayer, or Coleman Certified Medical Billing.

**RESPONSE:**

In addition to his general objections noted above, Dr. Rao objects to this Interrogatory because pursuant to Rule 33(d), the answer to this Interrogatory may be determined by examining business records that Dr. Rao will produce in this action, and the burden of deriving or ascertaining the answer will be substantially the same for both parties.

Subject to the foregoing objections, Dr. Rao will respond to this Interrogatory by producing non-objectionable, non-privileged, responsive documents that have not previously been produced, that relate to the allegations set forth in this matter and which are identified by a reasonable, good-faith search of documents in Dr. Rao's possession, custody, or control, if any exist. Upon the completion of Dr. Rao's document production, he will provide the bates numbers of documents responsive to this Interrogatory. If, however, no responsive documents are identified and provided, Dr. Rao will provide a narrative response.

Dr. Rao reserves the right to supplement this response during the continued course of discovery.

**SUPPLEMENTAL RESPONSE:**

Subject to the foregoing objections, Dr. Rao directs IHS to PLFS0016907- PLFS0016956

as to Tomahawk Medical and Dixon Medical. Dr. Rao directs IHS to his supplemental response to Interrogatory 1 and 9 above as to IHCS, Acclivity, DragonSlayer, and Coleman Certified Medical Billing.

Dr. Rao reserves the right to further supplement this response during the continued course of discovery.

24.     Identify each commercial insurance provider and/or workers compensation insurance provider to whom you submitted requests for payment or reimbursement for the use of Innovative Health Solutions' neurostimulation device.

**RESPONSE**:

In addition to his general objections noted above, Dr. Rao objects to this Interrogatory because pursuant to Rule 33(d), the answer to this Interrogatory may be determined by examining business records that Dr. Rao will produce in this action, and the burden of deriving or ascertaining the answer will be substantially the same for both parties.

Subject to the foregoing objections, Dr. Rao will respond to this Interrogatory by producing non-objectionable, non-privileged, responsive documents that have not previously been produced, that relate to the allegations set forth in this matter and which are identified by a reasonable, good-faith search of documents in Dr. Rao's possession, custody, or control, if any exist. Upon the completion of Dr. Rao's document production, he will provide the bates numbers of documents responsive to this Interrogatory. If, however, no responsive documents are identified and provided, Dr. Rao will provide a narrative response.

Dr. Rao reserves the right to supplement this response during the continued course of discovery.

**SUPPLEMENTAL RESPONSE:**

Subject to the foregoing objections, Dr. Rao directs IHS to his supplemental response to Interrogatory 12 and 13 above.

Dr. Rao reserves the right to further supplement this response during the continued course of discovery.

25.    Identify all communications related to neurostimulation between you and Tomahawk Medical and/or Dixon Medical related to billing, coding, or reimbursement for neurostimulation devices.

**RESPONSE:**

Subject to the foregoing objections, neither Dr. Rao nor any representative of his practice entities communicated with Tomahawk Medical and/or Dixon Medical at any time.

Dr. Rao reserves the right to supplement this response during the continued course of discovery.

Dated: April 23, 2021                                  Respectfully submitted,

                                                       s/ *Elizabeth A Rice*

Ugo Colella (Bar. No. 17443)                John W. Leardi (admitted *pro hac vice*)
COLELLA ZEFUTIE, LLC                         Paul D. Werner (admitted *pro hac vice*)
1300 I Street, N.W., Suite 400E             Elizabeth A. Rice (Bar. No. 20426)
Washington, D.C. 20005                      Nicole P. Allocca (admitted *pro hac vice*)
(202) 920-0880                              Frank X. Wukovits (admitted *pro hac vice*)
                                            BUTTACI LEARDI & WERNER LLC
John J. Zefutie, Jr. (admitted *pro hac vice*)   212 Carnegie Center, Suite 202
COLELLA ZEFUTIE, LLC                         Princeton, New Jersey 08540
116 Village Boulevard, Suite 200            (609) 799-5150
Princeton, NJ 08540
(202) 920-0880

## **CERTIFICATE OF SERVICE**

I certify that I caused the foregoing document to be served via electronic mail on all counsel for the parties on April 23, 2021. I certify under penalty of perjury that the foregoing is true and correct.

*s/ Elizabeth A. Rice*
Elizabeth A. Rice

## **CERTIFICATION**

I hereby certify that the foregoing responses and supplemental responses to Defendant Innovative Health Solutions, Inc.'s First Set of Interrogatories are true to the best of my knowledge and recollection. I am aware that if any of the foregoing statements are willfully false, I am subject to punishment.


Dated:  April 23, 2021                                    _____
                                                                             Sudhir Rao, M.D.

## <u>CERTIFICATION OF FACSIMILE GENUINENESS</u>

I hereby certify that the above certification attached hereto contains a facsimile copy of the original signature of Sudhir Rao, M.D. who has acknowledged the genuineness of his signature. Further, a copy of said Certification with the original signatures affixed will be filed if requested by the Court.

*s/ Elizabeth A Rice*
Elizabeth A Rice