# EXHIBIT 1

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| RITU BHAMBHANI, M.D., and SUDHIR RAO, M.D., *on behalf of themselves and all others similarly situated*, <br><br>     Plaintiffs, <br><br> v. <br><br> INNOVATIVE HEALTH SOLUTIONS, INC., et al., <br><br>     Defendants. | Case No.: 1:19-cv-00355-RDB |

**DR. BHAMBHANI'S RESPONSES AND OBJECTIONS TO
IHS'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS**

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Plaintiff Ritu Bhambhani, M.D. ("Dr. Bhambhani") by and through counsel, serves these Responses and Objections to the First Requests for Production of Documents (the "Requests") served by Defendant Innovative Health Solutions, Inc. ("IHS").

**<u>GENERAL OBJECTIONS AND ASSUMPTIONS</u>**

The following general objections and assumptions apply to, and are hereby incorporated by reference into, every response to each individual Request.

1.    In responding hereto, Dr. Bhambhani does not waive or otherwise limit: (1) her right to object on the grounds of relevance, materiality, competence, privilege, immunity from disclosure, admissibility, or any other proper ground, to the use of any such information, for any purpose, in whole or in part, in any subsequent stage or proceeding in this action or any other action; and (2) her right to object on any and all grounds, at any time, to any other procedures involving or relating to the subject matter of the Requests.

2.      Dr. Bhambhani hereby responds to the Requests and makes her responses and/or objections available to IHS and its attorneys for the purpose of this action, and for no other purpose.

3.      Dr. Bhambhani has exercised reasonable due diligence in responding to the Requests pursuant to the Federal Rules of Civil Procedure and the local rules of the District of Maryland. Nonetheless, Dr. Bhambhani reserves the right to amend her responses when and if additional requested information becomes known to her. Plaintiff further reserves the right to assert any applicable objections to the disclosure of any such additional information.

4.      Dr. Bhambhani objects to these Requests to the extent that they are overly broad, unduly burdensome, and oppressive.

5.      Dr. Bhambhani objects to these Requests to the extent that they are vague, ambiguous, and/or incomprehensible and, therefore, require Dr. Bhambhani to engage in conjecture as to the meaning of any number of the Requests.

6.      Dr. Bhambhani objects to these Requests to the extent that they seek information that is neither relevant to the subject matter of this litigation, nor reasonably calculated to lead to the discovery of any relevant evidence.

7.      Dr. Bhambhani objects to these Requests to the extent that they seek information and/or documents protected from disclosure by the attorney/client privilege, the work product privilege, the critical self-evaluative privilege, and/or any other privilege recognized by law. To the extent privileged information and/or documents protected from disclosure are provided by Dr. Bhambhani, in whole or in part, such action by Dr. Bhambhani is without prejudice to and is not a waiver of any subsequent assertion of privilege by Dr. Bhambhani as to the documents and/or information produced or identified.

8.      Dr. Bhambhani objects to these Requests to the extent that they seek information

and/or documents consisting of, or containing, confidential and/or proprietary business information or trade secrets.

9.      Dr. Bhambhani objects to these Requests to the extent that they seek information and/or documents that are outside the scope of Dr. Bhambhani's possession, custody, or control.

10.      Dr. Bhambhani objects to these Requests to the extent that they seek documents that already are in IHS's possession.

11.      Dr. Bhambhani objects to these Requests to the extent that they seek information and/or documents that bear no logical or material relation to the facts here in issue.

12.      Dr. Bhambhani objects to these Requests to the extent that they exceed the scope of permissible discovery and they seek to impose burdens and obligations upon Dr. Bhambhani beyond those contemplated by law.

13.      Plaintiff objects to these Requests to the extent that they seek information and/or documents that are not proportional and/or relevant to the needs of the case.

## RESPONSES AND SPECIFIC OBJECTIONS

1.      Produce copies of each CMS Form 1500 that was submitted by you or on your behalf related to your request for payment for use of a neurostimulation device.

**RESPONSE:**

In addition to her general objections noted above, Dr. Bhambhani objects to this Request because it is overly broad, unduly burdensome, and oppressive in that it imposes burdens and/or expenses on Dr. Bhambhani that are not proportional to the needs of the case.

