# EXHIBIT 2

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

RITU BHAMBHANI, M.D., and SUDHIR
RAO, M.D., *on behalf of themselves and all
others similarly situated*,

      Plaintiffs,

v.

INNOVATIVE HEALTH SOLUTIONS,
INC., et al.,

      Defendants.

Case No.: 1:19-cv-00355-RDB

### DR. RAO'S RESPONSES AND OBJECTIONS TO
### IHS'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Plaintiff Sudhir Rao, M.D. ("Dr. Rao") by and through counsel, serves these Responses and Objections to the First Set of Requests for Production of Documents (the "Requests") served by Defendant Innovative Health Solutions, Inc. ("IHS").

### GENERAL OBJECTIONS AND ASSUMPTIONS

The following general objections and assumptions apply to, and are hereby incorporated by reference into, every response to each individual Request.

1.      In responding hereto, Dr. Rao does not waive or otherwise limit: (1) his right to object on the grounds of relevance, materiality, competence, privilege, immunity from disclosure, admissibility, or any other proper ground, to the use of any such information, for any purpose, in whole or in part, in any subsequent stage or proceeding in this action or any other action; and (2) his right to object on any and all grounds, at any time, to any other procedures involving or relating to the subject matter of the Requests.

2.      Dr. Rao hereby responds to the Requests and makes his responses and/or objections available to IHS and its attorneys for the purpose of this action, and for no other purpose.

3.      Dr. Rao has exercised reasonable due diligence in responding to the Requests pursuant to the Federal Rules of Civil Procedure and the local rules of the District of Maryland. Nonetheless, Dr. Rao reserves the right to amend his responses when and if additional requested information becomes known to him. Plaintiff further reserves the right to assert any applicable objections to the disclosure of any such additional information.

4.      Dr. Rao objects to these Requests to the extent that they are overly broad, unduly burdensome, and oppressive.

5.      Dr. Rao objects to these Requests to the extent that they are vague, ambiguous, and/or incomprehensible and, therefore, require Dr. Rao to engage in conjecture as to the meaning of any number of the Requests.

6.      Dr. Rao objects to these Requests to the extent that they seek information that is neither relevant to the subject matter of this litigation, nor reasonably calculated to lead to the discovery of any relevant evidence.

7.      Dr. Rao objects to these Requests to the extent that they seek information and/or documents protected from disclosure by the attorney/client privilege, the work product privilege, the critical self-evaluative privilege, and/or any other privilege recognized by law. To the extent privileged information and/or documents protected from disclosure are provided by Dr. Rao, in whole or in part, such action by Dr. Rao is without prejudice to and is not a waiver of any subsequent assertion of privilege by Dr. Rao as to the documents and/or information produced or identified.

8.      Dr. Rao objects to these Requests to the extent that they seek information and/or

documents consisting of, or containing, confidential and/or proprietary business information or trade secrets.

9.     Dr. Rao objects to these Requests to the extent that they seek information and/or documents that are outside the scope of Dr. Rao's possession, custody, or control.

10.     Dr. Rao objects to these Requests to the extent that they seek documents that already are in IHS's possession.

11.     Dr. Rao objects to these Requests to the extent that they seek information and/or documents that bear no logical or material relation to the facts here in issue.

12.     Dr. Rao objects to these Requests to the extent that they exceed the scope of permissible discovery and they seek to impose burdens and obligations upon Dr. Rao beyond those contemplated by law.

13.     Plaintiff objects to these Requests to the extent that they seek information and/or documents that are not proportional and/or relevant to the needs of the case.

## RESPONSES AND SPECIFIC OBJECTIONS

1.     Produce copies of each CMS Form 1500 that was submitted by you or on your behalf related to your request for payment for use of a neurostimulation device.

**RESPONSE:**

In addition to his general objections noted above, Dr. Rao objects to this Request because it is overly broad, unduly burdensome, and oppressive in that it imposes burdens and/or expenses on Dr. Rao that are not proportional to the needs of the case.

Subject to the foregoing objections, Dr. Rao is willing to meet and confer with IHS regarding paring down the scope of this Request, including providing reports or summaries of bills submitted to third-party payers for dispensing IHS's neurostimulation device, and reserves the

right to supplement this response during the continued course of discovery.

