**IN THE UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND**

| | |
|---|---|
| RITU BHAMBHANI, M.D. and SUDHIR RAO, M.D. *on behalf of themselves and on behalf of all others similarly situated*, | Civil Action No. 1:19-cv-00355-LKG |
| *Plaintiffs*, | |
| - v. - | |
| INNOVATIVE HEALTH SOLUTIONS, INC., et al., | |
| *Defendants*. | |

**PLAINTIFFS' UNOPPOSED MOTION FOR A LIMITED EXTENSION OF SCHEDULING ORDER DEADLINES AND INTERIM STATUS REPORT**

Plaintiffs Dr. Ritu Bhambhani, M.D. ("Dr. Bhambhani") and Dr. Sudhir Rao, M.D. ("Dr. Rao") (collectively, the "Plaintiffs"), on behalf of themselves and the putative class, by and through their undersigned counsel, respectfully request that the Court grant a limited extension of current scheduling order deadlines (ECF Nos. 43 111, 121, 123, 130), as set forth in the attached proposed order, pursuant to Fed. R. Civ. P. 16(b)(4). In support of this motion, Plaintiffs state as follows:

1. Pursuant to Fed. R. Civ. P. 16(b) and Local Rule 103.9(b), the Court set an Initial Scheduling Order on July 21, 2020 (ECF No. 41). After the parties' submission of a joint letter regarding this Order, the Court entered the operative Revised Joint Scheduling Order on August 10, 2020 (ECF No. 43).

2. Under the revised schedule, class discovery in this matter was set to close on July 17, 2021, with an interim status report to the Court also due at that time. *Id.* The deadline for Plaintiffs' motion for class certification was then originally set for August 16, 2021. *Id.*

3. On June 23, 2021, Plaintiffs filed an unopposed Motion for Extension of Time of Scheduling Order Deadlines (ECF No. 109).

4. On June 25, 2021, the Court granted Plaintiff's Motion, thereby extending (1) the class discovery deadline and the date for submission of an interim status report from July 17, 2021, to October 22, 2021; and (2) Plaintiffs' motion for class certification from August 16, 2021, to November 19, 2021.

5. On October 20, 2021, Plaintiffs filed a second unopposed Motion for a Limited Extension of Scheduling Order Deadlines and Interim Status Report (ECF No. 120).

6. On October 25, 2021, the Court granted Plaintiff's Motion, thereby extending (1) the class discovery deadline and the date for submission of an interim status report from October 22, 2021 to December 21, 2021; and (2) Plaintiffs' Motion for Class Certification from November 19, 2021, to January 18, 2022 (ECF No. 121).

7. On December 17, 2021, Plaintiffs filed a third unopposed Motion for a Limited Extension of Scheduling Order Deadlines and Interim Status Report (ECF No. 122).

8. On December 20, 2021, the Court granted Plaintiff's Motion, thereby extending (1) the class discovery deadline and the date for submission of an interim status report from December 21, 2021 to February 19, 2022; and (2) Plaintiffs' Motion for Class Certification from January 18, 2022 to March 19, 2022 (ECF No. 123).

9. On February 16, 2022, Plaintiffs filed a fourth unopposed Motion for a Limited Extension of Scheduling Order Deadlines and Interim Status Report (ECF No. 129).

10. On February 17, 2022, the Court granted Plaintiff's Motion, thereby extending (1) the class discovery deadline and the date for submission of an interim status report from February 19, 2022 to April 15, 2022; and (2) Plaintiffs' Motion for Class Certification from March 19, 2022 to May 20, 2022 (ECF No. 130).

11.     Under Fed. R. Civ. P. 16(b)(4) a scheduling order "may be modified only for good cause and with the judge's consent." The Joint Scheduling Order itself also reiterates this rule stating: "The schedule will not be changed except for good cause." *See Potomac Elec. Power Co. v. Electric Motor Supply, Inc.*, 190 F.R.D. 372, 375 (D. Md. 1999).

12.     "Properly construed, 'good cause' means that scheduling deadlines cannot be met despite a party's diligent efforts." *Dilmar Oil Company, Inc. v. Federated Mutual Insurance Company*, 986 F. Supp. 959, 980 (D.S.C. 1997), *aff'd by unpublished opinion*, 129 F.3d 116 (4th Cir. 1997) (quoting authority). "Carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief." *Potomac Elec. Power Co.*, 190 F.R.D. at 375 (*citing Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 610 (9th Cir. 1992)). "Indeed, a judge's scheduling order 'is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril.'" *Id.* (*quoting Gestetner Corp. v. Case Equipment Co.*, 108 F.R.D. 138, 141 (D. Me. 1985)).