Subject to the foregoing objections, Dr. Bhambhani is willing to meet and confer with IHS regarding paring down the scope of this Request, including providing reports or summaries of bills submitted to third-party payers for dispensing IHS's neurostimulation device, and reserves the

right to supplement this response during the continued course of discovery.

      2.      Produce all documents related to Dr. Bhambhani's purchase of neurostimulation devices.

**RESPONSE:**

      Subject to the foregoing objections, Dr. Bhambhani will make a good faith effort to produce responsive, non-privileged documents responsive to this Request to the extent they exist and are in her custody or control.

      Dr. Bhambhani reserves the right to supplement this response during the continued course of discovery.

      3.      Produce all documents related to Ritu Bhambhani LLC's purchase of neurostimulation devices

**RESPONSE:**

      Subject to the foregoing objections, Dr. Bhambhani will make a good faith effort to produce responsive, non-privileged documents responsive to this Request to the extent they exist and are in her custody or control.

      Dr. Bhambhani reserves the right to supplement this response during the continued course of discovery.

      4.      Produce all documents related to Box Hill Surgery Center LLC's purchase of neurostimulation devices.

**RESPONSE:**

      Subject to the foregoing objections, Dr. Bhambhani will make a good faith effort to produce responsive, non-privileged documents responsive to this Request to the extent they exist and are in her custody or control.

Dr. Bhambhani reserves the right to supplement this response during the continued course of discovery.

5.      Produce all documents related to Dr. Bhambhani's requests for pre-certification of procedures involving implantation of neurostimulation devices.

**RESPONSE:**

In addition to her general objections noted above, Dr. Bhambhani objects to this Request because: (i) it is overly broad, unduly burdensome, and oppressive in that it imposes burdens and/or expenses on Dr. Bhambhani that are not proportional to the needs of the case; (ii) it seeks information irrelevant to the claims at issue; and (iii) it falsely implies that implies or assumes that the payers to whom Dr. Bhambhani submitted claims for dispensing IHS's neurostimulation device, including Medicare, had pre-certification or pre-authorization requirements.

Subject to the foregoing objections, Dr. Bhambhani is willing to meet and confer with IHS regarding paring down the scope of this Request and reserves the right to supplement this response during the continued course of discovery.

6.      Produce all documents related to Ritu Bhambhani LLC's requests for pre-certification of procedures involving implantation of neurostimulation devices.

**RESPONSE:**

In addition to her general objections noted above, Dr. Bhambhani objects to this Request because: (i) it is overly broad, unduly burdensome, and oppressive in that it imposes burdens and/or expenses on Dr. Bhambhani that are not proportional to the needs of the case; (ii) it seeks information irrelevant to the claims at issue; and (iii) it falsely implies that implies or assumes that the payers to whom Dr. Bhambhani submitted claims for dispensing IHS's neurostimulation device, including Medicare, had pre-certification or pre-authorization requirements.

Subject to the foregoing objections, Dr. Bhambhani is willing to meet and confer with IHS regarding paring down the scope of this Request and reserves the right to supplement this response during the continued course of discovery.

7.      Produce all documents related to Box Hill Surgery Center LLC's requests for pre-certification of procedures involving implantation of neurostimulation devices.

**RESPONSE:**

In addition to her general objections noted above, Dr. Bhambhani objects to this Request because: (i) it is overly broad, unduly burdensome, and oppressive in that it imposes burdens and/or expenses on Dr. Bhambhani that are not proportional to the needs of the case; (ii) it seeks information irrelevant to the claims at issue; and (iii) it falsely implies that implies or assumes that the payers to whom Dr. Bhambhani submitted claims for dispensing IHS's neurostimulation device, including Medicare, had pre-certification or pre-authorization requirements.

Subject to the foregoing objections, Dr. Bhambhani is willing to meet and confer with IHS regarding paring down the scope of this Request and reserves the right to supplement this response during the continued course of discovery.

8.      Produce all documents related to Dr. Bhambhani's requests for payment or reimbursement from Medicare and/or Medicaid for procedures involving implantation of neurostimulation devices.