     2.     Produce all documents related to Dr. Rao's purchase of neurostimulation devices.

**<u>RESPONSE</u>:**

Subject to the foregoing objections, Dr. Rao will make a good faith effort to produce responsive, non-privileged documents responsive to this Request to the extent they exist and are in his custody or control.

Dr. Rao reserves the right to supplement this response during the continued course of discovery.

     3.     Produce all documents related to SimCare LLC's purchase of neurostimulation devices.

**<u>RESPONSE</u>:**

Subject to the foregoing objections, Dr. Rao will make a good faith effort to produce responsive, non-privileged documents responsive to this Request to the extent they exist and are in his custody or control.

Dr. Rao reserves the right to supplement this response during the continued course of discovery.

     4.     Produce all documents related to Pain and Spine Specialists of Maryland, LLC's purchase of neurostimulation devices.

**<u>RESPONSE</u>:**

Subject to the foregoing objections, Dr. Rao will make a good faith effort to produce responsive, non-privileged documents responsive to this Request to the extent they exist and are in his custody or control.

Dr. Rao reserves the right to supplement this response during the continued course of

discovery.

5.      Produce all documents related to Radiance Surgery Center's purchase of neurostimulation devices.

**RESPONSE:**

Subject to the foregoing objections, Dr. Rao will make a good faith effort to produce responsive, non-privileged documents responsive to this Request to the extent they exist and are in his custody or control.

Dr. Rao reserves the right to supplement this response during the continued course of discovery.

6.      Produce all documents related to Elkridge Surgery Center's purchase of neurostimulation devices.

**RESPONSE:**

Subject to the foregoing objections, Dr. Rao will make a good faith effort to produce responsive, non-privileged documents responsive to this Request to the extent they exist and are in his custody or control.

Dr. Rao reserves the right to supplement this response during the continued course of discovery.

7.      Produce all documents related to Gemini ASC-Elkridge's purchase of neurostimulation devices.

**RESPONSE:**

Subject to the foregoing objections, Dr. Rao will make a good faith effort to produce responsive, non-privileged documents responsive to this Request to the extent they exist and are in his custody or control.

Dr. Rao reserves the right to supplement this response during the continued course of discovery.

8.      Produce all documents related to Dr. Rao's requests for pre-certification of procedures involving implantation of neurostimulation devices.

**RESPONSE:**

In addition to his general objections noted above, Dr. Rao objects to this Request because: (i) it is overly broad, unduly burdensome, and oppressive in that it imposes burdens and/or expenses on Dr. Rao that are not proportional to the needs of the case; (ii) it seeks information irrelevant to the claims at issue; and (iii) it falsely implies that implies or assumes that the payers to whom Dr. Rao submitted claims for dispensing IHS's neurostimulation device, including Medicare, had pre-certification or pre-authorization requirements.

Subject to the foregoing objections, Dr. Rao is willing to meet and confer with IHS regarding paring down the scope of this Request and reserves the right to supplement this response during the continued course of discovery.

9.      Produce all documents related to SimCare LLC's requests for pre-certification of procedures involving implantation of neurostimulation devices.

**RESPONSE:**

In addition to his general objections noted above, Dr. Rao objects to this Request because: (i) it is overly broad, unduly burdensome, and oppressive in that it imposes burdens and/or expenses on Dr. Rao that are not proportional to the needs of the case; (ii) it seeks information irrelevant to the claims at issue; and (iii) it falsely implies that implies or assumes that the payers to whom Dr. Rao submitted claims for dispensing IHS's neurostimulation device, including Medicare, had pre-certification or pre-authorization requirements.

Subject to the foregoing objections, Dr. Rao is willing to meet and confer with IHS regarding paring down the scope of this Request and reserves the right to supplement this response during the continued course of discovery.

10.     Produce all documents related to Pain and Spine Specialists of Maryland, LLC's requests for pre-certification of procedures involving implantation of neurostimulation devices.

**RESPONSE:**

In addition to his general objections noted above, Dr. Rao objects to this Request because: (i) it is overly broad, unduly burdensome, and oppressive in that it imposes burdens and/or expenses on Dr. Rao that are not proportional to the needs of the case; (ii) it seeks information irrelevant to the claims at issue; and (iii) it falsely implies that implies or assumes that the payers to whom Dr. Rao submitted claims for dispensing IHS's neurostimulation device, including Medicare, had pre-certification or pre-authorization requirements.