13.     Since the inception of this case, the parties have diligently worked towards completed class discovery (including overlapping merits issues) by producing tens of thousands of pages of documents, answering interrogatories, responding to requests for admission conducting five fact depositions and two expert depositions; all the while working through various discovery disputes without having to seek the Court's intervention.

14.     Despite parties' good faith efforts to complete class discovery prior to the now four-times-adjourned deadline, additional time is needed.

15.     Since Plaintiffs' the filing of fourth unopposed Motion for a Limited Extension of Scheduling Order Deadlines and Interim Status Report on February 16, 2022 (ECF No. 129), Plaintiffs and Defendants Acclivity Medical LLC and Ryan Kuhlman (the "Acclivity Defendants") have made considerable progress in resolving the dispute that arose in November

2021 over the existence of a an external USB hard-drive in the possession of the Acclivity Defendants, which has been confirmed to have contained responsive documents.

16. The specifics of the discovery of this USB hard drive and the corresponding discussions by and among Plaintiffs and the Acclivity Defendants that followed are detailed in ¶¶ 15-30 of Plaintiffs' fourth unopposed Motion for a Limited Extension of Scheduling Order Deadlines and Interim Status Report (ECF No. 129-1).

17. On or about March 11, 2022, Plaintiffs and the Acclivity Defendants reached an agreement on the search parameters that would be employed to pull potentially responsive documents from the USB hard drive, and several related issues regarding confidentiality designations, a privilege log, and inadvertent privileged disclosures, if any.

18. On or about March 23, 2022, the Acclivity Defendants, through their eDiscovery vendor, produced documents found on the external USB hard-drive pursuant to the agreed-upon search protocols. This production was voluminous: consisting of 5.4 GB, 7,410 unique (de-duped) documents, and 22,307 unique (de-duped) pages.

19. Plaintiffs review of the Acclivity Defendants remains ongoing. The parties have tentatively agreed to schedule Mr. Kuhlman's deposition for early May. Unfortunately, various scheduling conflicts by and among both counsel and Mr. Kuhlman, no definitive date has been set yet. But those discussions remain ongoing, and the parties are supremely confident that they will be able to schedule Mr. Kuhlman's deposition in May. Notably, Mr. Kuhlman's deposition is the last item remaining to be completed to finish class-related discovery.

20. Based on the way the parties have diligently worked through these issues over the course of the last several months, we are hopeful that one last modest 45-day extension of class discovery and class certification motion filing deadlines will suffice.

21. In addition to the foregoing update on the status of class-related discovery, the

following updates address the items set forth in Section III of the Court's August 10, 2020 Scheduling Order (ECF No. 43) (the "Original Scheduling Order"):

    a. Other than this motion, Defendant Innovative Health Solutions, Inc. (now known as Neuraxis, Inc.) ("IHS") moved for Summary Judgment on February 11, 2022. The Acclivity Defendants moved for Summary Judgment on February 17, 2022. In response to both motions, Plaintiffs filed a single brief in opposition, and in support of a cross motion for leave to file an amended complaint. Those motions are all now fully-briefed and remain pending with the Court.

    b. With respect to any additional dispositive motions: Plaintiffs are unable to determine whether they intend to file a dispositive motion until such time as their forthcoming motion for class certification is adjudicated by the Court, as that ruling is highly likely to significantly impact the claims and defenses asserted by the parties

    c. With respect to whether the case is to be tried jury or non-jury and the anticipated length of trial, the Plaintiffs have demanded a jury trial. The matter is presently in the class discovery/class certification stage, and the parties will report as to the anticipated length of trial following the close of merits discovery, which shall commence upon the adjudication of Plaintiffs' class certification motion as contemplated by the Original Scheduling Order.

    d. With respect to prior settlement discussions, Plaintiffs and Defendant IHS participated in mediation before the Honorable Beth P. Gesner on January 21, 2021. The mediation was conducted virtually, and was attended by

        Plaintiffs Bhambhani and Rao, and their counsel John W. Leardi, Elizabeth Rice, John J. Zefutie, Jr., and by Brian Carrico, CEO of Defendant IHS, and its counsel, Jeffrey R. Teeters and Eric R. Harlan.

    e.    With respect to future settlement discussions, the parties agree that a subsequent mediation would be most efficient if it were to remain with the Honorable Beth P. Gessner, assuming her schedule permits. Defendant IHS believes that such a mediation should be after resolution of its motion for summary judgment, while Plaintiffs believe that it could be worthwhile to schedule an additional mediation session after the Court's decision on class certification, regardless of the outcome.

    f.    The parties do not consent to have a U.S. Magistrate Judge conduct all further proceedings in this case, either before or after the resolution of any dispositive pretrial motion, including trial (jury or non-jury) and entry of final judgment.