**RESPONSE:**

In addition to her general objections noted above, Dr. Bhambhani objects to this Request because it is overly broad, unduly burdensome, and oppressive in that it imposes burdens and/or expenses on Dr. Bhambhani that are not proportional to the needs of the case.

Subject to the foregoing objections, Dr. Bhambhani is willing to meet and confer with IHS

regarding paring down the scope of this Request, including providing reports or summaries of bills submitted to Medicare and/or Medicaid for dispensing IHS's neurostimulation device. Dr. Bhambhani reserves the right to supplement this response during the continued course of discovery.

9.      Produce all documents related to Ritu Bhambhani LLC's requests for payment or reimbursement from Medicare and/or Medicaid for procedures involving implantation of neurostimulation devices.

**RESPONSE:**

In addition to her general objections noted above, Dr. Bhambhani objects to this Request because it is overly broad, unduly burdensome, and oppressive in that it imposes burdens and/or expenses on Dr. Bhambhani that are not proportional to the needs of the case.

Subject to the foregoing objections, Dr. Bhambhani is willing to meet and confer with IHS regarding paring down the scope of this Request, including providing reports or summaries of bills submitted to Medicare and/or Medicaid for dispensing IHS's neurostimulation device, and reserves the right to supplement this response during the continued course of discovery.

10.     Produce all documents related to Box Hill Surgery Center LLC's requests for payment or reimbursement from Medicare and/or Medicaid for procedures involving implantation of neurostimulation devices.

**RESPONSE:**

In addition to her general objections noted above, Dr. Bhambhani objects to this Request because it is overly broad, unduly burdensome, and oppressive in that it imposes burdens and/or expenses on Dr. Bhambhani that are not proportional to the needs of the case.

Subject to the foregoing objections, Dr. Bhambhani is willing to meet and confer with IHS

regarding paring down the scope of this Request, including providing reports or summaries of bills submitted to Medicare and/or Medicaid for dispensing IHS's neurostimulation device, and reserves the right to supplement this response during the continued course of discovery.

11.    Produce all documentation of the procedure(s) performed to support Dr. Bhambhani's requests for payment or reimbursement from Medicare and/or Medicaid for procedures involving implantation of neurostimulation devices.

**RESPONSE:**

In addition to her general objections noted above, Dr. Bhambhani objects to this Request because: (i) it is overly broad, unduly burdensome, and oppressive in that it imposes burdens and/or expenses on Dr. Bhambhani that are not proportional to the needs of the case; (ii) it seeks information irrelevant to the claims at issue; and (iii) it falsely implies that implies or assumes that the clinical documentation supporting bills submitted to Medicare and/or Medicaid by Dr. Bhambhani for dispensing IHS's neurostimulation device are germane to the nature of the device itself, which IHS and its agents grossly misrepresented on multiple occasions.

Subject to the foregoing objections, Dr. Bhambhani is willing to meet and confer with IHS regarding the relevance of patient records and the burdens imposed by this Request, and reserves the right to supplement this response during the continued course of discovery.

12.    Produce all documentation of the procedure(s) performed to support Ritu Bhambhani LLC's requests for payment or reimbursement from Medicare and/or Medicaid for procedures involving implantation of neurostimulation devices.

**RESPONSE:**

In addition to her general objections noted above, Dr. Bhambhani objects to this Request because: (i) it is overly broad, unduly burdensome, and oppressive in that it imposes burdens and/or

expenses on Dr. Bhambhani that are not proportional to the needs of the case; (ii) it seeks information irrelevant to the claims at issue; and (iii) it falsely implies that implies or assumes that the clinical documentation supporting bills submitted to Medicare and/or Medicaid by Dr. Bhambhani for dispensing IHS's neurostimulation device are germane to the nature of the device itself, which IHS and its agents grossly misrepresented on multiple occasions.

Subject to the foregoing objections, Dr. Bhambhani is willing to meet and confer with IHS regarding the relevance of patient records and the burdens imposed by this Request, and reserves the right to supplement this response during the continued course of discovery.

13.     Produce all documentation of the procedure(s) performed to support Box Hill Surgery Center LLC's requests for payment or reimbursement from Medicare and/or Medicaid for procedures involving implantation of neurostimulation devices.