Subject to the foregoing objections, Dr. Rao is willing to meet and confer with IHS regarding paring down the scope of this Request and reserves the right to supplement this response during the continued course of discovery.

11.     Produce all documents related to Radiance Surgery Center's requests for pre-certification of procedures involving implantation of neurostimulation devices.

**RESPONSE:**

In addition to his general objections noted above, Dr. Rao objects to this Request because: (i) it is overly broad, unduly burdensome, and oppressive in that it imposes burdens and/or expenses on Dr. Rao that are not proportional to the needs of the case; (ii) it seeks information irrelevant to the claims at issue; and (iii) it falsely implies that implies or assumes that the payers to whom Dr. Rao submitted claims for dispensing IHS's neurostimulation device, including

Medicare, had pre-certification or pre-authorization requirements.

Subject to the foregoing objections, Dr. Rao is willing to meet and confer with IHS regarding paring down the scope of this Request and reserves the right to supplement this response during the continued course of discovery.

12.    Produce all documents related to Elkridge Surgery Center's requests for pre-certification of procedures involving implantation of neurostimulation devices.

**RESPONSE:**

In addition to his general objections noted above, Dr. Rao objects to this Request because: (i) it is overly broad, unduly burdensome, and oppressive in that it imposes burdens and/or expenses on Dr. Rao that are not proportional to the needs of the case; (ii) it seeks information irrelevant to the claims at issue; and (iii) it falsely implies that implies or assumes that the payers to whom Dr. Rao submitted claims for dispensing IHS's neurostimulation device, including Medicare, had pre-certification or pre-authorization requirements.

Subject to the foregoing objections, Dr. Rao is willing to meet and confer with IHS regarding paring down the scope of this Request and reserves the right to supplement this response during the continued course of discovery.

13.    Produce all documents related to Gemini ASC-Elkridge's requests for pre-certification of procedures involving implantation of neurostimulation devices.

**RESPONSE:**

In addition to his general objections noted above, Dr. Rao objects to this Request because: (i) it is overly broad, unduly burdensome, and oppressive in that it imposes burdens and/or expenses on Dr. Rao that are not proportional to the needs of the case; (ii) it seeks information irrelevant to the claims at issue; and (iii) it falsely implies that implies or assumes that the payers

to whom Dr. Rao submitted claims for dispensing IHS's neurostimulation device, including Medicare, had pre-certification or pre-authorization requirements.

Subject to the foregoing objections, Dr. Rao is willing to meet and confer with IHS regarding paring down the scope of this Request and reserves the right to supplement this response during the continued course of discovery.

14.    Produce all documents related to Dr. Rao's requests for payment or reimbursement from Medicare and/or Medicaid for procedures involving implantation of neurostimulation devices.

**RESPONSE:**

In addition to his general objections noted above, Dr. Rao objects to this Request because it is overly broad, unduly burdensome, and oppressive in that it imposes burdens and/or expenses on Dr. Rao that are not proportional to the needs of the case.

Subject to the foregoing objections, Dr. Rao is willing to meet and confer with IHS regarding paring down the scope of this Request, including providing reports or summaries of bills submitted to Medicare and/or Medicaid for dispensing IHS's neurostimulation device, and reserves the right to supplement this response during the continued course of discovery.

15.    Produce all documents related to SimCare LLC's requests for payment or reimbursement from Medicare and/or Medicaid for procedures involving implantation of neurostimulation devices.

**RESPONSE:**

In addition to his general objections noted above, Dr. Rao objects to this Request because it is overly broad, unduly burdensome, and oppressive in that it imposes burdens and/or expenses on Dr. Rao that are not proportional to the needs of the case.

Subject to the foregoing objections, Dr. Rao is willing to meet and confer with IHS regarding paring down the scope of this Request, including providing reports or summaries of bills submitted to Medicare and/or Medicaid for dispensing IHS's neurostimulation device, and reserves the right to supplement this response during the continued course of discovery.