22.    Considering the foregoing, there is good cause for a 45-day extension of time to complete class discovery. *See* Fed. R. Civ. P. 16(b)(4). To those ends, Plaintiffs' respectfully request a limited, sixty-day extension of the scheduling order deadlines, as follows:

| Event | Current Deadline | New Deadline |
|---|---|---|
| Discovery Deadline; Submission of Status Report | April 15, 2022 | May 30, 2022 |
| Plaintiffs' Motion for Class Certification | May 20, 2022 | July 14, 2022 |

23.    The parties have conferred regarding this motion, and: (i) Defendant IHS takes no position on this motion; Defendants Ms. Long/Dragonslayer do not oppose this motion; and (ii)

the Acclivity Defendants consent to the relief requested herein but do want us to note for the Court that the characterization of factual matters stated in this motion is Plaintiffs.

24. This is the Plaintiffs' fifth request for an extension.

25. There is no prejudice to any party if the requested extensions are granted since Defendants have all either consented to or indicated they shall not oppose Plaintiffs' request for a limited extension of the class discovery deadline, submission of post-class discovery status report deadline, and Plaintiff's motion for class certification filing deadline.

26. A proposed Order is submitted with this motion.

27. For all the foregoing reasons, Plaintiffs respectfully requests that the Court grant Plaintiffs' Unopposed Motion for Limited Extension of Scheduling Order Deadlines.

Dated: April 13, 2022                     Respectfully submitted,

BUTTACI LEARDI & WERNER LLC

By: /s/ *John W. Leardi*
John W. Leardi (admitted *pro hac vice*)
Nicole P. Allocca (admitted *pro hac vice*)
212 Carnegie Center, Suite 202
Princeton, NJ 08540
609-799-5150

Ugo Colella (Bar. No. 17443)
John J. Zefutie (admitted *pro hac vice*)
COLELLA ZEFUTIE LLC
4200 Wisconsin Avenue NW #106-305
Washington, DC 20016
202-920-0880

Robert A. Gaumont (Bar No. 26302)
GORDON FEINBLATT LLC
233 E. Redwood Street
Baltimore, MD 21202
(410) 576-4007

*Attorneys for Plaintiffs*
*Ritu Bhambhani, M.D.*
*and Sudhir Rao, M.D.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I caused a true and correct copy of the foregoing Plaintiffs' Unopposed Motion for a Limited Extension of Scheduling Order Deadlines was served by electronic means through the Court's ECF system and by email on April 13, 2022, on all counsel of record as follows:

>Joel I. Sher, Bar No. 00719
>Paul Mark Sandler, Bar No. 00145
>Eric R. Harlan, Bar No. 23492
>SHAPIRO SHER GUINOT & SANDLER
>250 West Pratt Street, Suite 2000
>Baltimore, MD 21201
>(410) 385-4277
>jis@shapirosher.com
>pms@shapirosher.com
>erh@shapirosher.com
>
>Jeffrey R. Teeters (admitted *pro hac vice*)
>WOOD + LAMPING
>600 Vine Street, Suite 2500
>Cincinnati, OH 45202
>(513) 852-6050
>JRTeeters@woodlamping.com
>
>*Attorneys for Defendant*
>*Innovative Health Solutions, Inc.*
>
>Marshall N. Perkins, Bar No. 25514
>Joseph Mallon, Bar No. 22878
>MALLON, LLC
>Attorneys at Law
>300 E. Lombard Street, Suite 815
>Baltimore, MD 21202
>(410) 727-7887
>mperkins@mallonllc.com
>jmallon@mallonllc.com
>
>*Attorneys for Defendants*
>*Ryan Kuhlman & Acclivity Medical LLC*

I HEREBY CERTIFY that a true and correct copy of the foregoing Plaintiffs' Unopposed Motion for a Limited Extension of Scheduling Order Deadlines was served by electronic means

by email on April 13, on *pro se* parties DragonSlayer Strategies, LLC, and Joy Long as follows:

>Joy Long
>2329 East 500 North
>Greenfield, IN 46140
>joylong0727@gmail.com
>
>*Pro Se Defendants*
>*DragonSlayer Strategies, LLC and Joy Long*

I HEREBY CERTIFY that a true and correct copy of the foregoing Plaintiffs' Unopposed Motion for a Limited Extension of Scheduling Order Deadlines was served by United States Priority Mail on April 13, 2022, on Innovative Health Care Solutions, LLC as follows:

>Innovative Health Care Solutions, LLC
>c/o Robin Campbell
>215 Depot Ave
>Delray Beach, FL 33444

/s/ *John W. Leardi*

9