**RESPONSE:**

In addition to her general objections noted above, Dr. Bhambhani objects to this Request because: (i) it is overly broad, unduly burdensome, and oppressive in that it imposes burdens and/or expenses on Dr. Bhambhani that are not proportional to the needs of the case; (ii) it seeks information irrelevant to the claims at issue; and (iii) it falsely implies that implies or assumes that the clinical documentation supporting bills submitted to Medicare and/or Medicaid by Dr. Bhambhani for dispensing IHS's neurostimulation device are germane to the nature of the device itself, which IHS and its agents grossly misrepresented on multiple occasions.

Subject to the foregoing objections, Dr. Bhambhani is willing to meet and confer with IHS regarding the relevance of patient records and the burdens imposed by this Request, and reserves the right to supplement this response during the continued course of discovery.

14.     Produce all documents related to Medicare, Medicaid, or any third party acting on

their behalf seeking reimbursement of payments made to Dr. Bhambhani for the use of neurostimulation devices.

**RESPONSE:**

Subject to the foregoing objections, Dr. Bhambhani will make a good faith effort to produce responsive, non-privileged documents responsive to this Request to the extent they exist and are in her custody or control.

Dr. Bhambhani reserves the right to supplement this response during the continued course of discovery.

15.     Produce all documents related to Medicare, Medicaid, or any third party acting on their behalf seeking reimbursement of payments made to Ritu Bhambhani LLC's for the use of neurostimulation devices.

**RESPONSE:**

Subject to the foregoing objections, Dr. Bhambhani will make a good faith effort to produce responsive, non-privileged documents responsive to this Request to the extent they exist and are in her custody or control.

Dr. Bhambhani reserves the right to supplement this response during the continued course of discovery.

16.     Produce all documents related to Medicare, Medicaid, or any third party acting on their behalf seeking reimbursement of payments made to Box Hill Surgery Center LLC's for the use of neurostimulation devices.

**RESPONSE:**

Subject to the foregoing objections, Dr. Bhambhani will make a good faith effort to produce responsive, non-privileged documents responsive to this Request to the extent they exist

and are in her custody or control.

Dr. Bhambhani reserves the right to supplement this response during the continued course of discovery.

17.     Produce all documents related to the prepayment audits described in Paragraph 50 of the Second Amended Complaint.

**RESPONSE:**

Subject to the foregoing objections, Dr. Bhambhani will make a good faith effort to produce responsive, non-privileged documents responsive to this Request to the extent they exist and are in her custody or control.

Dr. Bhambhani reserves the right to supplement this response during the continued course of discovery.

18.     Produce all documents related to the post-payment audits described in Paragraph 50 of the Second Amended Complaint.

**RESPONSE:**

Subject to the foregoing objections, Dr. Bhambhani will make a good faith effort to produce responsive, non-privileged documents responsive to this Request to the extent they exist and are in her custody or control.

Dr. Bhambhani reserves the right to supplement this response during the continued course of discovery.

19.     Produce all documents related to the series of refund demands described in Paragraph 53 of the Second Amended Complaint.

**RESPONSE:**

Subject to the foregoing objections, Dr. Bhambhani will make a good faith effort to

produce responsive, non-privileged documents responsive to this Request to the extent they exist and are in her custody or control.

Dr. Bhambhani reserves the right to supplement this response during the continued course of discovery.

20.     Produce all documents related to the offset of other claims payable to Dr. Bhambhani's practice and surgery center described in Paragraph 53 of the Second Amended Complaint.

**RESPONSE:**

Subject to the foregoing objections, Dr. Bhambhani will make a good faith effort to produce responsive, non-privileged documents responsive to this Request to the extent they exist and are in her custody or control.

Dr. Bhambhani reserves the right to supplement this response during the continued course of discovery.

21.     Produce the federal, state, and local tax returns for Dr. Bhambhani for the period January 1, 2015 through the present.

**RESPONSE:**

In addition to her general objections noted above, Dr. Bhambhani objects to this Request because it seeks confidential information irrelevant to the claims at issue.

Dr. Bhambhani reserves the right to supplement this response during the continued course of discovery.