16.     Produce all documents related to Pain and Spine Specialists of Maryland, LLC's requests for payment or reimbursement from Medicare and/or Medicaid for procedures involving implantation of neurostimulation devices.

**RESPONSE:**

In addition to his general objections noted above, Dr. Rao objects to this Request because it is overly broad, unduly burdensome, and oppressive in that it imposes burdens and/or expenses on Dr. Rao that are not proportional to the needs of the case.

Subject to the foregoing objections, Dr. Rao is willing to meet and confer with IHS regarding paring down the scope of this Request, including providing reports or summaries of bills submitted to Medicare and/or Medicaid for dispensing IHS's neurostimulation device, and reserves the right to supplement this response during the continued course of discovery.

17.     Produce all documents related to Radiance Surgery Center's requests for payment or reimbursement from Medicare and/or Medicaid for procedures involving implantation of neurostimulation devices.

**RESPONSE:**

In addition to his general objections noted above, Dr. Rao objects to this Request because it is overly broad, unduly burdensome, and oppressive in that it imposes burdens and/or expenses on Dr. Rao that are not proportional to the needs of the case.

Subject to the foregoing objections, Dr. Rao is willing to meet and confer with IHS

regarding paring down the scope of this Request, including providing reports or summaries of bills submitted to Medicare and/or Medicaid for dispensing IHS's neurostimulation device, and reserves the right to supplement this response during the continued course of discovery.

18. Produce all documents related to Elkridge Surgery Center's requests for payment or reimbursement from Medicare and/or Medicaid for procedures involving implantation of neurostimulation devices.

**RESPONSE:**

In addition to his general objections noted above, Dr. Rao objects to this Request because it is overly broad, unduly burdensome, and oppressive in that it imposes burdens and/or expenses on Dr. Rao that are not proportional to the needs of the case.

Subject to the foregoing objections, Dr. Rao is willing to meet and confer with IHS regarding paring down the scope of this Request, including providing reports or summaries of bills submitted to Medicare and/or Medicaid for dispensing IHS's neurostimulation device, and reserves the right to supplement this response during the continued course of discovery.

19. Produce all documents related to Gemini ASC-Elkridge's requests for payment or reimbursement from Medicare and/or Medicaid for procedures involving implantation of neurostimulation devices.

**RESPONSE:**

In addition to his general objections noted above, Dr. Rao objects to this Request because it is overly broad, unduly burdensome, and oppressive in that it imposes burdens and/or expenses on Dr. Rao that are not proportional to the needs of the case.

Subject to the foregoing objections, Dr. Rao is willing to meet and confer with IHS regarding paring down the scope of this Request, including providing reports or summaries of bills

submitted to Medicare and/or Medicaid for dispensing IHS's neurostimulation device, and reserves the right to supplement this response during the continued course of discovery.

20.    Produce all documentation of the procedure(s) performed to support Dr. Rao's requests for payment or reimbursement from Medicare and/or Medicaid for procedures involving implantation of neurostimulation devices.

**RESPONSE:**

In addition to his general objections noted above, Dr. Rao objects to this Request because: (i) it is overly broad, unduly burdensome, and oppressive in that it imposes burdens and/or expenses on Dr. Rao that are not proportional to the needs of the case; (ii) it seeks information irrelevant to the claims at issue; and (iii) it falsely implies that implies or assumes that the clinical documentation supporting bills submitted to Medicare and/or Medicaid by Dr. Rao for dispensing IHS's neurostimulation device are germane to the nature of the device itself, which IHS and its agents grossly misrepresented on multiple occasions.

Subject to the foregoing objections, Dr. Rao is willing to meet and confer with IHS regarding the relevance of patient records and the burdens imposed by this Request, and reserves the right to supplement this response during the continued course of discovery.

21.    Produce all documentation of the procedure(s) performed to support SimCare LLC's requests for payment or reimbursement from Medicare and/or Medicaid for procedures involving implantation of neurostimulation devices.

**RESPONSE:**

In addition to his general objections noted above, Dr. Rao objects to this Request because: (i) it is overly broad, unduly burdensome, and oppressive in that it imposes burdens and/or expenses on Dr. Rao that are not proportional to the needs of the case; (ii) it seeks information

irrelevant to the claims at issue; and (iii) it falsely implies that implies or assumes that the clinical documentation supporting bills submitted to Medicare and/or Medicaid by Dr. Rao for dispensing IHS's neurostimulation device are germane to the nature of the device itself, which IHS and its agents grossly misrepresented on multiple occasions.