22.     Produce the federal, state, and local tax returns for Ritu Bhambhani LLC for the period January 1, 2015 through the present.

**RESPONSE:**

In addition to her general objections noted above, Dr. Bhambhani objects to this Request because it seeks confidential information irrelevant to the claims at issue.

Dr. Bhambhani reserves the right to supplement this response during the continued course of discovery.

23.     Produce the federal, state, and local tax returns for Box Hill Surgery Center LLC for the period January 1, 2015 through the present.

**RESPONSE:**

In addition to her general objections noted above, Dr. Bhambhani objects to this Request because it seeks confidential information irrelevant to the claims at issue.

Dr. Bhambhani reserves the right to supplement this response during the continued course of discovery.

24.     Produce the income statements, balance sheets, and other financial statements for Dr. Bhambhani for the period January 1, 2015 through the present.

**RESPONSE:**

In addition to her general objections noted above, Dr. Bhambhani objects to this Request because it seeks confidential information irrelevant to the claims at issue.

Dr. Bhambhani reserves the right to supplement this response during the continued course of discovery.

25.     Produce the income statements, balance sheets, and other financial statements for Ritu Bhambhani LLC for the period January 1, 2015 through the present.

**RESPONSE:**

In addition to her general objections noted above, Dr. Bhambhani objects to this Request

because it seeks confidential information irrelevant to the claims at issue.

Dr. Bhambhani reserves the right to supplement this response during the continued course of discovery.

26.     Produce the income statements, balance sheets, and other financial statements for Box Hill Surgery Center LLC for the period January 1, 2015 through the present.

**RESPONSE:**

In addition to her general objections noted above, Dr. Bhambhani objects to this Request because it seeks confidential information irrelevant to the claims at issue.

Dr. Bhambhani reserves the right to supplement this response during the continued course of discovery.

27.     Produce all "Instructions for Use" that were included in the packaging for the neurostimulation devices at issue in this case.

**RESPONSE:**

In addition to her general objections noted above, Dr. Bhambhani objects to this Request because: (i) it is overly broad, unduly burdensome, and oppressive in that it imposes burdens and/or expenses on Dr. Bhambhani that are not proportional to the needs of the case; (ii) it seeks information irrelevant to the claims at issue the "use" of IHS's neurostimulation device by Dr. Bhambhani and her patients is not a disputed issue, nor is it germane to Dr. Bhambhani's claims; and (iii) it seeks documents already in the custody and/or control of IHS.

Subject to the foregoing objections, Dr. Bhambhani is willing to meet and confer with IHS regarding the relevance of use instructions and the burdens imposed by this Request, and reserves the right to supplement this response during the continued course of discovery.

28.     Produce all documents that you believe support the allegation that Innovative

Health Solutions was a participant in a conspiracy related to promoting the billing and coding of the neurostimulation devices at issue in this case.

**RESPONSE:**

Subject to the foregoing objections, Dr. Bhambhani will make a good faith effort to produce responsive, non-privileged documents responsive to this Request to the extent they exist and are in her custody or control.

Dr. Bhambhani reserves the right to supplement this response during the continued course of discovery.

29.    Produce all documents related to the appeal(s) pending with the Office of Administrative Law, as described in Paragraph 53 of the Second Amended Complaint.

**RESPONSE:**

Subject to the foregoing objections, Dr. Bhambhani will make a good faith effort to produce responsive, non-privileged documents responsive to this Request to the extent they exist and are in her custody or control.

Dr. Bhambhani reserves the right to supplement this response during the continued course of discovery.

30.    For the period January 1, 2015 through the present, produce all contracts through which Dr. Bhambhani has engaged any person or entity to provide Medicare and/or Medicaid billing services.

**RESPONSE:**

Subject to the foregoing objections, Dr. Bhambhani will make a good faith effort to produce responsive, non-privileged documents responsive to this Request to the extent they exist and are in her custody or control.

Dr. Bhambhani reserves the right to supplement this response during the continued course of discovery.

31.    For the period January 1, 2015 through the present, produce all contracts through which Ritu Bhambhani LLC and/or Box Hill Surgery Center LLC has engaged any person or entity to provide Medicare and/or Medicaid billing services.