Subject to the foregoing objections, Dr. Rao is willing to meet and confer with IHS regarding the relevance of patient records and the burdens imposed by this Request, and reserves the right to supplement this response during the continued course of discovery.

22.    Produce all documentation of the procedure(s) performed to support Pain and Spine Specialists of Maryland, LLC's requests for payment or reimbursement from Medicare and/or Medicaid for procedures involving implantation of neurostimulation devices.

**RESPONSE:**

In addition to his general objections noted above, Dr. Rao objects to this Request because: (i) it is overly broad, unduly burdensome, and oppressive in that it imposes burdens and/or expenses on Dr. Rao that are not proportional to the needs of the case; (ii) it seeks information irrelevant to the claims at issue; and (iii) it falsely implies that implies or assumes that the clinical documentation supporting bills submitted to Medicare and/or Medicaid by Dr. Rao for dispensing IHS's neurostimulation device are germane to the nature of the device itself, which IHS and its agents grossly misrepresented on multiple occasions.

Subject to the foregoing objections, Dr. Rao is willing to meet and confer with IHS regarding the relevance of patient records and the burdens imposed by this Request, and reserves the right to supplement this response during the continued course of discovery.

23.    Produce all documentation of the procedure(s) performed to support Radiance Surgery Center's requests for payment or reimbursement from Medicare and/or Medicaid for

procedures involving implantation of neurostimulation devices.

**RESPONSE:**

      In addition to his general objections noted above, Dr. Rao objects to this Request because: (i) it is overly broad, unduly burdensome, and oppressive in that it imposes burdens and/or expenses on Dr. Rao that are not proportional to the needs of the case; (ii) it seeks information irrelevant to the claims at issue; and (iii) it falsely implies that implies or assumes that the clinical documentation supporting bills submitted to Medicare and/or Medicaid by Dr. Rao for dispensing IHS's neurostimulation device are germane to the nature of the device itself, which IHS and its agents grossly misrepresented on multiple occasions.

      Subject to the foregoing objections, Dr. Rao is willing to meet and confer with IHS regarding the relevance of patient records and the burdens imposed by this Request, and reserves the right to supplement this response during the continued course of discovery.

      24.    Produce all documentation of the procedure(s) performed to support Elkridge Surgery Center's requests for payment or reimbursement from Medicare and/or Medicaid for procedures involving implantation of neurostimulation devices.

**RESPONSE:**

      In addition to his general objections noted above, Dr. Rao objects to this Request because: (i) it is overly broad, unduly burdensome, and oppressive in that it imposes burdens and/or expenses on Dr. Rao that are not proportional to the needs of the case; (ii) it seeks information irrelevant to the claims at issue; and (iii) it falsely implies that implies or assumes that the clinical documentation supporting bills submitted to Medicare and/or Medicaid by Dr. Rao for dispensing IHS's neurostimulation device are germane to the nature of the device itself, which IHS and its agents grossly misrepresented on multiple occasions.

Subject to the foregoing objections, Dr. Rao is willing to meet and confer with IHS regarding the relevance of patient records and the burdens imposed by this Request, and reserves the right to supplement this response during the continued course of discovery.

25.      Produce all documentation of the procedure(s) performed to support Gemini ASC-Elkridge's requests for payment or reimbursement from Medicare and/or Medicaid for procedures involving implantation of neurostimulation devices.

**RESPONSE:**

In addition to his general objections noted above, Dr. Rao objects to this Request because: (i) it is overly broad, unduly burdensome, and oppressive in that it imposes burdens and/or expenses on Dr. Rao that are not proportional to the needs of the case; (ii) it seeks information irrelevant to the claims at issue; and (iii) it falsely implies that implies or assumes that the clinical documentation supporting bills submitted to Medicare and/or Medicaid by Dr. Rao for dispensing IHS's neurostimulation device are germane to the nature of the device itself, which IHS and its agents grossly misrepresented on multiple occasions.