**RESPONSE:**

Subject to the foregoing objections, Dr. Bhambhani will make a good faith effort to produce responsive, non-privileged documents responsive to this Request to the extent they exist and are in her custody or control.

Dr. Bhambhani reserves the right to supplement this response during the continued course of discovery.

32.    Produce all documents that constitute, refer, or relate to Novitas initiating an audit as alleged in Paragraph 50 of the Second Amended Complaint.

**RESPONSE:**

Subject to the foregoing objections, Dr. Bhambhani will make a good faith effort to produce responsive, non-privileged documents responsive to this Request to the extent they exist and are in her custody or control.

Dr. Bhambhani reserves the right to supplement this response during the continued course of discovery.

33.    Produce all documents that constitute, relate, or refer to refund demands as alleged in Paragraph 53 of the Second Amended Complaint.

**RESPONSE:**

Subject to the foregoing objections, Dr. Bhambhani will make a good faith effort to

produce responsive, non-privileged documents responsive to this Request to the extent they exist and are in her custody or control.

Dr. Bhambhani reserves the right to supplement this response during the continued course of discovery.

34.     Produce all documents that constitute, refer, or relate to the communications alleged to have been made by Brian Carrico as described in Paragraph 31 of the Second Amended Complaint.

**RESPONSE:**

Subject to the foregoing objections, Dr. Bhambhani will make a good faith effort to produce responsive, non-privileged documents responsive to this Request to the extent they exist and are in her custody or control.

Dr. Bhambhani reserves the right to supplement this response during the continued course of discovery.

35.     Produce all documents that constitute, refer, or relate to the communications alleged to have been made by Brian Carrico as described in Paragraph 32 of the Second Amended Complaint.

**RESPONSE:**

Subject to the foregoing objections, Dr. Bhambhani will make a good faith effort to produce responsive, non-privileged documents responsive to this Request to the extent they exist and are in her custody or control.

Dr. Bhambhani reserves the right to supplement this response during the continued course of discovery.

36.     Produce all documents that constitute, refer, or relate to the communications alleged

to have been made by Brian Carrico as described in Paragraph 34 of the Second Amended Complaint.

**RESPONSE:**

Subject to the foregoing objections, Dr. Bhambhani will make a good faith effort to produce responsive, non-privileged documents responsive to this Request to the extent they exist and are in her custody or control.

Dr. Bhambhani reserves the right to supplement this response during the continued course of discovery.

37.    Produce all document related to the "NSS" device that you allege were provided by Innovative Health Solutions to IHCS, Acclivity, Tomahawk Medical, Dixon Medical, DragonSlayer, or Coleman Certified Medical Billing & Consultant, LLC.

**RESPONSE:**

Subject to the foregoing objections, Dr. Bhambhani will make a good faith effort to produce responsive, non-privileged documents responsive to this Request to the extent they exist and are in her custody or control.

Dr. Bhambhani reserves the right to supplement this response during the continued course of discovery.

Dated:  November 6, 2020

Respectfully submitted,

s/ *Ugo Colella*

John W. Leardi (admitted *pro hac vice*)
Paul D. Werner (admitted *pro hac vice*)
Elizabeth A. Rice (Bar. No. 20426)
Nicole P. Allocca (admitted *pro hac vice*)
Frank X. Wukovits (admitted *pro hac vice*)
BUTTACI LEARDI & WERNER LLC
212 Carnegie Center, Suite 202
Princeton, New Jersey 08540
(609) 799-5150

Ugo Colella (Bar. No. 17443)
COLELLA ZEFUTIE, LLC
1300 I Street, N.W., Suite 400E
Washington, D.C. 20005
(202) 920-0880

John J. Zefutie, Jr. (admitted *pro hac vice*)
COLELLA ZEFUTIE, LLC
116 Village Boulevard, Suite 200
Princeton, NJ 08540
(202) 920-0880

## <u>CERTIFICATE OF SERVICE</u>

I certify that I caused the foregoing document to be served via electronic mail on all counsel for the parties on November 6, 2020. I certify under penalty of perjury that the foregoing is true and correct.

*s/ Ugo Colella*
Ugo Colella