Subject to the foregoing objections, Dr. Rao is willing to meet and confer with IHS regarding the relevance of patient records and the burdens imposed by this Request, and reserves the right to supplement this response during the continued course of discovery.

26.      Produce all documents related to Medicare, Medicaid, or any third party acting on their behalf seeking reimbursement of payments made to Dr. Rao for the use of neurostimulation devices.

**RESPONSE:**

Subject to the foregoing objections, Dr. Rao will make a good faith effort to produce responsive, non-privileged documents responsive to this Request to the extent they exist and are

in his custody or control.

Dr. Rao reserves the right to supplement this response during the continued course of discovery.

27.     Produce all documents related to Medicare, Medicaid, or any third party acting on their behalf seeking reimbursement of payments made to SimCare LLC for the use of neurostimulation devices.

**RESPONSE**:

Subject to the foregoing objections, Dr. Rao will make a good faith effort to produce responsive, non-privileged documents responsive to this Request to the extent they exist and are in his custody or control.

Dr. Rao reserves the right to supplement this response during the continued course of discovery.

28.     Produce all documents related to Medicare, Medicaid, or any third party acting on their behalf seeking reimbursement of payments made to Pain and Spine Specialists of Maryland, LLC for the use of neurostimulation devices.

**RESPONSE**:

Subject to the foregoing objections, Dr. Rao will make a good faith effort to produce responsive, non-privileged documents responsive to this Request to the extent they exist and are in his custody or control.

Dr. Rao reserves the right to supplement this response during the continued course of discovery.

29.     Produce all documents related to Medicare, Medicaid, or any third party acting on their behalf seeking reimbursement of payments made to Radiance Surgery Center for the use of

neurostimulation devices.

**RESPONSE:**

Subject to the foregoing objections, Dr. Rao will make a good faith effort to produce responsive, non-privileged documents responsive to this Request to the extent they exist and are in his custody or control.

Dr. Rao reserves the right to supplement this response during the continued course of discovery.

30.     Produce all documents related to Medicare, Medicaid, or any third party acting on their behalf seeking reimbursement of payments made to Elkridge Surgery Center for the use of neurostimulation devices.

**RESPONSE:**

Subject to the foregoing objections, Dr. Rao will make a good faith effort to produce responsive, non-privileged documents responsive to this Request to the extent they exist and are in his custody or control.

Dr. Rao reserves the right to supplement this response during the continued course of discovery.

31.     Produce all documents related to Medicare, Medicaid, or any third party acting on their behalf seeking reimbursement of payments made to Gemini ASC-Elkridge for the use of neurostimulation devices.

**RESPONSE:**

Subject to the foregoing objections, Dr. Rao will make a good faith effort to produce responsive, non-privileged documents responsive to this Request to the extent they exist and are in his custody or control.

Dr. Rao reserves the right to supplement this response during the continued course of discovery.

32.     Produce all documents related to the prepayment audits described in Paragraph 63 of the Second Amended Complaint.

**RESPONSE:**

Subject to the foregoing objections, Dr. Rao will make a good faith effort to produce responsive, non-privileged documents responsive to this Request to the extent they exist and are in his custody or control.

Dr. Rao reserves the right to supplement this response during the continued course of discovery.

33.     Produce all documents related to the post payment audits described in Paragraph 64 of the Second Amended Complaint.

**RESPONSE:**

Subject to the foregoing objections, Dr. Rao will make a good faith effort to produce responsive, non-privileged documents responsive to this Request to the extent they exist and are in his custody or control.

Dr. Rao reserves the right to supplement this response during the continued course of discovery.

34.     Produce all documents related to the series of refund demands described in Paragraph 65 of the Second Amended Complaint.

**RESPONSE:**

Subject to the foregoing objections, Dr. Rao will make a good faith effort to produce responsive, non-privileged documents responsive to this Request to the extent they exist and are

in his custody or control.

Dr. Rao reserves the right to supplement this response during the continued course of discovery.

35.    Produce all documents related to the series of refund demands described in Paragraph 66 of the Second Amended Complaint.

**RESPONSE:**

Subject to the foregoing objections, Dr. Rao will make a good faith effort to produce responsive, non-privileged documents responsive to this Request to the extent they exist and are in his custody or control.

Dr. Rao reserves the right to supplement this response during the continued course of discovery.

36.    Produce all documents related to the offset of other claims payable to Dr. Rao's practice and surgery center described in Paragraph 67 of the Second Amended Complaint.

**RESPONSE:**

Subject to the foregoing objections, Dr. Rao will make a good faith effort to produce responsive, non-privileged documents responsive to this Request to the extent they exist and are in his custody or control.

Dr. Rao reserves the right to supplement this response during the continued course of discovery.

37.    Produce the federal, state, and local tax returns for Dr. Rao for the period January 1, 2015 through the present.

**RESPONSE:**

In addition to his general objections noted above, Dr. Rao objects to this Request because

it seeks confidential information irrelevant to the claims at issue.

Dr. Rao reserves the right to supplement this response during the continued course of discovery.

38.    Produce the federal, state, and local tax returns for SimCare LLC for the period January 1, 2015 through the present.

**RESPONSE:**

In addition to his general objections noted above, Dr. Rao objects to this Request because it seeks confidential information irrelevant to the claims at issue.

Dr. Rao reserves the right to supplement this response during the continued course of discovery.

39.    Produce the federal, state, and local tax returns for Pain and Spine Specialists of Maryland, LLC for the period January 1, 2015 through the present.

**RESPONSE:**

In addition to his general objections noted above, Dr. Rao objects to this Request because it seeks confidential information irrelevant to the claims at issue.

Dr. Rao reserves the right to supplement this response during the continued course of discovery.

40.    Produce the federal, state, and local tax returns for Radiance Surgery Center for the period January 1, 2015 through the present.

**RESPONSE:**

In addition to his general objections noted above, Dr. Rao objects to this Request because it seeks confidential information irrelevant to the claims at issue.

Dr. Rao reserves the right to supplement this response during the continued course of

discovery.

41.     Produce the federal, state, and local tax returns for Elkridge Surgery Center for the period January 1, 2015 through the present.

**RESPONSE:**

In addition to his general objections noted above, Dr. Rao objects to this Request because it seeks confidential information irrelevant to the claims at issue.

Dr. Rao reserves the right to supplement this response during the continued course of discovery.

42.     Produce the federal, state, and local tax returns for Gemini ASC-Elkridge for the period January 1, 2015 through the present.

**RESPONSE:**

In addition to his general objections noted above, Dr. Rao objects to this Request because it seeks confidential information irrelevant to the claims at issue.

Dr. Rao reserves the right to supplement this response during the continued course of discovery.

43.     Produce the income statements, balance sheets, and other financial statements for Dr. Rao for the period January 1, 2015 through the present.

**RESPONSE:**

In addition to his general objections noted above, Dr. Rao objects to this Request because it seeks confidential information irrelevant to the claims at issue.

Dr. Rao reserves the right to supplement this response during the continued course of discovery.

44.     Produce the income statements, balance sheets, and other financial statements for

SimCare LLC for the period January 1, 2015 through the present.

**RESPONSE:**

      In addition to his general objections noted above, Dr. Rao objects to this Request because it seeks confidential information irrelevant to the claims at issue.

      Dr. Rao reserves the right to supplement this response during the continued course of discovery.

      45.     Produce the income statements, balance sheets, and other financial statements for Pain and Spine Specialists of Maryland, LLC for the period January 1, 2015 through the present.

**RESPONSE:**

      In addition to his general objections noted above, Dr. Rao objects to this Request because it seeks confidential information irrelevant to the claims at issue.

      Dr. Rao reserves the right to supplement this response during the continued course of discovery.

      46.     Produce the income statements, balance sheets, and other financial statements for Radiance Surgery Center for the period January 1, 2015 through the present.

**RESPONSE:**

      In addition to his general objections noted above, Dr. Rao objects to this Request because it seeks confidential information irrelevant to the claims at issue.

      Dr. Rao reserves the right to supplement this response during the continued course of discovery.

      47.     Produce the income statements, balance sheets, and other financial statements for Elkridge Surgery Center for the period January 1, 2015 through the present.

**RESPONSE:**

In addition to his general objections noted above, Dr. Rao objects to this Request because it seeks confidential information irrelevant to the claims at issue.

Dr. Rao reserves the right to supplement this response during the continued course of discovery.

48.     Produce the income statements, balance sheets, and other financial statements for Gemini ASC-Elkridge for the period January 1, 2015 through the present.

**RESPONSE:**

In addition to his general objections noted above, Dr. Rao objects to this Request because it seeks confidential information irrelevant to the claims at issue.

Dr. Rao reserves the right to supplement this response during the continued course of discovery.

49.     Produce all "Instructions for Use" that were included in the packaging for the neurostimulation devices at issue in this case.

**RESPONSE:**

In addition to his general objections noted above, Dr. Rao objects to this Request because: (i) it is overly broad, unduly burdensome, and oppressive in that it imposes burdens and/or expenses on Dr. Rao that are not proportional to the needs of the case; (ii) it seeks information irrelevant to the claims at issue the "use" of IHS's neurostimulation device by Dr. Rao and his patients is not a disputed issue, nor is it germane to Dr. Rao's claims; and (iii) it seeks documents already in the custody and/or control of IHS.

Subject to the foregoing objections, Dr. Rao is willing to meet and confer with IHS regarding the relevance of use instructions and the burdens imposed by this Request, and reserves

the right to supplement this response during the continued course of discovery.

50. Produce all documents that you believe support the allegation that IHS was a participant in a conspiracy related to promoting the billing and coding of the neurostimulation devices at issue in this case.

**RESPONSE:**

Subject to the foregoing objections, Dr. Rao will make a good faith effort to produce responsive, non-privileged documents responsive to this Request to the extent they exist and are in his custody or control.

Dr. Rao reserves the right to supplement this response during the continued course of discovery.

51. Produce all documents related to the appeal(s) pending with the Office of Administrative Law, as described in Paragraph 67 of the Second Amended Complaint.

**RESPONSE:**

Subject to the foregoing objections, Dr. Rao will make a good faith effort to produce responsive, non-privileged documents responsive to this Request to the extent they exist and are in his custody or control.

Dr. Rao reserves the right to supplement this response during the continued course of discovery.

52. For the period January 1, 2015 through the present, produce all contracts through which Dr. Rao has engaged any person or entity to provided (*sic*) Medicare and/or Medicaid billing services.

**RESPONSE:**

Subject to the foregoing objections, Dr. Rao will make a good faith effort to produce

responsive, non-privileged documents responsive to this Request to the extent they exist and are in his custody or control.

Dr. Rao reserves the right to supplement this response during the continued course of discovery.

53.     For the period January 1, 2015 through the present, produce all contracts through which SimCare LLC, Pain and Spine Specialists of Maryland, LLC, Radiance Surgery Center, Elkridge Surgery Center, and/or Gemini ASC-Elkridge has engaged any person or entity to provide Medicare and/or Medicaid billing services.

**RESPONSE:**

Subject to the foregoing objections, Dr. Rao will make a good faith effort to produce responsive, non-privileged documents responsive to this Request to the extent they exist and are in his custody or control.

Dr. Rao reserves the right to supplement this response during the continued course of discovery.

Dated:  November 6, 2020                    Respectfully submitted,

                                            s/ *Ugo Colella*
                                            _____

John W. Leardi (admitted *pro hac vice*)    Ugo Colella (Bar. No. 17443)
Paul D. Werner (admitted *pro hac vice*)    COLELLA ZEFUTIE, LLC
Elizabeth A. Rice (Bar. No. 20426)          1300 I Street, N.W., Suite 400E
Nicole P. Allocca (admitted *pro hac vice*) Washington, D.C. 20005
Frank X. Wukovits (admitted *pro hac vice*) (202) 920-0880
BUTTACI LEARDI & WERNER LLC
212 Carnegie Center, Suite 202              John J. Zefutie, Jr. (admitted *pro hac vice*)
Princeton, New Jersey 08540                 COLELLA ZEFUTIE, LLC
(609) 799-5150                              116 Village Boulevard, Suite 200
                                            Princeton, NJ 08540
                                            (202) 920-0880

## <u>CERTIFICATE OF SERVICE</u>

I certify that I caused the foregoing document to be served via electronic mail on all counsel for the parties on November 6, 2020. I certify under penalty of perjury that the foregoing is true and correct.

*s/ Ugo Colella*
Ugo Colella